

ATTORNEYS AT LAW

**Gavin J. Rooney**
Member of the Firm

Tel  973 597 2472
Fax  973 597 2473
grooney@lowenstein.com

February 27, 2008

***VIA ECF & FEDERAL EXPRESS***

The Honorable Dennis M. Cavanaugh
United States District Judge
U.S.P.O. & Courthouse Bldg., Room 451
One Federal Square
Newark, New Jersey 07101

Re:     **Manson v. Schering-Plough Corporation, et al.**
        **Civil Action No. 08-397 (DMC) (MF)**

Dear Judge Cavanaugh:

Along with Mayer Brown LLP, we are counsel for Defendants Schering-Plough Corporation, Fred Hassan, Robert J. Bertolini, Steven H. Koehler and Carrie S. Cox in this putative securities fraud class action. Defendants' answer is currently due on Friday, February 29.

After conferring with plaintiff's counsel, the parties have agreed, in the interests of justice and efficiency, to a Stipulation allowing for *(1)* the consolidation of any related federal securities actions that are filed within the time frame set by the Private Securities Litigation Reform Act, *(2)* the filing of a consolidated complaint after the Court's appointment of a lead plaintiff, and *(3)* a briefing schedule for a Rule 12 motion after the consolidated complaint has been filed.

Accordingly, enclosed for the Court's review is the parties' Stipulation and proposed Order. If the proposed Order meets with the Court's approval, we ask that Your Honor kindly sign it and have it filed with the Clerk. We thank the Court for its attention to this matter.

Respectfully submitted,

Gavin J. Rooney

S1969/171
02/28/08 5233866.1

Lowenstein Sandler PC                                              www.lowenstein.com

Reply:    65 Livingston Avenue  Roseland, New Jersey 07068  Tel 973 597 2500  Fax 973 597 2400
          1251 Avenue of the Americas  New York, New York 10020  Tel 212 262 6700  Fax 212 262 7402

Hon. Dennis M. Cavanaugh, U.S.D.J.                                    February 27, 2008
Page 2


cc:     Hon. Mark Falk, U.S.M.J. (w/encl.; via Federal Express)
        James E. Cecchi, Esq. (w/encl.; via E-mail)
        Lewis Kahn, Esq. (w/encl.; via E-mail)
        Kim E. Miller (w/encl.; via E-mail)
        Richard Ben-Veniste, Esq. (w/encl.; via E-mail)
        Richard Spehr, Esq. (w/encl.; via E-mail)
        John J. Clarke, Esq. (w/encl.; via E-mail)
        Douglas S. Eakeley, Esq.



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| F. RICHARD MANSON, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHERING-PLOUGH CORPORATION, FRED HASSAN, ROBERT J. BERTOLINI, STEVEN H. KOEHLER and CARRIE S. COX,<br><br>Defendants. | Civil Action No. 08-397 (DMC) (MF)<br><br><br>**STIPULATION AND ORDER CONSOLIDATING RELATED SECURITIES ACTIONS AND SETTING SCHEDULE FOR DEFENDANTS' ANSWERING TIME** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1.      To provide for an efficient administration of this case consistent with the Private Securities Litigation Reform Act ("PSLRA"), the undersigned counsel hereby enter into this Stipulation and Order. The undersigned counsel are: *(1)* Lowenstein Sandler PC and Mayer Brown LLP, on behalf of Defendants Schering-Plough Corporation, Fred Hassan, Robert J. Bertolini, Steven H. Koehler and Carrie S. Cox (hereinafter "Defendants"), and *(2)* Kahn Gauthier Swick, LLC ("Kahn Gauthier") and Carella, Byrne, Bain, Gilffillan, Cecchi, Stewart & Olstein ("Carella Byrne") on behalf of Plaintiff F. Richard Manson.

