NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| : | **Hon. Dennis M. Cavanaugh** | |
| IN RE SCHERING-PLOUGH CORP. / | : | |
| ENHANCE SECURITIES LITIG. | : | **OPINION** |
| | : | |
| | : | Civil Action No. 08-CV-397 (DMC) |
| | : | |
| THIS DOCUMENT RELATES TO ALL | : | |
| CASES | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Plaintiffs and the Exchange Act Defendants to strike various exhibits and allegations under Fed. R. Civ. P. 12(f). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that both motions to strike are **denied**.

## I.    BACKGROUND

A Consolidated Class Action Complaint (the "Complaint") was filed in this Court on September 15, 2008. Both the Securities Act Defendants and the Exchange Act Defendants (collectively, "Defendants") moved to dismiss the Complaint on December 10, 2008. Simultaneous with their motion to dismiss, the Exchange Act Defendants filed a motion to strike various statements contained in the Complaint. Plaintiffs filed their own motion to strike on February 6, 2009 aimed at sixty-seven declaration exhibits attached to Defendants' motions to dismiss and the Exchange Act Defendants' motion to strike.

II.   D<span>ISCUSSION</span>

    A.   *Exchange Act Defendants' Motion to Strike*

Defendants move under Rule 12(f) to strike a series of statements in the Complaint as "immaterial, impertinent and scandalous."  Specifically, Defendants object to the Complaint's reference to: (1) anonymous postings on the CafePharma Web site; and (2) statements from six anonymous former Schering-Plough employees.  Because the Court finds that these statements are neither immaterial, impertinent, nor scandalous, however, Defendant's motion to strike is denied.

Rule 12(f) permits a party to have stricken from the pleadings "any redundant, immaterial, impertinent or scandalous matter."  Courts possess considerable discretion under Rule 12(f) to dispose of motions to strike.  See Kim v. Baik, 2007 WL 674715, *5 (D.N.J. Feb. 27, 2007).  Motions to strike are disfavored, however, and "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case."  Id.  Striking matters from the record is a "drastic remedy to be resorted to only when required for the purposes of justice."  Id.

Here, Defendants argue that the Complaint's references to anonymous postings on the CafePharma Web site and to statements by confidential witnesses should be stricken from the record as impertinent and scandalous.  The Court disagrees.  The CafePharma postings and confidential witness statements are relevant to the ultimate issue of *scienter* in that they purport to show the timing within which Defendants became aware of the ENHANCE study's results.  Arguments over the statements' admissibility are unpersuasive because such considerations are

improper at this stage of the litigation.  See Biovail Corp. Int'l v. Hoechst Aktiengesellschaft, 49

F. Supp. 2d 750, 771–72 (D.N.J. 1999).   Nor is the Court persuaded by Defendants' arguments

under Tellabs, Chubb, and Avaya that Plaintiffs' anonymous source allegations should be

stricken from the record.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007);

Cal. Pub. Emp. Ret. Sys. v. Chubb Corp., 394 F.3d 126 (3d Cir. 2004); Inst. Inv. Group v. Avaya,

Inc., 2009 WL 1151943 (3d Cir. Apr. 30, 2009) .  These cases deal primarily with the proper

weight to be accorded to evidence of *scienter* at the motion to dismiss stage, and say nothing

about taking the "drastic step" of striking materials from the record.  Finally, the Court rejects

Defendants' argument that the contested statements are "scandalous" because all of the

statements appear relevant to *scienter* and the Court sees no evidence suggesting that they

"improperly cast[] a derogatory light" on Defendants.  See 5C Charles Alan Wright & Arthur R.

Miller, Fed. Prac. & Proc. § 1382 (3d ed. 2008).  Accordingly, because the Court finds that the

contested citations to the CafePharma Web site and confidential witnesses are relevant to the

issue of *scienter*, and because it appears that Defendants will not be unfairly prejudiced by their

remaining in the record, the Exchange Act Defendants' motion to strike is denied.

      B.     *Plaintiffs' Motion to Strike*

      Plaintiffs' motion to strike is also denied.  Plaintiffs move to strike sixty-seven

declaration exhibits attached to the Defendants' motions to dismiss and the Exchange Act

Defendants' motion to strike on the basis that they are not referred to or relied on in the

Complaint.  Rule 12(f) permits a party to move to strike "from a pleading an insufficient defense

or any redundant, immaterial, impertinent, or scandalous matter."  Significantly, however, Rule

3

12(f) speaks only in terms of striking matters from "a pleading," and makes no provision for materials attached to, for example, motions to dismiss or to strike.  Accordingly, because Plaintiffs attempt to strike declaration exhibits attached to Defendants' motions, rather than to parts of a pleading, Plaintiffs' motion to strike is procedurally incorrect and should be denied. See, e.g., Faulman v. Sec. Mut. Fin. Life Ins. Co., 2006 WL 2482926, *3 (D.N.J. Aug. 28, 2006). Furthermore, while Plaintiffs correctly note that courts occasionally consider motions to strike non-pleading materials, see ABN Amro, Inc. v. Capital Int'l Ltd., 2007 WL 845046, *14 (N.D. Ill. Mar. 16, 2007), the Court nonetheless sees no reason to make such an exception here. Accordingly, because Plaintiffs' motion to strike is procedurally incorrect, and because the Court finds that the disputed exhibits do not otherwise warrant the "drastic remedy" of being stricken from the record, Plaintiffs' motion to strike is denied.

## III.   CONCLUSION

For the reasons stated, it is the finding of this Court that the parties' motions to strike are **denied**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       May   18 , 2009
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

4