Douglas S. Eakeley
**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500

**MAYER BROWN LLP**
1909 K Street, N.W.
Washington, D.C.  20006
202.263.3000

*Attorneys for the Schering Defendants*

Jeffrey J. Greenbaum
A. Ross Pearlson
**SILLS CUMMIS & GROSS PC**
One Riverfront Plaza
Newark, New Jersey  07102
973.643.7000

**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York  10022
212.848.4000

*Attorneys for the Underwriter Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION/ENHANCE SECURITIES LITIGATION | **DOCUMENT ELECTRONICALLY FILED**<br><br>Lead Case No. 08-397 (DMC) (MF) (Securities Class Action) |
| THIS DOCUMENT RELATES TO: ALL CASES | <u>**Oral Argument Requested**</u> |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S OPINION AND ORDER
ENTERED ON SEPTEMBER 2, 2009, OR, IN THE ALTERNATIVE, FOR
CERTIFICATION OF SUCH OPINION AND ORDER FOR
<u>INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION ...............................................................................................1

I.    THE COURT SHOULD RECONSIDER THE SEPTEMBER 2
ORDER BECAUSE IT OVERLOOKS APPLICABLE
REQUIREMENTS FOR PLEADING AN ACTIONABLE
MISSTATEMENT OR OMISSION ............................................................ 2

II.    IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY ITS
ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §
1292(b) ..................................................................................................... 8

CONCLUSION ................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re 2007 Novastar Fin. Inc. Securities Litig.*,
No. 08-2452, 2009 WL 2747281 (8th Cir. Sep. 1, 2009) .................................. 10

*In re Adams Golf, Inc. Securities Litig.*,
381 F.3d 267 (3d Cir. 2004) ............................................................................. 8

*In re Advanta Corp. Securities Litig.*,
180 F.3d 525 (3d Cir. 1999) ............................................................................. 7

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (May 18, 2009).............................................................*passim*

*Avon Pension Fund v. GlaxoSmithKline PLC*,
No. 08-4363-cv, 2009 U.S. App. LEXIS 18969 (2d Cir. Aug. 24, 2009) ......... 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................*passim*

*Brody v. Transitional Hosps. Corp.*,
280 F.3d 997 (9th Cir. 2002) ........................................................................... 4

*In re Chocolate Confectionary Antitrust Litigation*,
607 F. Supp. 2d 701 (M.D. Pa. April 8, 2009) ................................................ 12

*Dist. Council 33 v. City of Phila.*,
No. 85-CV-7418, 1986 WL 12448 (E.D. Pa. Nov. 4, 1986)............................. 13

*Fowler v. UPMC Shadyside*,
No. 07-4285, 2009 WL 2501662 (3d Cir. Aug. 18, 2009)............................ 5, 11

*Hilburn v. Bayonne Parking Auth.*,
No. 07-CV-5211 (DMC), 2009 U.S. Dist. LEXIS 22976 (D.N.J. Mar. 19,
2009) ............................................................................................................... 2

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974) ..................................... 9

## TABLE OF AUTHORITIES—continued

**Page(s)**

*Key Equity Investors, Inc. v. Sel-Leb Mktg. Inc.*,
   No. 04CV1675DMC, 2005 WL 3263865 (D.N.J. Nov. 30, 2005) ................... 8

*Metzler Inv. GMBH v. Cirinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ........................................................ 11

*N.J. Transit Policemen's Benevolent Ass'n Local 304 v. N.J. Transit Corp.*,
   806 F.2d 451 (3d Cir. 1986) .......................................................... 10

*Northstar Fin. Advisors Inc. v. Schwab Investments*,
   No. C 08-4119 SI, 2009 WL 1126854 (N.D. Cal. Apr. 27, 2009) ................... 13

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) .......................................................... 11

*Schnelling v. KPMG LLP*,
   No. 05-cv-3756 (DMC), 2006 U.S. Dist. LEXIS 34915 (D.N.J. May 31,
   2006) .......................................................................................... 9

*Senn v. Hickey*,
   No. 03-CV-4372 (DMC), 2006 U.S. Dist. LEXIS 46332 (D.N.J. July 10,
   2006) .......................................................................................... 2

