# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Lead Case No. 2:08-397 (DMC) (MF)<br><br>(Securities Class Action)<br><br>Return Date: October 19, 2009 |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER, OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF SUCH OPINION AND ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN,
GILFILLAN, CECCHI, STEWART
  & OLSTEIN
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Liaison Counsel for Lead Plaintiffs
and the Class*

John P. Coffey
Salvatore J. Graziano
BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

*Co-Lead Counsel for Lead Plaintiffs
and the Class*

Jonathan M. Plasse
Christopher J. McDonald
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

*Co-Lead Counsel for Lead Plaintiffs
and the Class*

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

LEGAL ARGUMENT............................................................................................2

    I.      Defendants' Motion Merely Repeats Arguments that this Court Previously Considered and Rejected......................................................2

    II.     Defendants Have Not Satisfied the Requirements for Certification Under § 1292(b) ............................................................7

          a.     Defendants Fail to Satisfy their Burden of Establishing a Controlling Question of Law ........................................................8

          b.     Defendants Fail to Satisfy their Burden of Establishing a Substantial Ground for Difference of Opinion ........................10

          c.     Defendants Fail to Satisfy their Burden of Establishing that an Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation....................................12

CONCLUSION.....................................................................................................14

Case 2:08-cv-00397-DMC-MF   Document 125   Filed 10/05/2009   Page 3 of 20

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Arista Records, Inc. v. Flea World, Inc.*,
 Civ. A. No. 03-2670 (JBS), 2006 WL 2882990 (D.N.J. Oct. 10, 2006) ..............9

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ........................................................................passim

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ..............................................................................2, 4

*Calabria v. State Operated School Dist. for City of Paterson*,
 Civ. A. No. 06-CV-6256 (DMC),
 2009 WL 1269263 (D.N.J. May 7, 2009) ......................................................2, 3, 4

*In re Chocolate Confectionary Antitrust Litig.*,
 Civ. A. No. 1:08-MDL-1935,
 2009 WL 2486045 (M.D. Pa. Aug. 11, 2009) ......................................................4

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3d Cir. 2009) ......................................................................4

*Hilburn v. Bayonne Parking Auth.*,
 Civ. A. No. 07-CV-5211 (DMC),
 2009 WL 777147 (D.N.J. Mar. 20, 2009) ......................................................7

*Hulmes v. Honda Motor Co.*,
 936 F. Supp. 195 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998) ................8

*Javornick v. United Parcel Serv., Inc.*,
 Civ. A. No. 07-0195, 2008 WL 4462280 (W.D. Pa. Sept. 29, 2008) ..................5

*Katz v. Carte Blanche Corp.*,
 496 F.2d 747 (3d Cir. 1974) ................................................................8, 9, 13

*Lee v. Lenape Valley Reg'l Bd. of Educ.*,
 Civ. A. No. 06-CV-4634 (DMC),
 2009 WL 2745277 (D.N.J. Aug. 27, 2009) ......................................................3

ii

*Link v. Mercedes-Benz of N. Am., Inc.*,
  550 F.2d 860 (3d Cir. 1977) ................................................................................9

*In re Manhattan Inv. Fund Ltd.*,
  288 B.R. 52 (S.D.N.Y. 2002) ............................................................................13

*Morgan v. Ford Motor Co.*,
  No. 06-1080 (JAP), 2007 WL 269806 (D.N.J. Jan. 25, 2007) ....................passim

*NL Indus. Inc. v. Commercial Union Ins. Co.,*
  935 F. Supp. 513 (D.N.J. 1996) ..........................................................................3

*Northstar Financial Advisors Inc. v. Schwab Investments*,
  No. C. 08-4119 SI, 2009 WL 1126854 (N.D. Cal. Apr. 27, 2009) ....................13

*Schnelling v. KPMG LLP*,
  No. Civ. A. 05-CV-3756 (DMC),
  2006 WL 1540815 (D.N.J. May 31, 2006)..................................................passim

