| | |
|---|---|
| Douglas S. Eakeley<br>**LOWENSTEIN SANDLER PC**<br>Attorneys at Law<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>973.597.2500 | Jeffrey J. Greenbaum<br>A. Ross Pearlson<br>**SILLS CUMMIS & GROSS PC**<br>One Riverfront Plaza<br>Newark, New Jersey 07102<br>973.643.7000 |
| **MAYER BROWN LLP**<br>1909 K Street, N.W.<br>Washington, D.C. 20006<br>202.263.3000 | **SHEARMAN & STERLING LLP**<br>599 Lexington Avenue<br>New York, New York 10022<br>212.848.4000 |
| *Attorneys for the Schering Defendants* | *Attorneys for the Underwriter Defendants* |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION/ENHANCE SECURITIES LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES | DOCUMENT ELECTRONICALLY FILED<br><br>Lead Case No. 08-397 (DMC) (MF)<br>(Securities Class Action)<br><br>**Return Date: October 19, 2009**<br><br>**Oral Argument Requested** |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION, MADE IN THE ALTERNATIVE, FOR CERTIFICATION OF THE COURT'S OPINION AND ORDER ENTERED ON SEPTEMBER 2, 2009 FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

# TABLE OF CONTENTS

                                                                         **Page**

INTRODUCTION ........................................................................................................ 1

I.      The Order Involves A Controlling Question Of Law .................................... 1

II.     The Order Offers Substantial Ground For Difference Of Opinion ................ 4

III.    Immediate Appeal Has The Potential To Materially Advance The Ultimate Termination Of The Litigation ....................................................... 7

CONCLUSION ........................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arista Records, Inc. v. Flea World, Inc.*,
    Civ. A. No. 03-2670 (JBS), 2006 WL 2882990 (D.N.J. Oct. 10, 2006) .............2

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009).................................................................... 2, 3, 5, 7

*Avon Pension Fund v. GlaxoSmithKline PLC*,
    No. 08-4363-cv, 2009 U.S. App. LEXIS 18969 (2d Cir. Aug. 24, 2009)........... 4

*Backman v. Polaroid Corp.*,
    910 F.2d 10 (1st Cir. 1990)................................................................7

*Bell v. Hood*,
    327 U.S. 678 (1945) .........................................................................2

*Brody v. Transitional Hospitals Corp.*,
    280 F.3d 997 (9th Cir. 2002) .............................................................6

*In re 2007 Novastar Fin. Inc. Securities Litig.*,
    No. 08-2452, 2009 WL 2747281, 576 F.3d 878 (8th Cir. Sep. 1, 2009).............4

*In re Chocolate Confectionary Antitrust Litig.*,
    607 F. Supp. 2d 701 (M.D. Pa. April 8, 2009) .......................................5

*In re Guidant Corp. Sec. Litig.*,
    536 F. Supp. 2d 913 (S.D. Ind. 2008) .................................................6

*In re IT Group, Inc.*,
    448 F.3d 661 (3d Cir. 2006) .............................................................2

*In re Manhattan Inv. Fund Ltd.*,
    288 B.R. 52 (S.D.N.Y. 2002)............................................................9

*Link v. Mercedes-Benz of N. Am., Inc.*,
    550 F.2d 860 (3d Cir. 1977) .............................................................2

## TABLE OF AUTHORITIES—continued

Page(s)

y

## TABLE OF AUTHORITIES—continued

Page(s)

start
*McTernan v. City of York*,
   577 F.3d 521 (3d Cir. 2009) ................................................................. 2

*Metzler Inv. GMBH v. Cirinthian Colls., Inc.*,
   540 F.3d 1049, 1070 (9th Cir. 2008) ..................................................... 4

*Morgan v. Ford Motor Co.*,
   No. 06-1080 (JAP), 2007 WL 269806 (D.N.J. Jan. 25, 2007) .............. 2

*Oran v. Stafford*,
   226 F.3d 275 (3d Cir. 2000) .................................................................. 6

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) .................................................................. 5

