Stuart M. Feinblatt
Jeffrey J. Greenbaum
A. Ross Pearlson
**SILLS CUMMIS & GROSS**
One Riverfront Plaza
Newark, NJ  07102
973.643.7000

**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY  10022
212.848.4000
*Attorneys for the Underwriter*
*Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION/ENHANCE SECURITIES LITIGATION<br><br><br><br>THIS DOCUMENT RELATES TO: ALL CASES | **DOCUMENT ELECTRONICALLY FILED**<br><br>Lead Case No. 08-397 (DMC) (MF) (Securities Class Action) |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF THE UNDERWRITER DEFENDANTS

Defendants ABN AMRO Rothschild LLC, Banc of America Securities LLC, Banca IMI SpA, BBVA Securities Inc., Bear, Stearns & Co. Inc., BNP Paribas Securities Corp., BNY Capital Markets, Inc., Citigroup Global Markets, Inc., Credit Suisse Securities (USA) LLC, Daiwa Securities America Inc., Goldman, Sachs & Co., ING Financial Markets LLC, J.P. Morgan Securities Inc., Mizuho Securities USA Inc., Morgan Stanley & Co. Incorporated, Santander Investment Securities Inc., The Williams Capital Group, L.P., and Utendahl Capital Partners, L.P. (collectively, the "Underwriter Defendants"), by and through their undersigned attorneys, hereby answer the Consolidated Class Action Complaint for Violations of the Federal Securities Laws, dated September 15, 2008 (the "Complaint").  The Underwriter Defendants deny all allegations in the Complaint to the extent they suggest that the Registration Statement, the Common Stock Prospectus or the Preferred Stock Prospectus[1] were false or misleading and further respond to the Complaint as follows:

The introductory paragraph beginning on page 1 of the Complaint contains conclusions of law as to which no response is required.  To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the introductory paragraph beginning on page 1 of the Complaint, except admit that Lead Plaintiffs purport to bring the claims described therein on the bases alleged.

---

[1]     Terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

## NATURE OF ACTION

1.      The Underwriter Defendants deny the allegations contained in Paragraph 1, except admit that Lead Plaintiffs purport to bring this action pursuant to the statutes cited and on behalf of the purported class described therein.

2.      The Underwriter Defendants deny the allegations contained in Paragraph 2, except admit that they purport to describe Lead Plaintiffs' claims.

3.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, except refer to Schering's public filings and announcements for the contents thereof.

4.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, except refer to Schering's public filings and announcements for the contents thereof.

5.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, except refer to Schering's public filings and announcements for the contents thereof.

6.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6, except refer to *The New York Times* article dated December 12, 2007 cited therein for the contents thereof.

7.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

8.      The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, except deny the

allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents for a description of the Offering.

9.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents for a description of the Offering.

10.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

11.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, except refer to Schering's press releases dated January 14, 2008, and March 30, 2008, cited therein for the contents thereof, and to publicly reported market services for the trading price of Schering's stock.

12.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, except deny the final sentence thereof, deny all the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and admit that they purport to describe Lead Plaintiffs' claims and legal theories.

## THE CLAIMS ASSERTED IN THE COMPLAINT

13.     The allegations contained in Paragraph 13 state legal conclusions and are not directed to the Underwriter Defendants and, therefore, the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, except admit that they purport to describe Lead Plaintiffs' claims and legal theories and that Lead Plaintiffs purport to bring this action pursuant to the statutes cited therein.

14.     The allegations contained in Paragraph 14 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations, except admit that they purport to describe Lead Plaintiffs' claims and legal theories and that Lead Plaintiffs purport to bring this action pursuant to the statutes cited therein.

## JURISDICTION AND VENUE

15.     The allegations contained in Paragraph 15 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants admit that Lead Plaintiffs purport to base jurisdiction over the subject matter of this action pursuant to the statutes cited therein.

16.     The allegations contained in Paragraph 16 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants, and admit that Lead Plaintiffs purport to base venue on statutes cited therein.

17.     The allegations contained in Paragraph 17 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants, and admit that the Underwriter Defendants used the mails, interstate telephone communications and/or the facilities of national securities exchanges in connection with the Offering.

**THE PARTIES**

      **A.     The Lead Plaintiffs**

18.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18, except deny that Lead Plaintiffs have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint and deny that the Underwriter Defendants have any liability thereunder.

19.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19, except deny that Lead Plaintiffs have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint and deny that the Underwriter Defendants have any liability thereunder.

20.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20, except deny that Lead Plaintiffs have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint and deny that the Underwriter Defendants have any liability thereunder.

21.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, except deny that Lead

Plaintiffs have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint and deny that the Underwriter Defendants have any liability thereunder.

22.     The allegations in Paragraph 22 contain legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants refer to the April 18, 2008 Order cited therein for the contents thereof.

**B.     The Defendants**

**1.     Schering-Plough Corporation**

23.     The Underwriter Defendants deny that the allegations contained in Paragraph 23 constitute a complete and accurate description of Schering, deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents, Schering's public filings and its website for a description of Schering and its business as of the date of the Offering.

**2.     Merck/Schering-Plough Pharmaceuticals**

24.     The Underwriter Defendants deny that the allegations contained in Paragraph 24 constitute a complete and accurate description of M/SP, deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents, Schering's public filings and its website for a description of M/SP and its business as of the date of the Offering.

