

**TRUJILLO
RODRIGUEZ &
RICHARDS, LLC**
A PENNSYLVANIA LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

November 24, 2009

<u>**VIA ECF**</u>

The Honorable Madeline Cox Arleo
United States District Court
Martin Luther King, Jr. Federal Building & Courthouse
Room 2060
50 Walnut Street
Newark, NJ 07101

   Re: *In re Merck & Co., Inc. Vytorin ERISA Litig.*, 08-CV-1974 (DMC)
      *In re Schering-Plough Corp./ENHANCE Sec. Litig.*, 08-CV-397 (DMC)

Dear Judge Arleo:

  I write on behalf of plaintiffs in the matter of *In re Merck & Co., Inc. Vytorin ERISA Litigation*, No. 08-CV-1974 (DMC) ("*Vytorin ERISA* Matter"), in response to the November 19, 2009 letter sent to Your Honor by Douglas S. Eakeley, defense counsel in *In re Schering-Plough Corp./ENHANCE Securities Litigation*, No. 08-CV-397 (DMC) ("*ENHANCE Securities* Matter"). In his letter, Mr. Eakeley suggests that the discovery schedule in the *ENHANCE Securities* Matter be coordinated with discovery in six other matters, including the *Vytorin ERISA* Matter.

  Plaintiffs in the *Vytorin ERISA* Matter do not oppose certain coordination of discovery on those factual issues that may be common between matters; however, the legal claims asserted in the *Vytorin ERISA* Matter differ substantially from the claims asserted in the *ENHANCE Securities* Matter. Plaintiffs in the *ENHANCE Securities* Matter principally assert claims under the Securities and Exchange Act of 1934. In contrast, plaintiffs in the *Vytorin ERISA* Matter exclusively assert

The Honorable Madeline Cox Arleo
November 24, 2009
Page 2

claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, arising from defendants' breaches of fiduciary duties – duties that have long been recognized as the "highest known to the law." *See, e.g., Donovan v. Bierwirth*, 680 F.2d 263, 272 n.8 (2d Cir. 1982). Although certain factual predicates for the ERISA claims may overlap with those claims asserted in the *ENHANCE Securities* Matter, the standards for establishing liability under the two federal statutes and the scope of discovery are distinctly and materially different. For example, discovery concerning the identity of the fiduciaries of the Merck retirement plans and the scope and performance of their fiduciary duties has nothing at all to do with Schering-Plough or the *ENHANCE Securities* Matter. As a result, discovery on those and similar issues should not be coordinated.

Moreover, the automatic discovery stay of the Private Securities Litigation Reform Act of 1995 ("PSLRA") has no applicability to the ERISA claims asserted in the *Vytorin ERISA* Matter. *See, e.g., In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 252 (D. Md. 2004) (PSLRA stay does not apply to ERISA claims); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 310, 605-06 (S.D.N.Y. 2002) (noting that ERISA plaintiffs would receive discovery despite PSLRA stay). Similarly, given that the Court has denied the Motions to Dismiss in *In re Merck & Co. Inc. Vytorin/Zetia Securities Litigation*, Case No. 08-CV-2177 (DMC), the PSLRA discovery stay does not appear to apply to any litigation against Merck. Accordingly, any coordination of discovery between these various matters should reflect the fact that the *Vytorin ERISA* plaintiffs are free to conduct discovery, notwithstanding any PSLRA stay that may exist in other matters against Schering-Plough.

For efficiency purposes, however, we would agree, in the event the PSLRA discovery stay applies to any litigation against Schering-Plough, that: (1) plaintiffs in any of these matters may submit requests to be included in our discovery requests, which would allow defendants to address such requests in an omnibus fashion; and (2) we would coordinate the scheduling of overlapping depositions with the *ENHANCE Securities* Matter to avoid duplicative examinations. *See, e.g., Royal Ahold*, 220 F.R.D. at 252 (refusing to limit ERISA plaintiffs to "ERISA-specific" discovery during PSLRA stay but ordering ERISA plaintiffs to coordinate depositions with securities plaintiffs). However, we do not believe that discovery in the *Vytorin ERISA* Matter should be delayed in any way as a result of events in the *ENHANCE Securities* Matter or any litigation against Schering-Plough.

In light of these issues, we respectfully request leave to attend the upcoming Rule 16 conference that the Court has scheduled in the *ENHANCE Securities* Matter for December 9, 2009, at 3:00 p.m. We would be glad to address these issues further at the conference.

The Honorable Madeline Cox Arleo
November 24, 2009
Page 3

Respectfully Submitted,

TRUJILLO RODRIGUEZ & RICHARDS, LLC

Lisa J. Rodriguez

cc: Counsel in the *Vytorin ERISA* and *ENHANCE Securities* Matters