2.      In the interests of justice and efficiency, any related securities action(s) involving common questions of law and fact that are subsequently filed in, removed to or transferred to this jurisdiction shall be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and Rules 40.1(c) and 42.1 of the Local Civil Rules of the United States District Court for the District of New Jersey, unless a party objects to consolidation within 10 days after the date

upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. The parties agree that when such a case is hereafter filed in the Court or transferred here from another court, counsel will call to the attention of the clerk of the Court the filing or transfer of any case that might properly be consolidated herein and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

      3.     Subject to approval of the Court, every pleading filed in this action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE SCHERING-PLOUGH | ) | Lead Case No. 08-387 (DMC) (MF) |
| CORPORATION/ENHANCE | ) | |
| SECURITIES LITIGATION | ) | |
| _____ | ) | (Securities Class Action) |
| | ) | |
| This Document Relates To: | ) | |
| | ) | |
|     ALL ACTIONS. | ) | |
| | ) | |
| _____ | ) | |

      4.     When a pleading or other court paper filed in this Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words 'THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to one, or some, but not all of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable by last name of the named plaintiff(s) and the docket number(s).

      5.     The files of these consolidated actions will be maintained in one file under Lead Case No. 2:08-397 (DMC) (MF).

-2-

6.      The Court appointed Lead Plaintiff shall file a consolidated complaint ("Consolidated Complaint") no later than 60 days from the date of entry of an order of the Court appointing Lead Plaintiff, unless otherwise agreed between the parties and approved by this Court.  The Consolidated Complaint shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder.

7.      Defendants shall have 60 days after the filing and service of the Consolidated Complaint to move, answer, or otherwise respond to the Consolidated Complaint.

8.      In the event that defendants file and serve any motions directed at the Consolidated Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, plaintiffs shall file and serve their opposition within 60 days after the service of defendants' motion.  If defendants file and serve a reply to plaintiffs' opposition, they will do so within 30 days after plaintiffs' service of the opposition.

9.      The parties agree that it would be duplicative and wasteful of the Court's resources for defendants to have to respond to the current complaint before selection of lead plaintiff and filing the Consolidated Complaint.  Therefore, the defendants named in these actions need not respond in any way to the individual complaint that has already been filed or to any other related complaints that are subsequently consolidated herein.

10.      Subject to approval of the Court and pursuant to the provisions of the PSLRA, counsel chosen by Lead Plaintiffs shall be Lead Counsel.  Lead Counsel shall have authority to speak for plaintiffs in matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

11. Subject to approval of the Court and pursuant to the provisions of the PSLRA, plaintiffs' Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. The parties agree that no motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiff except through plaintiffs' Lead Counsel.

12. Subject to approval of the Court, defendants' counsel may rely upon all agreements made with any of plaintiffs' Lead Counsel, or other duly authorized representative of plaintiffs' Lead Counsel, and such agreements will be binding on all plaintiffs.

13. This Order shall apply to each case consolidated herein.

14. The parties agree that the consolidation of these actions is for the procedural and administrative convenience of the Court and the parties, and does not constitute a waiver or compromise of any rights the parties would otherwise have.

Dated: February 28, 2008

Respectfully submitted,

James E. Cecchi
Melissa E. Flax
**CARELLA, BYRNE, BAIN, GILFILLAN,
  CECCHI, STEWART & OLSTEIN**
5 Becker Farm Road
Roseland, New Jersey 07068
973.994.1700
973.994.1744 (Fax)

Lewis Kahn
**KAHN GAUTHIER SWICK, LLC**
650 Poydras Street – Suite 2150
New Orleans, Louisiana 70130
504.455.1400
504.455.1498 (Fax)

Kim E. Miller
**KAHN GAUTHIER SWICK, LLC**
12 East 41st Street – 12th Floor
New York, New York 10017
212.696.3730
540.455.1498 (Fax)

*Attorneys for Plaintiff F. Richard Manson*

Douglas S. Eakeley
Gavin J. Rooney
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2472
973.597.2400 (Fax)

**MAYER BROWN LLP**
1909 K Street NW
Washington, DC 20006-1101
202.263.3000

*Attorneys for Defendants*

## ORDER

The above stipulation having been considered, and good cause appearing therefore, **IT IS SO ORDERED.**

Dated:_____

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.