*Smith v. Berg*,
   No. 99-CV-2133, 2000 WL 987867 (E.D. Pa. July 18, 2000) ......................... 11

*Speeney v. Rutgers*,
   NO. 02-CV-959, 2007 U.S. Dist. LEXIS 9554 (D.N.J. Feb. 9, 2007) ............... 9

*Welch v. TD Ameritrade Holding Corp.*,
   No. 07 Civ. 6904 (RJS), 2009 WL 2356131 (S.D.N.Y. July 27, 2009) ........ 7, 10

*Winer Family Trust v. Queen*, 503 F.3d 319 (3d Cir. 2007) ................................ 4, 8

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
   494 F. Supp. 1190 (E.D. Pa. 1980) .................................................. 12

iii

**TABLE OF AUTHORITIES—continued**

**Page(s)**

**STATUTES**

28 U.S.C. § 1292(b).........................................................................*passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) .......................................................................... 3, 5, 10

## INTRODUCTION

Pursuant to Local Rule 7.1(i) and 28 U.S.C. § 1292(b), Defendants respectfully request that the Court reconsider its Opinion [Dkt. 120] and Order [Dkt. 121] entered on September 2, 2009 (together, the "Order") denying the Defendants' Motions to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Complaint"), or, in the alternative, to certify the Order for immediate appeal.

Reconsideration is warranted because the Court has overlooked controlling authority—including Supreme Court authority issued after briefing on Defendants' motion was completed—which makes clear that the Complaint fails sufficiently to allege any actionable misstatements or omissions.  It is not enough for plaintiffs to list various statements and assert conclusorily that they are false.  As the Supreme Court recently clarified in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (May 18, 2009), plaintiffs must plead facts that render their claim of falsity plausible. Because they have failed to do so, and because their alleged misstatements are otherwise not actionable under controlling Third Circuit authority, Plaintiffs' Complaint must be dismissed.

If the Court elects not to reconsider and reverse its decision, then Defendants respectfully request that the Court certify the Order for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit.  It involves a controlling—and important—question of law with substantial ground for

1

difference of opinion; and the resolution of this question in Defendants' favor would materially advance the ultimate termination of the litigation.

**I.     The Court Should Reconsider The September 2 Order Because It Overlooks Applicable Requirements For Pleading An Actionable Misstatement Or Omission.**

Under Local Civil Rule 7.1(i), a party may, within ten business days of the entry of an order, ask a Judge to "take a second look" at a decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Senn v. Hickey*, No. 03-CV-4372 (DMC), 2006 U.S. Dist. LEXIS 46332, at *3 (D.N.J. July 10, 2006) (Cavanaugh, J.). Reconsideration is appropriate where an issue has been raised in original moving papers and is not addressed in the Court's opinion, *id.* at *5, and relief is properly granted where "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Hilburn v. Bayonne Parking Auth.*, No. 07-CV-5211 (DMC), 2009 U.S. Dist. LEXIS 22976, at *2 (D.N.J. Mar. 19, 2009) (Cavanaugh, J.).

Defendants respectfully request that the Court reconsider its Order on the ground that the Court overlooked controlling law relating to the requirement, under both the Exchange Act and the Securities Act, that Plaintiffs allege actionable false or misleading statements made by Defendants.

In its Order, the Court stated as follows regarding the Exchange Act Claims:

> The Court finds … that Plaintiffs repeatedly alleged misstatements and omissions relating to, *inter alia*, the efficacy of Vytorin, the ENHANCE study, and Schering's financial outlook, and that Plaintiffs described those statements and omissions *with sufficient particularity* to demonstrate the "who, what, where, when, and how" for each.

*Pacer No. 120*, at 8 (emphasis added).  With respect to the Securities Act claims, the Order states as follows:

> Plaintiffs have adequately identified material misstatements and omissions to state proper claims under Sections 11 and 12(a)(2).  Plaintiffs allege, for example, that Defendants' failure to disclose the negative results of the ENHANCE study in the August 2007 offering documents rendered *specific statements* contained therein misleading.