*Senn v. Hickey*,
  Civ. A. No. 03-CV-4372 (DMC),
  2006 WL 1891756 (D.N.J. July 10, 2006) .........................................................7

*Speeney v. Rutgers State Univ.*,
  Civ. A. No. 02-CV-960 (DMC), 2007 WL 498290 (D.N.J. Feb. 9, 2007) ..........8

*Sperrazza v. University of Maryland*,
  No. 07-CV-792, 2008 WL 818616 (E.D. Pa. Mar. 24, 2008) .............................5

*Steel Partners II, L.P. v. Aronson*,
  No. 05-CV-1983 (DMC), 2006 WL 3782656 (D.N.J. Dec. 22, 2006)...............10

*United States v. Exide Corp.*,
  No. Civ. A. 00-3057, 2002 WL 992817 (E.D. Pa. May 15, 2002)....................13

*United States v. Lychock*,
  578 F.3d 214 (3d Cir. 2009) ...............................................................................5

*Urbach v. Sayles*,
  779 F. Supp. 351 (D.N.J. 1991) ........................................................................13

*Wanechek Mink Ranch v. Alaska Brokerage Int'l, Inc.*,
  No. C06-89RSM, 2009 WL 1951836 (W.D. Wash. July 6, 2009) .....................4

*Welch v. TD Ameritrade Holding Corp.*,
   No. 07 Civ. 6904 (RJS), 2009 WL 2356131 (S.D.N.Y. July 27, 2009) .........7, 11

*Winer Family Trust v. Queen*,
   503 F.3d 319 (3d Cir. 2007) ................................................................................5

*Wing v. Kendrick*,
   No. 2:08-cv-1002, 2009 WL 2477639 (D. Utah Aug. 10, 2009) .........................4

**STATUTES**

28 U.S.C. § 1292(b) ..................................................................................passim

## **INTRODUCTION**

Defendants' motion for reconsideration or certification for interlocutory appeal is improper and should be rejected. In direct violation of Local Civil Rule 7.1(i) ("L.C.R. 7.1(i)"), Defendants simply repeat the same arguments they made in support of their motions to dismiss, all of which the Court rejected in its opinion and order dated August 31, 2009 (collectively, the "Opinion"). Specifically, Defendants, largely by cross-referencing their previously-filed briefs, argue that the Complaint fails to allege that Defendants made any actionable misrepresentations or omissions during the Class Period. Once again, this assertion is wholly without merit.

Defendants attempt to justify their motion by asserting that *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), is controlling authority contrary to this Court's Opinion denying the motions to dismiss. Defendants are wrong. The Opinion not only discussed *Iqbal,* but correctly applied it, following the parties' detailed letter briefing on the standard of law set forth therein. *See* Docket. Nos. 118-19. Indeed, the Court held that Plaintiffs' allegations with respect to the falsity of Defendants' statements were adequate under the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, which are far more demanding than the Rule 8(a) "plausibility" standard under *Iqbal*. As discussed in Plaintiffs' letter to the Court dated June 8, 2009, Docket

No. 119, *Iqbal* simply restated the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, Defendants fail to satisfy the requirements of L.C.R. 7.1(i), and their motion for reconsideration should be denied.

Defendants' motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) should be similarly denied because Defendants fail to meet their heavy burden of establishing that certification is warranted. Defendants do not raise a "controlling issue of law" that offers a "substantial ground for differences of opinion," but instead quibble with the Court's application of the case-specific facts to well-established law. Furthermore, certification will not materially advance the ultimate termination of this litigation, but will actually prolong the time to prosecute Plaintiffs' well-pled claims while the appeal is processed.