*Smith v. Berg*,
   No. 99-CV-2133, 2000 WL 987867 (E.D. Pa. July 18, 2000) ............. 4

*Steel Partners II, L.P. v. Aronson*,
   No. 05-CV-1983 (DMC), 2006 WL 3782656 (D.N.J. Dec. 22, 2006) ... 2

*The Feriozzi Company, Inc. v. Ashworks, Inc.*,
   130 Fed. Appx. 535 (2d Cir. 2005) ....................................................... 2

*Urbach v. Sayles*,
   779 F. Supp. 351 (D.N.J. 1991) ............................................................ 9

*Victaulic Co. v. Tieman*,
   499 F.3d 227 (3d Cir. 2007) .................................................................. 2

*Welch v. TD Ameritrade Holding Corp.*,
   No. 07 Civ. 6904 (RJS), 2009 WL 2356131 (S.D.N.Y. July 27, 2009) ... 4

*Winer Family Trust v. Queen*,
   503 F.3d 319 (3d Cir. 2007) .................................................................. 6

*Zeller v. Donegal School Dist. Bd. of Ed.*,
   517 F.2d 600 (3d Cir. 1975) .................................................................. 2

## TABLE OF AUTHORITIES—continued

**Page(s)**

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
    494 F. Supp. 1190 (E.D. Pa. 1980) .................................................................. 5

**STATUTES**

28 U.S.C. § 1292(b) ............................................................................... 1, 4, 5, 7

**OTHER AUTHORITIES**

L.Civ.R. 7.1(d)(3) ........................................................................................... 1

## INTRODUCTION

Defendants respectfully submit this reply brief in further support of their September 17, 2009 Motion [Dkt. 123], made in the alternative, for certification of the Court's September 2, 2009 Opinion and Order [Dkt. 120, 121] (the "Order") for immediate appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1292(b).[1]

The Order fully satisfies the criteria for certification under Section 1292(b). It involves the application of evolving and debatable federal pleading standards to a complex area of law. It presents a purely legal question about which the Third Circuit has expressed interest and concern. Reversal of the Order on appeal would, in all likelihood, end the litigation. In short, there is every reason to permit an immediate appeal. Plaintiffs' contrary arguments are unpersuasive.

## I.  The Order Involves A Controlling Question Of Law

In contending that the Order fails to meet the standards for certification under Section 1292(b), Plaintiffs first argue that it does not present a question of law suitable for immediate review. Opp. at 8-10. In fact, whether a complaint's allegations are sufficient to state a claim is the quintessential legal question. That

---

[1] This reply brief relates only to Part II of Defendants' Opening Brief, which addresses their motion for certification of the Order for immediate appeal under 28 U.S.C. § 1292(b). In keeping with L.Civ.R. 7.1(d)(3), Defendants are not submitting any reply papers with respect to Part I of their opening brief, which addresses their motion for reconsideration of the Order.

1

purely legal question involves no findings of fact, and is subject to *de novo* review on appeal. *See*, *e.g.*, *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law . . . ."); *In re IT Group, Inc.*, 448 F.3d 661, 667 (3d Cir. 2006) (whether complaint states a claim upon which relief could be granted is "a purely legal question").[2]

Plaintiffs insist that the Court's ruling does not present a purely legal question because it turned on an assessment of the complaint's factual allegations. Opp. at 9-10. In support of their argument, Plaintiffs cite cases involving summary judgment, class certification, and removal orders—not orders issued pursuant to Rule 12(b)(6).[3] In fact, Plaintiffs' argument is foreclosed by *Ashcroft v. Iqbal*, in

---

[2] *See also McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) ("This court reviews the District Court's decision on a motion to dismiss de novo."); *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) ("We review a dismissal for failure to state a claim *de novo*."); *The Feriozzi Company, Inc. v. Ashworks, Inc.*, 130 Fed. Appx. 535, 536 (2d Cir. 2005) ("We review *de novo* the District Court's order denying Defendant's motion to dismiss."); *Zeller v. Donegal School Dist. Bd. of Ed.*, 517 F.2d 600, 608 (3d Cir. 1975) ("Whether the allegations of a complaint state a claim for relief is a question of law.") (quoting *Freeman v. Flake*, 448 F.2d 258, 262 (10th Cir. 1971)).