**3.     The Officer Defendants**

25.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents and Schering's

website for a description of Mr. Hassan, his history at Schering and his responsibility for Schering's filings, and further refer to the earnings calls cited in Paragraph 25 for the contents thereof.

26.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents, Schering's public filings and its website for a description of Ms. Cox, her history at Schering, her responsibility for Schering's filings and her sales of Schering common stock, and further refer to the earnings calls cited in Paragraph 26 for the contents thereof.

27.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents, Schering's public filings and its website for a description of Mr. Bertolini, his history at Schering and his responsibility for Schering's filings, and further refer to the earnings calls cited in Paragraph 27 for the contents thereof.

28.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the Offering Documents, Schering's public filings and its website for a description of Mr. Koehler, his history at Schering and his responsibility for Schering's filings.

29.     Because Paragraph 29 contains no factual allegations, no response is required.  To the extent that a response is required, the Underwriter Defendants admit that Paragraph 29 purports to describe Lead Plaintiffs' claims.

### 4.     The Corporate Secretary and Associate General Counsel

30.     The Underwriter Defendants deny the allegations contained in Paragraph 30, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Ms. Wolf and her history at Schering.

### 5.     The Director Defendants

31.     The Underwriter Defendants deny the allegations contained in Paragraph 31, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. Becherer and his history at Schering.

32.     The Underwriter Defendants deny the allegations contained in Paragraph 32, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. Colligan and his history at Schering.

33.     The Underwriter Defendants deny the allegations contained in Paragraph 33, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. Kidder and his history at Schering.

34.     The Underwriter Defendants deny the allegations contained in Paragraph 34, except refer to the Registration Statement for the identities of those who signed the Registration

Statement, and further refer to Schering's public filings and its website for a description of Mr. Leder and his history at Schering.

35.     The Underwriter Defendants deny the allegations contained in Paragraph 35, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. McGrath and his history at Schering.

36.     The Underwriter Defendants deny the allegations contained in Paragraph 36, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. Mundy and his history at Schering.

37.     The Underwriter Defendants deny the allegations contained in Paragraph 37, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. Perez and his history at Schering.

38.     The Underwriter Defendants deny the allegations contained in Paragraph 38, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Ms. Russo and her history at Schering.

39.     The Underwriter Defendants deny the allegations contained in Paragraph 39, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. Stahl and his history at Schering.

40.     The Underwriter Defendants deny the allegations contained in Paragraph 40, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Ms. Turner and her history at Schering.

41.     The Underwriter Defendants deny the allegations contained in Paragraph 41, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. van Oordt and his history at Schering.

42.     The Underwriter Defendants deny the allegations contained in Paragraph 42, except refer to the Registration Statement for the identities of those who signed the Registration Statement, and further refer to Schering's public filings and its website for a description of Mr. Weinbach and his history at Schering.

43.     Because Paragraph 43 contains no factual allegations, no response is required.

### 6.     The Underwriter Defendants

44.     The Underwriter Defendants deny the allegations contained in Paragraph 44, except admit and aver that they participated as underwriters and earned customary fees in connection with the Offering, and refer to the Offering Documents for a description of the Offering and the underwriting arrangements relating thereto.

45.     The allegations contained in Paragraph 45 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations.

46.     The Underwriter Defendants deny the allegations contained in Paragraph 46, except Goldman, Sachs & Co. ("Goldman Sachs") admits and avers, and the other Underwriter

Defendants admit on information and belief, that Goldman Sachs is an investment banking and securities firm with principal offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

47. The Underwriter Defendants deny the allegations contained in Paragraph 47, except Banc of America Securities LLC ("Banc of America") admits and avers, and the other Underwriter Defendants admit on information and belief, that Banc of America is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

48. The Underwriter Defendants deny the allegations contained in Paragraph 48, except J.P. Morgan Securities Inc. admits and avers, and the other Underwriter Defendants admit on information and belief, that Bear Stearns was a corporation at the time of the Offering with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering. The Underwriter Defendants further refer to JPMorgan Chase & Co.'s public filings and its website for a description of the corporate structure and business of JPMorgan Chase & Co.

49. The Underwriter Defendants deny the allegations contained in Paragraph 49, except Citigroup Global Markets, Inc. ("Citigroup") admits and avers, and the other Underwriter Defendants admit on information and belief, that Citigroup is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer

to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

50.     The Underwriter Defendants deny the allegations contained in Paragraph 50, except Morgan Stanley & Co. Incorporated ("Morgan Stanley") admits and avers, and the other Underwriter Defendants admit on information and belief, that Morgan Stanley is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

51.     The Underwriter Defendants deny the allegations contained in Paragraph 51, except BNP Paribas Securities Corp. ("BNP Paribas") admits and avers, and the other Underwriter Defendants admit on information and belief, that BNP Paribas is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

52.     The Underwriter Defendants deny the allegations contained in Paragraph 52, except J.P. Morgan Securities Inc. ("JPMSI") admits and avers, and the other Underwriter Defendants admit on information and belief, that JPMSI is a corporation with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