*Id*. at 12 (emphasis added).

These findings merely address the specificity of Plaintiffs' identification of the statements at issue.  They do *not* address Defendants' arguments that the Complaint fails sufficiently to allege that any of the statements listed in the Complaint were materially false or misleading (*e.g.*, Exch. Act Br. at 22-29; Sec. Act Br. at 10-19).

Under both the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. 8(a), Plaintiffs must do more than list statements and insist that they were false.  To satisfy their pleading obligation, they must specifically allege *why*

the statements were false by comparing them with the facts alleged to be true. *See* Exch. Act Br. at 13 n.2, 21-22 (citing PSLRA); Sec. Act Br. at 9-19 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Moreover, plaintiffs cannot state a claim by alleging that "the sky was blue, but the defendants said that the grass was green." Instead, they must identify specific statements that are *inconsistent* with the true state of affairs as pleaded in the Complaint. *See*, *e.g.*, *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (cited in Exch. Act. Br. at 20) (to be misleading, a statement must "affirmatively create an impression of a state of affairs that differs in a material way from the one that actually exists"); *see also Winer Family Trust v. Queen*, 503 F.3d 319, 330 (3d Cir. 2007) (citing *Brody* with approval).

In their motion papers, Defendants explained that the statements listed in the Complaint were *consistent* with the ENHANCE results. Exch. Act Br. at 22-29; Sec. Act. Br. at 10-19. Therefore, Defendants argued, the statements were not sufficiently alleged to be false—even if one credits Plaintiffs' allegation that Defendants knew those results when the statements were made. *See* Exch. Act Br. at 22-29; Sec. Act. Br. at 10-19.[1] In its Order, however, the Court seemingly overlooks this argument: It accepts Plaintiffs' conclusory assertions that these

---

[1] To cite just one example, the Complaint seeks recovery for Schering's alleged "misstatement" that sales of its cholesterol products had "continued to grow in 2007," Compl. ¶ 503 (cited in Sec. Act Br. at 11), but fails to allege any facts suggesting that this statement is untrue.

statements *were* false or misleading, while failing to address Defendants' argument

that the statements make no claims about the ENHANCE results and are not

rendered false or misleading by those results, even assuming the truth of Plaintiffs'

allegations.

      *Iqbal*, a decision issued after the completion of briefing on Defendants'

motions, plainly requires a focused examination of whether the Complaint

adequately alleged that Defendants' statements were false.  In *Iqbal*, the Supreme

Court clarified the pleading standard of Rule 8(a)—a threshold pleading standard

that applies to all of Plaintiffs' claims.  Expanding on its earlier decision in

*Twombly*, the Court established a "two-pronged approach" to evaluating whether a

pleading "states a plausible claim for relief":

> [A] court considering a motion to dismiss can choose to
> begin by identifying pleadings that, because they are no
> more than conclusions, are not entitled to the  assumption
> of truth. While legal conclusions can provide the
> framework of a complaint, they must be supported by
> factual allegations. When there are well-pleaded factual
> allegations, a court should assume their veracity and then
> *determine whether they plausibly give rise to an
> entitlement to relief.*

*Iqbal*, 129 S. Ct. at 1950 (emphasis added); *see also Fowler v. UPMC Shadyside*,

No. 07-4285, 2009 WL 2501662, at *5 (3d Cir. Aug. 18, 2009) (describing *Iqbal*

and stating that "after *Iqbal,* when presented with a motion to dismiss for failure to

state a claim, district courts should conduct a two-part analysis," disregarding any

legal conclusions).

*Iqbal* thus makes clear that is not enough for Plaintiffs to identify certain statements made by Defendants and then allege in conclusory fashion that the statements were false or misleading. *See Iqbal*, 129 S. Ct. at 1951 (rejecting bare assertion of knowledge, willfulness, and maliciousness); *Twombly*, 550 U.S. at 555 (finding bare assertion of unlawful agreement to be a "legal conclusion"). Rather, Plaintiffs must make supporting factual allegations that give rise to a plausible inference that the identified statements were in fact false or misleading—*i.e.*, allegations that "plausibly suggest an entitlement to relief." *Iqbal*, 129 S. Ct. at 1951. The determination of whether this plausibility standard is satisfied is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. While the Court acknowledged the applicability of *Iqbal* in its Order, Defendants respectfully submit that it overlooked the "context-specific" plausibility analysis called for by *Iqbal*.