## LEGAL ARGUMENT

### I. Defendants' Motion Merely Repeats Arguments that this Court Previously Considered and Rejected

Pursuant to L.C.R. 7.1(i), a motion for reconsideration may be granted only if: (1) an intervening *change* in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a *clear error of law* or prevent manifest injustice. *See Calabria v. State Operated School Dist. for City of Paterson*, Civ. A. No. 06-CV-6256 (DMC), 2009 WL 1269263, at *2 (D.N.J. May 7, 2009) (Cavanaugh, J.) (citation omitted). L.C.R. 7.1(i) does not

2

permit a recapitulation of arguments considered by the Court before rendering its original decision. *See id.* (citing *Bermingham v. Sony Corp. of Am., Inc.,* 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd,* 37 F.3d 1485 (3d Cir. 1994)). "In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through – rightly or wrongly.'" *Id.* (citation omitted). Accordingly, courts have found that such relief is "an extraordinary remedy" that is to be granted "very sparingly." *Lee v. Lenape Valley Reg'l Bd. of Educ.*, Civ. A. No. 06-CV-4634 (DMC), 2009 WL 2745277, at *1-2 (D.N.J. Aug. 27, 2009) (Cavanaugh, J.); *NL Indus. Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996).[1]

Here, the fact that the Opinion specifically addressed *Iqbal* in connection with its discussion of the applicable pleading standards belies any contention that the Court failed to take into account an *intervening* change in controlling law in denying Defendants' motions to dismiss. *See* Slip Op. at 2-3 (discussing and applying *Iqbal*); Def. Br. at 6 (conceding that this Court "acknowledge[d] the applicability *of Iqbal*").

Moreover, even assuming *arguendo* that the Court did not consider *Iqbal*, *Iqbal* does not constitute "an intervening *change* in the controlling law." *Calabria*,

---

[1] Defendants do not (and cannot) argue that evidence not previously available has become available and is relevant to reconsideration of the Court's decision.

3

2009 WL 1269263, at *2.  Indeed, numerous courts have found that *Iqbal* did not change *Twombly*'s pleading standard, and therefore have rejected the contention that a failure to consider *Iqbal* on a motion to dismiss provides a sufficient basis to grant a motion for reconsideration.[2]

Nevertheless, as Plaintiffs previously established, the Complaint more than adequately meets the pleading standards that the Supreme Court reiterated in *Iqbal*.[3]  In *Iqbal*, the complaint was dismissed because it "amount[ed] to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim" against two high-level government officials.  *Id.* at 1951.  Here, however, Plaintiffs pled numerous specific facts that amply support the reasonable inference that Defendants signed and/or issued public filings that were materially false and

---

[2]   *See, e.g.*, *In re Chocolate Confectionary Antitrust Litig.*, Civ. A. No. 1:08-MDL-1935, 2009 WL 2486045, at *1 n.2 (M.D. Pa. Aug. 11, 2009); *Wing v. Kendrick*, No. 2:08-cv-1002, 2009 WL 2477639, at *1-2 (D. Utah Aug. 10, 2009); *Wanechek Mink Ranch v. Alaska Brokerage Int'l, Inc.*, No. C06-89RSM, 2009 WL 1951836, at *3 (W.D. Wash. July 6, 2009).  Contrary to Defendants' contention, the Third Circuit's decision in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009) (Def. Br. at 5, 11), does not hold that *Iqbal* changed the *Twombly* pleading standard, but merely notes that *Iqbal* clarified that the holding in *Twombly* was not limited to antitrust cases.  *See* 578 F.3d at 210-11.

[3]   *See Iqbal*, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the ***reasonable inference*** that the defendant is liable for the misconduct alleged.") (citing *Twombly*, 550 U.S. at 566, 570) (emphasis added).

4

misleading, including those that: (i) failed to disclose the statistically significant adverse results observed in the ENHANCE trial; and (ii) materially misstated ZETIA and VYTORIN's commercial viability. *See, e.g.*, Complaint at ¶¶1-2, 444-59. Such well-pled facts directly contradict Defendants' assertion that Plaintiffs failed to meet *Iqbal's* pleading standard.[4]

In the absence of any intervening change in controlling law, Defendants are left to improperly cross-reference and repeat the very same arguments that they made in support of their motions to dismiss, *i.e.*, that the Complaint purportedly fails to sufficiently allege the manner in which the statements listed in the