[3] *See Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860 (3d Cir. 1977) (cited in Opp. at 9 n.9) (after granting permission for interlocutory appeal, declining to review decision on *class certification*); *Morgan v. Ford Motor Co.*, No. 06-1080 (JAP), 2007 WL 269806 (D.N.J. Jan. 25, 2007) (cited in Opp. at 9, 10) (denying interlocutory certification of order denying *remand motion* following removal); *Steel Partners II, L.P. v. Aronson*, No. 05-CV-1983 (DMC), 2006 WL 3782656 (D.N.J. Dec. 22, 2006) (cited in Opp. at 10) (denying interlocutory certification of *summary judgment* ruling); *Arista Records, Inc. v. Flea World, Inc.*,

which the Supreme Court held unequivocally that "*evaluating the sufficiency of a complaint is not a 'fact-based' question of law.*" 129 S. Ct. 1937, 1947 (2009) (emphasis added).

In *Iqbal*, the appealability (under the collateral order doctrine) of the district court's order denying dismissal depended in part on whether the decision "turn[ed] on an issue of law." *Id*. at 1946. The Supreme Court acknowledged that "fact-based" issues of law (such as summary judgment decisions) may be less appropriate for interlocutory appeal than "abstract" issues, but it then held that the evaluation of the sufficiency of a complaint's allegations "falls well within the latter class." *Id.* at 1947. In support of its conclusion, the Court noted that an appellate court undertaking such an evaluation need consider only "the allegations contained within the four corners of [the] complaint," that it need not review a "vast pretrial record," and that "determining whether [the] complaint has the 'heft' to state a claim is a task well within an appellate court's core competency." *Id.*

This case involves the same exercise involved in *Iqbal*—evaluating the sufficiency of a complaint by assessing the legal significance of its factual allegations. Because the Supreme Court has conclusively established that this is a question of law for purposes of appellate review—one that falls "well within an appellate court's core competency"—this objection to Defendants' request for

---

Civ. A. No. 03-2670 (JBS), 2006 WL 2882990 (D.N.J. Oct. 10, 2006) (cited in Opp. at 9 n.9) (denying interlocutory certification of *summary judgment* ruling).

3

certification under Section 1292(b) is without merit.

## II. The Order Offers Substantial Ground For Difference Of Opinion

Plaintiffs next argue that the second criterion for certification under Section 1292(b)—the existence of substantial grounds for difference of opinion—may be demonstrated only by pointing to *numerous* conflicting decisions *in this Circuit* on the question at issue. Opp. at 11. Plaintiffs therefore largely ignore the four recent securities law decisions cited in Defendants' opening brief. These decisions, which apply federal pleading standards to securities fraud complaints differently than this Court has applied them, are, by themselves, sufficient to show substantial grounds for disagreement with the Court's decision.[4]

Plaintiffs offer no response, moreover, to the proposition that novelty and uncertainty in the law are themselves grounds for difference of opinion. *See Smith v. Berg*, No. 99-CV-2133, 2000 WL 987867, at *4 (E.D. Pa. July 18, 2000) (cited

---

[4] *See Welch v. TD Ameritrade Holding Corp.*, No. 07 Civ. 6904 (RJS), 2009 WL 2356131, at *7 (S.D.N.Y. July 27, 2009) (cited in Opening Br. at 10); *In re 2007 Novastar Fin. Inc. Securities Litig.*, No. 08-2452, 2009 WL 2747281, 576 F.3d 878 (8th Cir. Sep. 1, 2009) (cited in Opening Br. at 10); *Metzler Inv. GMBH v. Cirinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008) (cited in Opening Br. at 11); *Avon Pension Fund v. GlaxoSmithKline PLC*, No. 08-4363-cv, 2009 U.S. App. LEXIS 18969 (2d Cir. Aug. 24, 2009) (cited in Opening Br. at 11 n.2). Of these four cases, Plaintiffs do not even address *Novastar*, *Metzler*, or *Avon*. They attempt to brush off *Welch* as involving "unadorned" allegations as to a particular misstatement's falsity, Opp. at 11 n.11, but miss the point that, upon evaluation, the allegations of misstatements in Plaintiffs' Complaint are similarly "unadorned," and that in any event the Court here has not engaged in the statement-by-statement analysis undertaken in *Welch*.