53.     The Underwriter Defendants deny the allegations contained in Paragraph 53, except Credit Suisse Securities (USA) LLC ("Credit Suisse") admits and avers, and the other Underwriter Defendants admit on information and belief, that Credit Suisse is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the

Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

54.     The Underwriter Defendants deny the allegations contained in Paragraph 54, except Daiwa Securities America Inc. ("Daiwa Securities") admits and avers, and the other Underwriter Defendants admit on information and belief, that Daiwa Securities is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

55.     The Underwriter Defendants deny the allegations contained in Paragraph 55, except Santander Investment Securities Inc. ("Santander Securities") admits and avers, and the other Underwriter Defendants admit on information and belief, that Santander Securities is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

56.     The Underwriter Defendants deny the allegations contained in Paragraph 56, except Utendahl Capital Partners, L.P. ("Utendahl Capital") admits and avers, and the other Underwriter Defendants admit on information and belief, that Utendahl Capital is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

57.     The Underwriter Defendants deny the allegations contained in Paragraph 57, except The Williams Capital Group, L.P. ("Williams Capital") admits and avers, and the other Underwriter Defendants admit on information and belief, that Williams Capital is an investment

banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

58.     The Underwriter Defendants deny the allegations contained in Paragraph 58, except ABN AMRO Rothschild LLC ("ABN AMRO") admits and avers, and the other Underwriter Defendants admit on information and belief, that ABN AMRO was an investment banking firm with offices in New York, New York at the time of the Offering, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

59.     The Underwriter Defendants deny the allegations contained in Paragraph 59, except BNY Capital Markets, Inc. ("BNY Capital") admits and avers, and the other Underwriter Defendants admit on information and belief, that BNY Capital is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

60.     The Underwriter Defendants deny the allegations contained in Paragraph 60, except ING Financial Markets LLC ("ING Financial") admits and avers, and the other Underwriter Defendants admit on information and belief, that ING Financial is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

61.     The Underwriter Defendants deny the allegations contained in Paragraph 61, except Mizuho Securities USA Inc. ("Mizuho Securities") admits and avers, and the other

Underwriter Defendants admit on information and belief, that Mizuho Securities is an investment banking firm with offices in Hoboken, New Jersey, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

62.     The Underwriter Defendants deny the allegations contained in Paragraph 62, except Banca IMI SpA ("Banca IMI") admits and avers, and the other Underwriter Defendants admit on information and belief, that Banca IMI is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

63.     The Underwriter Defendants deny the allegations contained in Paragraph 63, except BBVA Securities Inc. ("BBVA Securities") admits and avers, and the other Underwriter Defendants admit on information and belief, that BBVA Securities is an investment banking firm with offices in New York, New York, that it participated as an underwriter in the Offering, and refer to the Offering Documents for a description of the underwriting arrangements relating to the Offering.

64.     Because Paragraph 64 contains no factual allegations, no response is required.

65.     Because Paragraph 65 contains no factual allegations, no response is required.

66.     Because Paragraph 66 contains no factual allegations, no response is required.

67.     The allegations contained in Paragraph 67 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations, except admit that they purport to describe Lead Plaintiffs' claims and legal theories and that Lead Plaintiffs purport to bring this action pursuant to the statutes cited therein.

68.     The allegations contained in Paragraph 68 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations, except admit that they purport to describe Lead Plaintiffs' claims and legal theories, and that Schering conducted the Offering in 2007, and refer to the Offering Documents, Schering's public filings, and its website for a description of the Offering and the number of Schering's outstanding shares of common stock.

69.     The allegations contained in Paragraph 69 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations.

70.      The allegations contained in Paragraph 70 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations.

71.     The allegations contained in Paragraph 71 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations.

72.     The allegations contained in Paragraph 72 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations.

73.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73.

## EXCHANGE ACT ALLEGATIONS

74-422.　　　The allegations contained in Paragraphs 74-422 are not directed to the Underwriter Defendants, who are not alleged to be Exchange Act Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.  To the extent a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

## SECURITIES ACT ALLEGATIONS

423.　　Paragraph 423 merely purports to summarize and characterize the nature of Lead Plaintiffs' claims and, thus, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

424.　　Paragraph 424 merely purports to summarize and characterize the nature of Lead Plaintiffs' claims and, thus, no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

425.　　The Underwriter Defendants admit that Schering conducted the Offering in August 2007, deny that the allegations contained in Paragraph 425 constitute a complete and accurate description of the Offering, and refer to the Offering Documents for a description of the Offering and the underwriting arrangements relating thereto.

426.　　The Underwriter Defendants deny the allegations contained in Paragraph 426, except admit and aver that certain Schering public filings were incorporated by reference, and refer to the Offering Documents for a description of the Offering.

427.　　The Underwriter Defendants deny the allegations contained in Paragraph 427.

428.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 428, except refer to the public filings and statements cited therein for the contents thereof.

429.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 429, except refer to Schering's press release dated April 20, 2003, cited therein for the contents thereof.

430.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 430, except refer to the articles cited therein for the contents thereof.

431.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 431, except refer to Schering's public filings and the Offering Documents for a description of its relationship with Merck.

432.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 432.

433.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 433, except refer to *The Wall Street Journal* article dated August 2, 2006 cited therein for the contents thereof.