In fact, the factual allegations made by Plaintiffs regarding the ENHANCE study do not plausibly support the inference that the various statements identified in the Complaint were false or misleading. As described in Defendants' briefs, the statements identified by Plaintiffs generally fall into one of several categories: (1) accurate statements about historic sales of Vytorin and Zetia (Exch. Act Br. at 23-25; Sec. Act Br. at 11-13); (2) accurate statements about the cholesterol-lowering

6

properties of Vytorin (Exch. Act Br. at 25-27; Sec. Act Br. at 18-19); (3) accurate statements regarding the ENHANCE trial (Exch. Act Br. 27-29); (4) forward-looking statements that were borne out by actual results and that were in any event protected by the safe-harbor provision of the PSLRA and the bespeaks caution doctrine (Sec. Act Br. at 13-16); and (5) accurate risk factor disclosures (Sec. Act Br. at 16-18). *See also* Exch. Reply at 4-10; Sec. Reply at 6-12. Simply put, the facts recited by Plaintiffs with respect to ENHANCE do not render these true statements false or misleading, and Plaintiffs' bare assertions to the contrary are insufficient to satisfy the pleading standard. *Cf. Welch v. TD Ameritrade Holding Corp.*, No. 07 Civ. 6904 (RJS), 2009 WL 2356131, at *7 (S.D.N.Y. July 27, 2009) (engaging in a statement by statement assessment of the plausibility under *Iqbal* of each allegation of a materially misleading statement, and rejecting those found to be implausible).

Moreover, the Court's Order overlooks other controlling authority that establishes that the Complaint does not allege an actionable misstatement. For example, the Order does not address the Third Circuit's holding in *In re Advanta Corp. Securities Litig.*, 180 F.3d 525, 538 (3d Cir. 1999) (cited in Exch. Act Br. at 23 and Sec. Act. Br. at 12, 14), that accurate recitations of past earnings and general statements of optimism are insufficient to create liability. Nor does the Order address either the safe harbor for forward-looking statements established by

7

the PSLRA and recognized in *Key Equity Investors, Inc. v. Sel-Leb Mktg. Inc.*, No. 04CV1675DMC, 2005 WL 3263865, at *7 (D.N.J. Nov. 30, 2005), *aff'd*, 246 Fed. Appx. 780 (3d Cir. 2007) (cited in Exch. Act Br. at 24-25), or the bespeaks caution doctrine applied in *In re Adams Golf, Inc. Securities Litig.*, 381 F.3d 267, 279 (3d Cir. 2004) (cited in Sec. Act Br. at 15, 17).  Finally, the Order appears to overlook *Winer Family Trust* (cited in Exch. Act Br. at 20, 28), which describes the standard for actionable omissions and establishes that an allegation of an incomplete statement is insufficient to give rise to liability.

Defendants respectfully request, therefore, that the Court reconsider this aspect of its order.  Upon reconsideration, the Court should examine each category of statements alleged by Plaintiffs to have been false or misleading and determine whether Plaintiffs' allegations regarding the ENHANCE study plausibly support such a conclusion, and whether liability for such statements is otherwise foreclosed by the controlling authority cited by Defendants.  Defendants respectfully submit that, after such an inquiry, the Court would conclude that Plaintiffs have failed to state a claim.

## II.    In The Alternative, The Court Should Certify Its Order For Interlocutory Appeal Under 28 U.S.C. § 1292(b).

In the event that this Court denies Defendants' request for reconsideration, Defendants respectfully request that the Court certify the Order for immediate appeal to the United States Court of Appeals for the Third Circuit pursuant to 28

8

U.S.C. § 1292(b).