---

[4] The Opinion also cites to three Third Circuit decisions that Defendants erroneously contend the Court "overlooked." *See* Slip Op. at 5 (citing *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525 (3d Cir. 1999)), 3, 4, 8 (citing *Key Equity Investors, Inc. v. Sel-Leb Mktg. Inc.*, 246 Fed. App'x 780 (3d Cir. 2007)), and 6 (citing *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267 (3d Cir. 2004)). Nevertheless, contrary to Defendants' contention (Def. Br. at 3-8), a court is not required to discuss and refute every single argument that a party makes in support of or in opposition to a motion. *See United States v. Lychock*, 578 F.3d. 214, 219 (3d Cir. 2009) (a court "need not discuss…every argument made by a litigant if an argument is clearly without merit"); *Javornick v. United Parcel Serv., Inc.*, Civ. A. No. 07-0195, 2008 WL 4462280, at *9 (W.D. Pa. Sept. 29, 2008); *Sperrazza v. University of Maryland*, No. 07-CV-792, 2008 WL 818616, at *5 (E.D. Pa. Mar. 24, 2008). Equally unavailing is Defendants' assertion that this Court failed to consider the holding in *Winer Family Trust v. Queen*, 503 F.3d 319 (3d Cir. 2007). Def. Br. at 8. Here, consistent with the standard described in *Winer*, the Court held the Complaint adequately alleged that Defendants "knowingly withheld the [ENHANCE] results even though such omission tended to make the facts that were disclosed untrue." Slip Op. at 8.

Complaint were materially false or misleading. As noted above, however, this Court already considered and rejected those arguments.[5]

For example, the Opinion demonstrates that the Court weighed and rejected Defendants' arguments that the Complaint failed to identify which of Defendants' Class Period statements were actionable, and how they were materially false and misleading:

> Plaintiffs allege that the Exchange Act Defendants knew of the ENHANCE study results prior to their unblinding in January 2007, and that they knowingly withheld the results *even though such omission tended to make the facts that were disclosed untrue*. In support of their claim, Plaintiffs plead a series of *factually-specific* allegations in the Complaint allegedly showing that the Exchange Act Defendants had early knowledge of the ENHANCE results and intentionally concealed it . . . Slip Op. at 8-9 (emphasis added).[6]

Finally, Defendants erroneously contend that their Class Period statements were true and consistent with the ENHANCE results. *See* Def. Br. at 6-7. Such factually based arguments, however, should not be considered on a motion to dismiss, *see Iqbal*, 129 S. Ct. at 1950, let alone reconsidered on a motion made pursuant to L.C.R. 7.1. *See Hilburn v. Bayonne Parking Auth.*, Civ. A. No. 07-

---

[5]   In the interest of judicial economy, Plaintiffs do not repeat all of their arguments in response to Defendants' previously filed and denied motions to dismiss here.

[6]   *See also* Slip Op. at 12 (holding that "Plaintiffs have adequately identified material misstatements and omissions … [by] alleg[ing], for example, that Defendant's failure to disclose the negative results of the ENHANCE study in the August 2007 offering documents rendered specific statements contained therein misleading").

6

CV-5211 (DMC), 2009 WL 777147, at *2 (D.N.J. Mar. 20, 2009) (Cavanaugh, J.); *Senn v. Hickey*, Civ. A. No. 03-CV-4372 (DMC), 2006 WL 1891756, at *3-4 (D.N.J. July 10, 2006) (Cavanaugh, J.).[7]

## II. Defendants Have Not Satisfied the Requirements for Certification Under § 1292(b)

Alternatively, Defendants urge the Court to certify the Opinion for interlocutory appeal under 28 U.S.C. § 1292(b). Def. Br. at 8-13. Defendants have failed to satisfy their "heavy burden" of establishing that this extraordinary relief is appropriate. *Schnelling v. KPMG LLP*, No. Civ. A. 05-CV-3756 (DMC), 2006 WL 1540815, at *3 (D.N.J. May 31, 2006) (Cavanaugh, J.).