in Opening Br. at 11) (certifying order for appeal in light of uncertainty of application of recent Supreme Court decision in "an inherently murky area of the law"), *aff'd*, 247 F.3d 532 (3d Cir. 2001); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 494 F. Supp. 1190, 1243 (E.D. Pa. 1980) (cited in Opening Br. at 12) (certifying order for interlocutory appeal where there were "few prior decisions construing" the Act in question, and "the issues presented [were] novel"). Nor do Plaintiffs address *In re Chocolate Confectionary Antitrust Litigation*, 607 F. Supp. 2d 701 (M.D. Pa. April 8, 2009) (cited in Opening Br. at 12), which held, even before *Iqbal*, that the *Twombly* standard was "in its infancy" and that potential "disagree[ment] about its effect on plaintiffs' pleading obligations" justified certification of denial of a motion to dismiss under Section 1292(b). *Id.* at 707.

Indeed, the Third Circuit has virtually declared that pleading issues arising from *Twombly* and *Iqbal* can present substantial ground for difference of opinion, stating that they "are not easily resolved, and likely will be a source of controversy for years to come." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

In addition, this case presents an ideal opportunity for the Third Circuit to provide guidance to district courts on the pleading standards for securities fraud cases where, as here, the plaintiffs have not alleged that a public company falsely reported earnings or otherwise lied to investors—but instead have merely alleged

5

that the defendants *omitted* certain material facts from their public statements. The Third Circuit has previously explained that "non-disclosure of material information will not [alone] give rise to liability under Rule 10b-5." *Oran v. Stafford*, 226 F.3d 275, 285 (3d Cir. 2000) (Alito, J.); *see also Winer Family Trust v. Queen*, 503 F.3d 319, 330 (3d Cir. 2007) ("Liability may exist under Rule 10b-5 for misleading or untrue statements, but not for statements that are simply incomplete.").

While the Third Circuit has explained the general rule of law in this area, there continues to be a great deal of confusion regarding "fraud-by-omission" cases like this one—where the concept of *materiality* is mistakenly conflated with Rule 10b-5's prohibition against *misleading* statements. Indeed, the Ninth Circuit has held that it is not enough for the plaintiffs to simply identify material facts that were not disclosed to investors; rather, Rule 10b-5 requires the plaintiffs to specifically identify a *statement made* by the defendant and explain why that statement was rendered *misleading* as a result of the omission. *See Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002); *see also In re Guidant Corp. Sec. Litig.*, 536 F. Supp. 2d 913, 928 (S.D. Ind. 2008) ("As we have repeatedly emphasized . . . there is no affirmative independent duty for a company to disclose all information that could potentially affect its stock price, unless such silence renders an affirmative statement misleading."). Thus, this case would allow the Third Circuit to clarify the law and the specific pleading requirements

6

under the PSLRA and *Twombly/Iqbal* where, as here, the plaintiffs have done nothing more than identify allegedly material facts that they say defendants should have disclosed to investors.

Permitting an appeal here will also allow the Third Circuit to address Plaintiffs' legal argument that once Schering spoke generally about the efficacy of Vytorin® and Zetia®, it was somehow obligated to immediately disclose *all* material facts to investors about the ENHANCE clinical trial. This type of argument was specifically rejected by the First Circuit in *Backman v. Polaroid Corp.*, 910 F.2d 10, 16 (1st Cir. 1990), where the First Circuit held that although disclosures must be accurate, that "does not mean that by revealing one fact about a product, one must reveal all others that, too, would be interesting, market-wise, but means only [that the company must disclose] such others, if any, that are needed so that what was revealed would not be 'so incomplete as to mislead.'" This case presents an opportunity for the Third Circuit to similarly weigh in on this dispositive question of law.