434.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 434, except refer to Schering's 2006 and 2007 Forms 10-K and its April 20, 2006 Form 8-K for the contents thereof.

435.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 435.

436.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 436, except refer to the analyst report cited therein, and Schering's April 20, 2006 Form 8-K, for the contents thereof.

437.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 437, except refer to the 2005 ENHANCE article for the contents thereof.

438.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 438, except refer to the articles and published results of the REVERSAL, IDEAL and ASTEROID studies cited therein for the contents thereof.

439.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 439, except refer to the 2005 ENHANCE article for the contents thereof.

440.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 440, except refer to the March 30, 2008 *NEJM* article cited therein for the contents thereof.

441.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 441, except refer to the March 30, 2008 *NEJM* article cited therein for the contents thereof.

442.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 442, except refer to the March 30, 2008 *NEJM* article cited therein for the contents thereof.

443.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 443, except refer to Schering's press releases dated January 14, 2008, and March 30, 2008, for the contents thereof.

444.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 444.

445.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 445, except refer to the Bots Report for the contents thereof.

446.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 446, except refer to the Bots Report for the contents thereof.

447.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 447, except refer to the Bots Report for the contents thereof.

448.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 448, except refer to the Bots Report for the contents thereof.

449.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 449, except refer to the Bots Report for the contents thereof.

450.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 450, except refer to the Bots Report for the contents thereof.

451.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 451, except refer to the Bots Report for the contents thereof.

452.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 452, except refer to the Bots Report for the contents thereof.

453.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 453, except refer to the Bots Report for the contents thereof.

454.    The Underwriter Defendants deny the allegations contained in Paragraph 454, except admit that the Offering was conducted in August 2007 and refer to the Offering Documents and Schering's public filings for the contents thereof.

455.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 455, except refer to the November 19, 2007 *Forbes* article cited therein for the contents thereof.

456.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 456, except refer to the November 19, 2007 *Forbes* article cited therein for the contents thereof.

457.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 457, except refer to *The New York Times* article dated November 21, 2007, cited therein for the contents thereof.

458.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 458, except refer to the First House Letter for the contents thereof.

459.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 459, except refer to *The New York Times* article cited therein for the contents thereof.

460.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 460, except refer to the January 14, 2008 announcement cited therein for the contents thereof.

461.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 461, except refer to the *Dow Jones* report and *JAMA* article cited therein for the contents thereof.

462.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 462, except refer to the analyst reports cited therein for the contents thereof.

463.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 463, except deny that Lead Plaintiffs or members of the putative class have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint, and deny that the Underwriter Defendants have any liability thereunder, and refer to publicly reported market services for the trading price of Schering's stock.

464.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 464, except refer to

Schering's public statements and *The Wall Street Journal* article dated January 17, 2008 cited therein for the contents thereof.

465.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 465.

466.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 466, except refer to the presentation cited therein for the contents thereof.

467.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 467, except refer to the record of the conference cited therein for the contents thereof.

468.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 468, except refer to the record of the conference and *The New York Times* article dated March 31, 2008, cited therein for the contents thereof.

469.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 469, except refer to the March 31, 2008 *NEJM* article cited therein for the contents thereof.

470.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 470, except refer to the March 31, 2008 *NEJM* article cited therein for the contents thereof.

471.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 471, except refer to the March 31, 2008 *NEJM* article(s) and editorial cited therein for the contents thereof.

472.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 472, except deny that Lead Plaintiffs or members of the putative class have suffered any damages as a consequence of any acts of the Underwriter Defendants alleged in the Complaint, and deny that the Underwriter Defendants have any liability thereunder, and refer to publicly reported market services for the trading price of Schering's stock.

473.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 473, except refer to the March 31, 2008 *Associated Press* report cited therein for the contents thereof.

474.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 474, except refer to *The Wall Street Journal* article dated March 31, 2008 cited therein for the contents thereof.

475.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 475, except refer to the analyst reports and statements cited therein for the contents thereof.

476.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 476, except refer to Schering's Form 8-K dated July 17, 2008 for the contents thereof.

477.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 477, except refer to Schering's April 2, 2008 announcement for the contents thereof.

478.    The allegations contained in Paragraph 478 state legal conclusions and are not directed to the Underwriter Defendants, accordingly, the Underwriter Defendants are not

required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations.

479.    The Underwriter Defendants deny the allegations contained in Paragraph 479, except refer to the Bots Report and the May 19, 2008 *Forbes* report cited therein for the contents thereof.

480.    The allegations contained in Paragraph 480 state legal conclusions and are not directed to the Underwriter Defendants, accordingly, the Underwriter Defendants are not required to answer such allegations.  To the extent that a response is required, the Underwriter Defendants deny the allegations that the Offering Documents contain any material misstatements or material omissions.

481.    The allegations contained in Paragraph 481 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations, except admit and aver that they participated as underwriters and earned a customary fee in connection with the Offering, and refer to the Offering Documents for a description of the Offering and the underwriting arrangements relating thereto.

482.    The Underwriter Defendants deny that the allegations contained in Paragraph 482 present a complete and accurate description of the Offering Documents and Schering's public filings and refer to the Offering Documents and Schering's public filings for the contents thereof.