Under 28 U.S.C. § 1292(b), a district court has the discretion to certify for immediate appeal an otherwise non-appealable order if the order (1) involves a controlling question of law; (2) offers substantial ground for difference of opinion; and (3) has the potential to materially advance the ultimate termination of the litigation, if appealed immediately. *Speeney v. Rutgers*, NO. 02-CV-959, 2007 U.S. Dist. LEXIS 9554, at *9-*10 (D.N.J. Feb. 9, 2007) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)). Each of these requirements is satisfied here.

First, the Order involves a controlling question of law. The phrase "controlling question of law" includes at least "every order which, if erroneous, would be reversible error on final appeal," as well as other questions which are sufficiently "serious to the conduct of the litigation." *Katz*, 496 F.2d at 754, 755. The determination that the statements identified in the Complaint, taking the other well pleaded allegations of the Complaint to be true, are sufficient to give rise to liability under the Exchange Act and the Securities Act is a pure question of law that would constitute reversible error if erroneous, and is undeniably serious to the conduct of the litigation. As such, the Order presents a controlling question of law. *See*, *e.g.*, *Schnelling v. KPMG LLP*, No. 05-cv-3756 (DMC), 2006 U.S. Dist. LEXIS 34915, at *6 (D.N.J. May 31, 2006) (finding "controlling question of law"

9

where reversal on appeal could result in dismissal); *N.J. Transit Policemen's Benevolent Ass'n Local 304 v. N.J. Transit Corp.*, 806 F.2d 451, 452 (3d Cir. 1986) (granting Section 1292(b) review of denial of a motion to dismiss).

Second, the application of the PSLRA and *Iqbal*'s Rule 8(a) pleading standard to the Complaint offers substantial grounds for difference of opinion. Whereas the Court found the Complaint's allegations sufficient because specific statements have been identified and alleged to be false or misleading, at least one other court applying *Iqbal* has held such a conclusory allegation that a specific statement is false or misleading to be insufficient. *See Welch*, 2009 WL 2356131, at *7 (rejecting as "little more than 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]'" allegations of a specific misleading statement, where supporting allegations did not plausibly suggest that the statement was misleading) (quoting *Iqbal*, 129 S. Ct. at 1949).  Similarly, recent cases applying the PSLRA have rejected complaints that, like this one, cite voluminous public statements by a defendant, and apply a generic allegation that the statements are false or misleading, without *demonstrating* why the statements were false or misleading. *See In re 2007 Novastar Fin. Inc. Securities Litig.*, No. 08-2452, 2009 WL 2747281 (8th Cir. Sep. 1, 2009) (affirming dismissal where complaint did not provide a link between an alleged misleading statement and specific factual allegations demonstrating the reasons why the statement was false or misleading);

10

*Metzler Inv. GMBH v. Cirinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008) (affirming dismissal of complaint and noting that "[a] litany of alleged false statements, unaccompanied by the pleading of specific facts indicating why those statements were false," does not satisfy the PSLRA).[2]

Moreover, the pleading issues presented by *Iqbal* are novel, inherently complex, and subject to differing opinions. Even before *Iqbal* was issued, the Third Circuit noted that the issues raised by *Twombly*, the precursor to *Iqbal*, "are not easily resolved, and likely will be a source of controversy for years to come." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). The Third Circuit has acknowledged that *Iqbal* has even further changed the pleading landscape, noting that now "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler*, 2009 WL 2501662, at *4. The fact that the interpretation of *Iqbal*'s pleading standard is largely uncharted territory makes this a particularly appropriate case for certification. *See Smith v. Berg*, No. 99-CV-2133, 2000 WL 987867, at *4 (E.D. Pa. July 18, 2000) (certifying order for appeal in light of uncertainty of application

---

[2]    Further demonstrating the substantial ground that exists for difference of opinion, the Second Circuit recently affirmed the dismissal of a Section 10(b) complaint on the ground that alleged omissions similar to those at issue here— failure to prematurely disclose statistically insignificant clinical trial analyses— "cannot be deemed misleading." *See Avon Pension Fund v. GlaxoSmithKline PLC*, No. 08-4363-cv, 2009 U.S. App. LEXIS 18969 (2d Cir. Aug. 24, 2009).

of recent Supreme Court decision in "an inherently murky area of the law"), *aff'd*,

247 F.3d 532 (3d Cir. 2001); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,

494 F. Supp. 1190, 1243 (E.D. Pa. 1980) (certifying order for interlocutory appeal

where there were "few prior decisions construing" the Act in question, and "the

issues presented [were] novel").