In the Third Circuit, certification of an interlocutory appeal is granted "sparingly and only in exceptional circumstances." *Hulmes v. Honda Motor Co.*,

---

[7] Defendants cite to cases that do not support their motion for reconsideration. In *Hilburn*, 2009 WL 777147, at *1-2 (Def. Br. at 2), this Court denied defendants' motion to reconsider the denial of their motion to dismiss because it depended on contested factual assertions. Similarly, in *Senn*, 2006 WL 1891756, at *3-4 (Def. Br. at 2), this Court granted reconsideration to address defendants' arguments in more detail than in its original opinion, but denied defendants any relief on the merits because they – like Defendants here – were seeking dismissal of a complaint based on factual assertions contradicting the complaint's well-pled allegations. *Welch v. TD Ameritrade Holding Corp.*, No. 07 Civ. 6904 (RJS), 2009 WL 2356131 (S.D.N.Y. July 27, 2009) (Def. Br. at 7, 10), is an unreported district court decision from a different circuit, and therefore is not intervening controlling authority. *See* L. Civ. R. 7.1(i). Even if *Welch* were appropriate authority on reconsideration (which it is not), the court there held that defendants' allegedly false statements were actually true on the face of the complaint, which is obviously not the case here. *See* 2009 WL 2356131, at *7.

7

936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998). "The party seeking interlocutory review has the burden of persuading the court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Morgan v. Ford Motor Co.*, No. 06-1080 (JAP), 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (citations omitted).

In order to meet this extremely high threshold, Defendants must establish that: (i) the Order involves a controlling question of law; (ii) the Order offers substantial ground for difference of opinion; and (iii) an appeal has the potential to materially advance the ultimate termination of the litigation. *See, e.g., Speeney v. Rutgers State Univ.*, Civ. A. No. 02-CV-960 (DMC), 2007 WL 498290, at *3 (D.N.J. Feb. 9, 2007) (Cavanaugh, J.) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)). As Defendants have failed to satisfy their "heavy burden" here, their request for certification of interlocutory appeal should also be denied. *Schnelling*, 2006 WL 1540815, at *3.[8]

### a. Defendants Fail to Satisfy their Burden of Establishing a Controlling Question of Law

In the Third Circuit, an issue of law is "controlling" if its incorrect disposition would require reversal of the final judgment. *See Katz v. Carte*

---

[8] "Certification is entirely within the district court's discretion even if the three criteria are met." *Schnelling*, 2006 WL 1540815, at *2 (citations omitted).

*Blanche Corp.*, 496 F.2d at 755; *accord Schnelling*, 2006 WL 1540815, at *2. "Questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Morgan v. Ford Motor Co.*, 2007 WL 269806, at *3.[9]

Defendants claim that the issue at the center of their motion – *i.e.*, whether the Complaint sufficiently alleges an actionable misrepresentation or omission – involves "a pure question of law." Def. Br. at 9. In reality, Defendants' concerns focus squarely on the Court's application of the law to the facts alleged in the Complaint. For example, Defendants repeatedly challenge the plausibility of the Complaint's factual allegations, arguing that:

- "Plaintiffs must make supporting *factual allegations* that give rise to a plausible inference that the identified statements were in fact false or misleading" (Def. Br. at 6);

- "[T]he *factual allegations* made by Plaintiffs regarding the ENHANCE study do not plausibly support the inference that the various statements identified in the Complaint were false or misleading" (Def. Br. at 6); and

- "[*T*]*he facts* recited by Plaintiffs with respect to ENHANCE do not render these true statements false or misleading" (Def. Br. at 7).

Accordingly, Defendants' contention that they are challenging a "pure question of law," rather than the Court's application of the law to the facts alleged, is nothing more than a thinly-veiled attempt to disguise the factual matters at issue.

---

[9] *See also Arista Records, Inc. v. Flea World, Inc.*, Civ. A. No. 03-2670 (JBS), 2006 WL 2882990, at *2 (D.N.J. Oct. 10, 2006) (same); *cf. Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) (same).