The second criterion for certification under Section 1292(b) is therefore clearly satisfied here.

### III. Immediate Appeal Has The Potential To Materially Advance The Ultimate Termination Of The Litigation

Although the very purpose of Rule 12(b)(6) is to terminate litigation expeditiously, Plaintiffs argue that immediate appeal of the Order lacks even the

7

potential to do so here. To support that dubious proposition, Plaintiffs ask this Court to assume that, if the Order refusing to dismiss were reversed, they would simply amend their Complaint.

There is, however, no reason to believe that an amendment could cure the fundamental deficiencies in the Complaint that Defendants' motion to dismiss has identified. As relevant here, Defendants contend that the Complaint fails to allege any statements that were rendered false or misleading by the nondisclosure of the ENHANCE results. If that argument were accepted on appeal, it is highly doubtful that Plaintiffs would be able to identify other statements that would be actionable. Indeed, Plaintiffs already have amended their complaint. If, on their second try, Plaintiffs were unable to allege facts sufficient to state a claim, it is highly unlikely that they would be able to do so in yet a third attempt. Notably, Plaintiffs do not point to any allegations that they omitted from their current Complaint and would add if given the opportunity.

Had Plaintiffs realized they had indeed omitted something that could have remedied the deficiencies identified in our motion, moreover, they should have sought the Court's permission to amend during the substantial period of time that has elapsed since the motion was filed, rather than raise some phantom, unspecified hypothetical allegations now.

Plaintiffs cite several cases for the proposition that the mere possibility of amendment makes the immediate appeal of an order denying a motion to dismiss inappropriate. Opp. 13 & n.12. In those cases, however, the courts had some basis to believe that an amendment could cure the alleged defects in the complaints at issue. *See In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 57 n.9 (S.D.N.Y. 2002) (cited in Opp. at 13) (finding that existing allegations in the Complaint suggested that plaintiffs would be able to satisfactorily amend their complaint); *Urbach v. Sayles*, 779 F. Supp. 351, 364 (D.N.J. 1991) (cited in Opp. at 13 n.12) (finding that alleged deficiency in complaint could be cured simply by amending the complaint to provide that facts already alleged with respect to certain claims were alleged with respect to all claims). That is not so here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, if the Court does not reconsider and reverse its Order, it certify the Order for immediate appeal.

|  |  |
|---|---|
|  | Respectfully submitted, |
| *Of Counsel:*<br>Richard A. Spehr<br>**MAYER BROWN LLP**<br>1675 Broadway<br>New York, New York 10019<br>212.506.2500 | Douglas S. Eakeley<br>Gavin J. Rooney<br>**LOWENSTEIN SANDLER PC**<br>65 Livingston Avenue<br>Roseland, New Jersey  07068<br>973.597.2500<br>973.597.2400 (Fax)<br>deakeley@lowenstein.com |
| Richard Ben-Veniste<br>Miriam R. Nemetz<br>Reginald R. Goeke<br>Jeffrey F. Robertson<br>**MAYER BROWN LLP**<br>1909 K Street NW<br>Washington, DC 20006-1101<br>202.263.3000 | grooney@lowenstein.com<br><br>*Attorneys for the Schering Defendants*<br><br>By:  /s  Douglas S. Eakeley |
| *Of Counsel*<br>Kenneth M. Kramer<br>Alan S. Goudiss<br>Daniel H.R. Laguardia<br>**SHEARMAN & STERLING LLP**<br>599 Lexington Avenue<br>New York, New York 10022<br>212.848.4000 | Jeffrey J. Greenbaum<br>A. Ross Pearlson<br>**SILLS CUMMIS & GROSS PC**<br>One Riverfront Plaza<br>Newark, New Jersey  07102<br>973.643.7000<br>jgreenbaum@sillscummis.com<br><br>*Attorneys for the Underwriter Defendants* |

Dated:  October 13, 2009

10