483.    The Underwriter Defendants deny the allegations contained in Paragraph 483, except refer to the Offering Documents and Schering's public filings for the contents thereof.

484.    The Underwriter Defendants deny the allegations contained in Paragraph 484, except refer to the Offering Documents and Schering's public filings for the contents thereof.

485.    The Underwriter Defendants deny the allegations contained in Paragraph 485.

486.    The Underwriter Defendants deny that the allegations contained in Paragraph 486 present a complete and accurate statement of the Schering Form 8-K and press release dated January 29, 2007, and refer to that Form 8-K and press release for the contents thereof.

487.    The Underwriter Defendants deny that the allegations contained in Paragraph 487 present a complete and accurate statement of the Schering press release dated January 29, 2007, and refer to that press release for the contents thereof.

488.    The Underwriter Defendants deny that the allegations contained in Paragraph 488 present a complete and accurate statement of the Schering press release dated January 29, 2007, and refer to that press release for the contents thereof.

489.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 489, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

490.    The Underwriter Defendants deny the allegations contained in Paragraph 490, except refer to the Schering Form 10-K dated February 28, 2007, for the contents thereof.

491.    The Underwriter Defendants deny that the allegations contained in Paragraph 491 present a complete and accurate statement of Schering's Form 10-K dated February 28, 2007, and refer to that Form 10-K for the contents thereof.

492.    The Underwriter Defendants deny that the allegations contained in Paragraph 492 present a complete and accurate statement of Schering's Form 10-K dated February 28, 2007, and refer to that Form 10-K for the contents thereof.

493.    The Underwriter Defendants deny that the allegations contained in Paragraph 493 present a complete and accurate statement of Schering's Form 10-K dated February 28, 2007, and refer to that Form 10-K for the contents thereof.

494.    The Underwriter Defendants deny that the allegations contained in Paragraph 494 present a complete and accurate statement of Schering's Form 10-K dated February 28, 2007, and refer to that Form 10-K for the contents thereof.

495.    The Underwriter Defendants deny that the allegations contained in Paragraph 495 present a complete and accurate statement of Schering's Form 10-K dated February 28, 2007, and refer to that Form 10-K for the contents thereof.

496.    The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 496, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

497.    The Underwriter Defendants admit, on information and belief, the allegations contained in Paragraph 497, and refer to the certifications cited therein for the contents thereof.

498.    The allegations contained in Paragraph 498 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

499.    The Underwriter Defendants deny that the allegations contained in Paragraph 499 present a complete and accurate statement of the Schering Form 8-K and press release dated April 19, 2007, and refer to that Form 8-K and press release for the contents thereof.

500.     The Underwriter Defendants deny that the allegations contained in Paragraph 500 present a complete and accurate statement of the Schering press release dated April 19, 2007, and refer to that press release for the contents thereof.

501.     The allegations contained in Paragraph 501 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

502.     The Underwriter Defendants deny that the allegations contained in Paragraph 502 present a complete and accurate statement of Schering's Form 10-Q dated April 27, 2007, and refer to that Form 10-Q for the contents thereof.

503.     The Underwriter Defendants deny that the allegations contained in Paragraph 503 present a complete and accurate statement of Schering's Form 10-Q dated April 27, 2007, and refer to that Form 10-Q for the contents thereof.

504.     The Underwriter Defendants deny that the allegations contained in Paragraph 504 present a complete and accurate statement of Schering's Form 10-Q dated April 27, 2007, and refer to that Form 10-Q for the contents thereof.

505.     The Underwriter Defendants deny that the allegations contained in Paragraph 505 present a complete and accurate statement of Schering's Form 10-Q dated April 27, 2007, and refer to that Form 10-Q for the contents thereof.

506.     The allegations contained in Paragraph 506 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

507.    The allegations contained in Paragraph 507 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the certifications cited in Paragraph 507 for the contents thereof.

508.    The Underwriter Defendants deny that the allegations contained in Paragraph 508 present a complete and accurate statement of the Schering Form 8-K and press release dated July 23, 2007, and refer to that Form 8-K and press release for the contents thereof.

509.    The Underwriter Defendants deny that the allegations contained in Paragraph 509 present a complete and accurate statement of the Schering press release dated July 23, 2007, and refer to that press release for the contents thereof.

510.    The allegations contained in Paragraph 510 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

511.    The Underwriter Defendants deny that the allegations contained in Paragraph 511 present a complete and accurate statement of Schering's Form 10-Q dated July 27, 2007, and refer to that Form 10-Q for the contents thereof.

512.    The Underwriter Defendants deny that the allegations contained in Paragraph 512 present a complete and accurate statement of Schering's Form 10-Q dated July 27, 2007, and refer to that Form 10-Q for the contents thereof.

513.     The Underwriter Defendants deny that the allegations contained in Paragraph 513 present a complete and accurate statement of Schering's Form 10-Q dated July 27, 2007, and refer to that Form 10-Q for the contents thereof.

514.     The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 514, except deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions.

515.     The allegations contained in Paragraph 515 state legal conclusions as to which no response is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations to the extent they suggest that the Offering Documents contain any material misstatements or material omissions, and refer to the certifications cited in Paragraph 515 for the contents thereof.