Perhaps the closest case to this one is *In re Chocolate Confectionary

Antitrust Litigation*, 607 F. Supp. 2d 701 (M.D. Pa. April 8, 2009). In that case,

which also turned on the sufficiency of pleadings under new Supreme Court

precedent, the Court denied a motion to dismiss on *Twombly* grounds, but granted

certification under Section 1292(b), reasoning as follows:

> The court remains convinced of the propriety of this
> conclusion. Nevertheless, the court recognizes that the
> *Twombly* standard is in its infancy and that capable jurists
> may disagree about its effect on plaintiffs' pleading
> obligations. Such disagreement could lead to differing
> outcomes between this matter and analogous cases
> addressing motions similar to those raised by defendants.
> Hence, the question of controlling law … satisfies the
> second criterion of § 1292(b).

607 F. Supp. 2d at 707. The same reasoning supports the conclusion that this

Court's Order offers substantial grounds for difference of opinion.

Third, an immediate appeal of the Order has the potential to materially

advance the ultimate termination of the litigation. A finding that Plaintiffs have

failed adequately to allege any actionable false or misleading statements would

terminate the litigation, as each of the Complaint's claims requires a false or misleading statement, either as a direct element or as part of a predicate violation. *See* Order at 7-8 (Exchange Act § 10(b) requires identification of each misleading statement), 10 (Exchange Act § 20(a) requires an underlying Exchange Act violation), 11 (Exchange Act § 20A requires a predicate Exchange Act violation), 12 (Securities Act §§ 11 and 12(a)(2) require a material misstatement or omission), 13 (Securities Act § 15 requires a predicate Securities Act violation). Moreover, even if appellate review were to eliminate only some claims, or weed out a subset of the alleged misstatements, this narrowing would materially advance the litigation by narrowing the issues to be explored in discovery, in dispositive motions, and at trial. *See*, *e.g.*, *Northstar Fin. Advisors Inc. v. Schwab Investments*, No. C 08-4119 SI, 2009 WL 1126854, at *1 (N.D. Cal. Apr. 27, 2009) (certifying denial of motion to dismiss and finding that reversal on appeal would materially advance the litigation because "the issues will be significantly narrowed, thus shaping the scope of discovery and motion practice"); *Dist. Council 33 v. City of Phila.*, No. 85-CV-7418, 1986 WL 12448, at *3 (E.D. Pa. Nov. 4, 1986) (certifying under Section 1292(b) where action "will require an immense expenditure of time and other resources [which would be] unnecessary if defendant's motion to dismiss has been incorrectly denied").

## CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order denying the Defendants' Motions to Dismiss or, in the alternative, certify the Order for immediate appeal.

Respectfully submitted,

*Of Counsel:*
Richard A. Spehr
**MAYER BROWN LLP**
1675 Broadway
New York, New York 10019
212.506.2500

Richard Ben-Veniste
Miriam R. Nemetz
Reginald R. Goeke
Jeffrey F. Robertson
**MAYER BROWN LLP**
1909 K Street NW
Washington, DC 20006-1101
202.263.3000

Douglas S. Eakeley
Gavin J. Rooney
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey  07068
973.597.2500
973.597.2400 (Fax)
deakeley@lowenstein.com
grooney@lowenstein.com

*Attorneys for the Schering Defendants*

By: /s  Douglas S. Eakeley

*Of Counsel*
Kenneth M. Kramer
Alan S. Goudiss
Daniel H.R. Laguardia
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York 10022
212.848.4000

Jeffrey J. Greenbaum
A. Ross Pearlson
**SILLS CUMMIS & GROSS PC**
One Riverfront Plaza
Newark, New Jersey  07102
973.643.7000
jgreenbaum@sillscummis.com

*Attorneys for the Underwriter Defendants*

Dated:  September 17, 2009

14