9

Notwithstanding Defendants' efforts to the contrary, "[s]ection 1292(b) was not designed to secure appellate review of 'factual matters' or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court." *Steel Partners II, L.P. v. Aronson*, No. 05-CV-1983 (DMC), 2006 WL 3782656, at *2 (D.N.J. Dec. 22, 2006) (Cavanaugh, J.) (denying request for § 1292(b) certification); *see also Morgan*, 2007 WL 269806, at *3 (same). Further, § 1292(b) was not "intended to put . . . before the court" this type of "legal" question, "in which the exercise of the district court's discretion [was] necessarily intertwined with its understanding of the facts of the case." *Id.* at *2.[10]

### b. Defendants Fail to Satisfy their Burden of Establishing a Substantial Ground for Difference of Opinion

"A mere difference of opinion as to the court's discretionary findings or conclusions does not constitute a substantial ground for difference of opinion." *Morgan*, 2007 WL 269806, at *3. Rather, the "moving party must demonstrate that the court applied one legal standard and that 'other courts have substantially

---

[10] Unlike here, the cases that Defendants cite involved pure questions of controlling law which, if wrongly decided, would have ultimately required reversal of final judgment. For example, in *Schnelling*, the court identified two questions of controlling law (that would have raised a risk of reversal of final judgment concerning): (i) whether the trustee had standing to assert his claims, and (ii) whether *res judicata* barred defendant's challenge to the trustee's standing. 2007 WL 1540815, at *2.

differed in applying that standard.'" *Schnelling*, 2006 WL 1540815, at *3 (citation omitted). Stated differently, "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *Morgan*, 2007 WL 269806, at *3.

Tellingly, although Defendants contend that *Iqbal* creates substantial grounds for a difference of opinion, they do not cite a single case in this District (or even within the Third Circuit) in support of that assertion.[11] In light of the large number of decisions that have cited to *Iqbal*, the absence of conflicting decisions in this Circuit spells the deathknell for any notion that *Iqbal* presents a serious conflict that cannot be resolved without appellate intervention. *See, e.g., Morgan*, 2007 WL 269806, at *3 ("a moving party's citation to *numerous conflicting decisions* on the same issue *might* constitute a sufficient basis for the finding that substantial differences of opinion exist") (emphasis added).

Defendants also erroneously contend that the pleading issues presented by *Iqbal* are "novel" and "inherently complex." Def. Br. at 11. This Court rejected a similar argument in *Schnelling*, noting that, like here, "Defendant has failed to show conflicting decisions or any existing splits between courts in this jurisdiction

---

[11] The lone case offered by Defendants, *Welch v. TD Ameritrade Holding Corp.*, No. 07 Civ. 6904 (RJS), 2009 WL 2356131 (S.D.N.Y. July 27, 2009), is inapposite. Unlike the "unadorned" and unsupported allegations in *Welch*, Plaintiffs' Complaint sets forth numerous factually specific allegations which render plausible Plaintiffs' claim that Defendants' public statements were materially misstated. *See* Slip Op. at 8-9.

regarding . . . the issues raised." 2006 WL 1540815, at *3. Further, it is disingenuous for Defendants to characterize *Iqbal's* standard of review as "complex." As discussed above, *Iqbal*'s pleading requirements are consistent with the existing pleading standards in this Circuit. In any event, as the Court recognized in the Opinion, the Complaint contains numerous fact-specific allegations that support Plaintiffs' theory of the case, including confidential witness statements, internal emails, and internal reports. *See* Slip Op. at 9.