516.     The Underwriter Defendants deny the allegations contained in Paragraph 516.

## CLAIMS FOR RELIEF UNDER THE SECURITIES ACT

### COUNT FOUR

**For Violations of Section 11 of the Securities Act,
on Behalf of Purchasers of Schering's Registered Common Stock,
Against Defendants Schering, Hassan, Bertolini, Koehler, Wolf,
the Director Defendants and the Common Stock Underwriter Defendants.**

517.     In response to the first sentence of Paragraph 517, the Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  In response to the second sentence of Paragraph 517, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admit that Lead Plaintiffs purport to assert their claims as set forth therein.

518.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 518, except admit that Lead Plaintiffs purport to bring Count Four as described therein.  Paragraphs 518-528 are not directed at the Preferred Stock Underwriter Defendants and, therefore, the Preferred Stock Underwriter Defendants are not required to answer the allegations set forth in those paragraphs.

519.    The allegations contained in Paragraph 519 state legal conclusions as to which no response is required.  To the extent a response is required, the Common Stock Underwriter Defendants admit and aver that Schering conducted the Offering in August 2007 and refer to the Offering Documents for a description of the Offering.

520.    The allegations contained in Paragraph 520 state legal conclusions as to which no response is required.  To the extent a response is required, the Common Stock Underwriter Defendants admit, on information and belief, that Defendants Hassan, Bertolini, Kochler and Wolf and the Director Defendants signed the Registration Statement, and refer to the Offering Documents for a description of the Offering.

521.    The allegations contained in Paragraph 521 state legal conclusions as to which no response is required.  To the extent a response is required, the Common Stock Underwriter Defendants deny the allegations contained in Paragraph 521, except admit and aver that they participated as underwriters and earned customary fees in connection with the Offering, and refer to the Offering Documents for a description of the Offering and the underwriting arrangements relating thereto.

522.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 522, except refer to the Offering Documents for the contents thereof.

523.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 523.

524.    The allegations contained in Paragraph 524 state legal conclusions as to which no response is required.  To the extent that a response is required, the Common Stock Underwriter Defendants deny the allegations, except admit and aver that the Underwriter Defendants performed reasonable due diligence in connection with the Offering.

525.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 525.

526.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 526.

527.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 527, except admit that the claim has been brought within three years after the issuance of the Offering Documents.

528.    The allegations contained in Paragraph 528 state legal conclusions as to which no response is required.  To the extent that a response is required, the Common Stock Underwriter Defendants deny the allegations.

## COUNT FIVE

**For Violations of Section 15 of the Securities Act, on Behalf of All Purchasers
of Schering's Registered Common Stock, Against Defendants
Hassan, Bertolini, Koehler and Wolf for Control Person Liability
Based on Section 11 Violations by Schering**

529.    In response to the first sentence of Paragraph 529, the Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 529 are not directed at the

Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

530-534.    The allegations contained in Paragraphs 530-534 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

**COUNT SIX**

**For Violations of Section 12(a)(2) of the Securities Act, on Behalf of
Purchasers of Schering's Registered Common Stock, Against Defendant Schering
and the Common Stock Underwriter Defendants**

535.    In response to the first sentence of Paragraph 535, the Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  In response to the second sentence of Paragraph 535, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admit that Lead Plaintiffs purport to assert their claims as set forth therein.

536.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 536, except admit that Lead Plaintiffs purport to bring Count Six as described therein. Paragraphs 536-545 are not directed at the Preferred Stock Underwriter Defendants and, therefore, the Preferred Stock Underwriter Defendants are not required to answer the allegations set forth in those paragraphs.

537.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 537, except admit that Lead Plaintiffs purport to describe their claims therein.

538.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 538, except admit that Schering's common stock was sold pursuant to the Common Stock Prospectus, and by the use of means or instruments of transport or communication in

34

interstate commerce or of the mails, and refer to the Common Stock Prospectus and the Offering Documents for the contents thereof and for a description of the underwriting arrangements relating to the Offering.

539.    The allegations contained in Paragraph 539 state legal conclusions as to which no response is required.  To the extent that a response is required, the Common Stock Underwriter Defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants.

540.    The allegations contained in Paragraph 540 state legal conclusions as to which no response is required.  To the extent that a response is required, the Common Stock Underwriter Defendants deny the allegations, except admit and aver that the Underwriter Defendants performed reasonable due diligence in connection with the Offering.

541.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 541, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants.

542.    The Common Stock Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 542, except deny that Lead Plaintiff Arkansas Teachers or members of the putative class suffered any damages as a consequence of any acts of the Common Stock Underwriter Defendants alleged in the Complaint, and deny that the Common Stock Underwriter Defendants have any liability thereunder.

543.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 543.

544.    The Common Stock Underwriter Defendants deny the allegations contained in Paragraph 544, except admit that the action has been brought within three years of the Offering.

545.    The Common Stock Underwriter Defendants deny that Lead Plaintiffs are entitled to the relief requested in Paragraph 545 as to the Common Stock Underwriter Defendants, deny that Lead Plaintiff Arkansas Teachers or members of the putative class suffered any damages as a consequence of any acts of the Common Stock Underwriter Defendants alleged in the Complaint, and deny that the Common Stock Underwriter Defendants have any liability thereunder.