    **c.**    **Defendants Fail to Satisfy their Burden of Establishing that an Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation**

Defendants also erroneously contend that an immediate appeal of the Opinion would "terminate the litigation." Def. Br. at 13. In fact, certification of any interlocutory appeal would, in truth, likely delay the ultimate resolution of this case. Even in the unlikely event of an adverse ruling, the Third Circuit would, in all likelihood, remand the case and permit Plaintiffs to amend the Complaint. In view of this standstill, courts routinely recognize that "challenges to the sufficiency of the pleading are not generally the appropriate subjects of interlocutory review, as 'a reversal . . . at most could lead only to a remand for re-pleading, with

possibilities of further interlocutory appeals thereafter.'" *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002) (citation omitted).[12]

Defendants acknowledge the distinct possibility that an interlocutory appeal may only result in weeding out certain of the alleged misrepresentations. Def. Br. at 13. This fact, alone, undermines any suggestion that an appeal would materially advance the ultimate termination of this litigation. Indeed, "[i]n cases where triable issues would remain even after a successful appeal, courts routinely deny certification of § 1292(b) appeals." *United States v. Exide Corp.*, No. Civ. A. 00-3057, 2002 WL 992817, at *2 (E.D. Pa. May 15, 2002).[13]

---

[12] *See also Urbach v. Sayles*, 779 F. Supp. 351, 364 (D.N.J. 1991) (quoting 16 C. WRIGHT, A. MILLER, *et al.*, FEDERAL PRACTICE & PROCEDURE § 3930 at 159 n. 11 ("a ruling on the sufficiency of a pleading is generally 'unsuitable for interlocutory appeal because of the ready availability of amendment'")) (quoting *Katz*, 496 F.2d at 754 ("[E]ven if plaintiff's pleading suffers from a technical deficiency, the issue of the pleading requirements for claims under Section 11 of the Securities Act and Sections 10(b) and 14(a) of the Exchange Act would still be inappropriate for certification, since an appeal, whether it affirmed or overturned the decision of this court, would not 'materially advance the ultimate termination of the litigation.'")).

[13] Defendants' reliance on *Northstar Financial Advisors Inc. v. Schwab Investments*, No. C. 08-4119 SI, 2009 WL 1126854 (N.D. Cal. Apr. 27, 2009), is misplaced. Def. Br. at 13. In *Northstar*, the court certified an order for interlocutory appeal only because the order addressed an unresolved question as to whether plaintiffs had an implied private right of action under § 13(a) of the Investment Company Act of 1940. *Id.* at *1. Given that plaintiffs' § 13(a) claim was the only federal claim alleged in the action, the court reasoned that "[i]f there is no implied private right of action under Section 13(a), the issues will be significantly narrowed, thus shaping the scope of discovery and motion practice."

13

## **CONCLUSION**

Defendants' motion for reconsideration is merely a rehash of the same factual arguments that this Court considered and rejected in denying Defendants' motions to dismiss. This type of argument is entirely improper on a motion for reconsideration under L.C.R. 7.1 and, therefore, should be denied. Similarly, Defendants' request that the Court certify the Opinion for immediate appeal under § 1292(b) should be rejected as Defendants have failed to satisfy their heavy burden of establishing that this "exceptional" remedy is warranted here.

Dated:  October 5, 2009                               Respectfully submitted,

/s/  James E. Cecchi_____
James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN,
  GILFILLAN, CECCHI, STEWART
  & OLSTEIN
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  (973) 994-1700
Facsimile:  (973) 994-1744

*Liaison Counsel for Lead Plaintiffs and the Class*

---

*Id.* at *1. Here, there is no such basis for the Third Circuit to similarly narrow this case.

| | |
|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP<br>John P. Coffey<br>Salvatore J. Graziano<br>Jai Chandrasekhar<br>Adam H. Wierzbowski<br>Laura H. Gundersheim<br>Sean O'Dowd<br>1285 Avenue of the Americas<br>New York, NY  10019<br>Telephone:  (212) 554-1400<br>Facsimile:  (212) 554-1444<br><br>*Co-Lead Counsel for Lead Plaintiffs and the Class* | LABATON SUCHAROW LLP<br>Jonathan M. Plasse<br>Christopher J. McDonald<br>Stephen W. Tountas<br>Joshua L. Crowell<br>140 Broadway<br>New York, NY  10005<br>Telephone:  (212) 907-0700<br>Facsimile:  (212) 818-0477<br><br>*Co-Lead Counsel for Lead Plaintiffs and the Class* |

15