## COUNT SEVEN

**For Violations of Section 15 of the Securities Act, on Behalf
of Purchasers of Schering's Registered Common Stock,
Against Defendants Hassan, Bertolini, Koehler and Wolf, for Control Person
Liability Based on Section 12(a)(2) Violations by Schering**

546.    The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 546 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

547-552.        The allegations contained in Paragraphs 547-552 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

## COUNT EIGHT

**For Violations of Section 11 of the Securities Act,
on Behalf of Purchasers of Schering's Registered Preferred Stock,
Against Defendants Schering, Hassan, Bertolini, Koehler, Wolf,
the Director Defendants and the Preferred Stock Underwriter Defendants**

553.    In response to the first sentence of Paragraph 553, the Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  In response to the second sentence of Paragraph 553, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admit that Lead Plaintiffs purport to assert their claims as set forth therein.

554.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 554, except admit that Lead Plaintiffs purport to bring Count Eight as described therein.  Paragraphs 554-564 are not directed at the Common Stock Underwriter Defendants and, therefore, the Common Stock Underwriter Defendants are not required to answer the allegations set forth in those paragraphs.

555.    The allegations contained in Paragraph 555 state legal conclusions as to which no response is required.  To the extent a response is required, the Preferred Stock Underwriter Defendants admit that Schering conducted the Offering in August 2007 and refer to the Offering Documents for a description of the Offering.

556.    The allegations contained in Paragraph 556 state legal conclusions as to which no response is required.  To the extent a response is required, the Preferred Stock Underwriter Defendants admit, on information and belief, that Defendants Hassan, Bertolini, Koehler and Wolf and the Director Defendants signed the Offering Documents, and refer to the Offering Documents for a description of the Offering.

557.     The allegations contained in Paragraph 557 state legal conclusions as to which no response is required.   To the extent a response is required, the Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 557, except admit and aver that they participated as underwriters and earned customary fees in connection with the Offering, and refer to the Offering Documents for a description of the Offering and the underwriting arrangements relating thereto.

558.     The allegations contained in Paragraph 558 state legal conclusions as to which no response is required.   To the extent a response is required, the Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 558, except admit that the Offering was made pursuant to the Offering Documents and refer to the Offering Documents for the contents thereof.

559.     The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 559.

560.     The allegations contained in Paragraph 560 state legal conclusions as to which no response is required.   To the extent that a response is required, the Preferred Stock Underwriter Defendants deny the allegations, except admit and aver that the Underwriter Defendants performed reasonable due diligence in connection with the Offering.

561.     The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 561.

562.     The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 562.

563.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 563, except admit that the claim has been brought within three years after the issuance of the Offering Documents.

564.    The allegations contained in Paragraph 564 state legal conclusions as to which no response is required.  To the extent that a response is required, the Preferred Stock Underwriter Defendants deny the allegations.

## COUNT NINE

**For Violations of Section 15 of the Securities Act, on Behalf of All Purchasers
of Schering's Registered Preferred Stock, Against Defendants
Hassan, Bertolini, Koehler and Wolf for Control Person Liability
Based on Section 11 Violations by Schering**

565.    In response to the first sentence of Paragraph 565, the Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  The remaining allegations contained in Paragraph 565 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

566-570.    The allegations contained in Paragraphs 566-570 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

## COUNT TEN

**For Violations of Section 12(a)(2) of the Securities Act, on Behalf of Purchasers of
Schering's Registered Preferred Stock, Against
Defendants Schering and the Preferred Stock Underwriter Defendants**

571.    In response to the first sentence of Paragraph 571, the Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set forth herein.  In response to the second sentence of Paragraph 571, the Underwriter Defendants

deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admit that Lead Plaintiffs purport to assert their claims as set forth therein.

572.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 572, except admit that Lead Plaintiffs purport to bring Count Ten as described therein. Paragraphs 572-581 are not directed at the Common Stock Underwriter Defendants and, therefore, the Common Stock Underwriter Defendants are not required to answer the allegations set forth in those paragraphs.

573.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 573, except admit that Lead Plaintiffs purport to describe their claims therein.

574.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 574, except admit that Schering's preferred stock was sold pursuant to the Preferred Stock Prospectus, and by the use of means or instruments of transport or communication in interstate commerce or of the mails, and refer to the Preferred Stock Prospectus and the Offering Documents for the contents thereof and for a description of the underwriting arrangements relating to the Offering.

575.    The allegations contained in Paragraph 575 state legal conclusions as to which no response is required.  To the extent that a response is required, the Preferred Stock Underwriter Defendants deny the allegations, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants.

576.    The allegations contained in Paragraph 576 state legal conclusions as to which no response is required.  To the extent that a response is required, the Preferred Stock Underwriter Defendants deny the allegations, except admit and aver that the Underwriter Defendants performed reasonable due diligence in connection with the Offering.

577.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 577, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving the non-underwriter defendants.

578.    The Preferred Stock Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 578, except deny that Lead Plaintiff Arkansas Teachers or members of the putative class suffered any damages as a consequence of any acts of the Preferred Stock Underwriter Defendants alleged in the Complaint, and deny that the Preferred Stock Underwriter Defendants have any liability thereunder.

579.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 579.

580.    The Preferred Stock Underwriter Defendants deny the allegations contained in Paragraph 580, except admit that the claim has been brought within three years of the Offering.

581.    The Preferred Stock Underwriter Defendants deny that Lead Plaintiffs are entitled to the relief requested in Paragraph 581, deny that Lead Plaintiff Arkansas Teachers or members of the putative class suffered any damages as a consequence of any acts of the Preferred Stock Underwriter Defendants alleged in the Complaint, and deny that the Preferred Stock Underwriter Defendants have any liability thereunder.

## COUNT ELEVEN

**For Violations of Section 15 of the Securities Act, on Behalf
of Purchasers of Schering's Registered Preferred Stock,
Against Defendants Hassan, Bertolini, Koehler and Wolf, for Control Person
Liability Based on Section 12(a)(2) Violations by Schering**

582.    In response to the first sentence of Paragraph 582, the Underwriter Defendants repeat and reallege each and every response set forth in the foregoing Paragraphs as if fully set

forth herein.   The remaining allegations contained in Paragraph 582 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

583-588.       The allegations contained in Paragraphs 583 to 588 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

## PRAYER FOR RELIEF

The Underwriter Defendants deny that Lead Plaintiffs or members of the putative class are entitled to relief against the Underwriter Defendants.

## JURY DEMAND

The Underwriter Defendants deny the allegations in the jury demand, except admit that Lead Plaintiffs purport to demand a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any element of Plaintiffs' claims,[2] the Underwriter Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs have failed to plead their claims against the Underwriter Defendants with particularity.

---

[2]      In the Affirmative Defenses, the term "Plaintiffs" refers generally to the Lead Plaintiffs and members of the putative class.

## THIRD AFFIRMATIVE DEFENSE

3.     The Underwriter Defendants are not liable to Plaintiffs because they did not make any material misstatements or material omissions, bespoke caution about the risks of investing in the Company, and the Underwriter Defendants are not responsible in law or fact for any material misstatements or material omissions by others.

## FOURTH AFFIRMATIVE DEFENSE

4.     The Underwriter Defendants are not liable to Plaintiffs because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## FIFTH AFFIRMATIVE DEFENSE

5.     The Underwriter Defendants are not liable to Plaintiffs because they had no duty to disclose any facts allegedly not disclosed.

## SIXTH AFFIRMATIVE DEFENSE

6.     The Underwriter Defendants are not liable to Plaintiffs because any alleged misinterpretations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs lack standing to maintain some or all of their claims.  Specifically, Plaintiffs who did not purchase Schering securities from the Underwriter Defendants lack standing to assert claims against the Underwriter Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

8.     The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

## NINTH AFFIRMATIVE DEFENSE

9.     The Underwriter Defendants are not liable to Plaintiffs because they had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement, the Common Stock Prospectus, and the Preferred Stock Prospectus were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

## TENTH AFFIRMATIVE DEFENSE

10.     The Underwriter Defendants are not liable to Plaintiffs to the extent that the acts or omissions alleged in the Complaint relate to portions of the Registration Statement reviewed by experts retained to assist in preparing such documents, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Underwriter Defendants are not liable to Plaintiffs because Plaintiffs' alleged losses were not actually or proximately caused by the Underwriter Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

12.     The conduct of persons and/or entities other than the Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Underwriter Defendants are not liable to Plaintiffs to the extent that the alleged misstatements and omissions attributed to the Underwriter Defendants in the Complaint were not made in connection with the purchase or sale of any securities by Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the lack of loss causation.  Plaintiffs have not suffered any injury or harm as a result of the actions of the Underwriter Defendants alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' claims against the Underwriter Defendants are barred in whole, or in part, because the depreciation in the market price of Schering securities resulted from factors other than the misstatements or omissions alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the lack of transaction causation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because Plaintiffs did not reasonably rely on the Offering Documents alleged in the Complaint to be materially false and misleading.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of the Plaintiffs or others (including the non-underwriter defendants) over which the Underwriter Defendants had no control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiffs' damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than the Underwriter Defendants; however, in the event that a finding is made that negligence exists on the part of Underwriter Defendants, which proximately contributed to Plaintiffs' damages alleged in the Complaint, the Underwriter Defendants' liability, if any, should be reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other persons or entities contributed to the happening of the incident and alleged damages upon which Plaintiffs seek recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which the Underwriter Defendants deny, and if any of the Plaintiffs were aware of that statement or omission, then such Plaintiffs cannot prevail.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of Plaintiffs' inequitable conduct and unclean hands.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     The Underwriter Defendants adopt by reference any applicable defense pled by any other defendant not expressly set forth herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The Underwriter Defendants reserve the right to assert such other additional defenses as may be appropriate at a later time.


Dated:  November 18, 2009                 Respectfully submitted,

By: s/ Stuart M. Feinblatt
     Stuart M. Feinblatt
     Jeffrey J. Greenbaum
     A. Ross Pearlson
     **SILLS CUMMIS & GROSS**
     One Riverfront Plaza
     Newark, NJ  07102
     973.643.7000



**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY  10022
212.848.4000

*Attorneys for the Underwriter Defendants*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civ. Rule 11.2, I hereby certify to the best of my knowledge, information and belief that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102-5400
(973) 643-7000

By: s/ Stuart M. Feinblatt
    STUART M. FEINBLATT

Dated: November 18, 2009