**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION/ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (MF) |
| IN RE MERCK & CO., INC. VYTORIN/ZETIA SECURITIES LITIGATION | Civil Action No. 08-2177 (DMC) (MF) |
| IN RE SCHERING-PLOUGH CORP. ENHANCE ERISA LITIGATION | Civil Action No. 08-1432 (DMC) (MF) |
| IN RE MERCK & CO., INC. VYTORIN ERISA LITIGATION | Civil Action No. 08-1974 (DMC) (MF) |
| CAIN v. HASSAN, *et al.* | Civil Action No. 08-1022 (DMC) (MF) |
| LOCAL NO. 38 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS PENSION FUND v. CLARK, *et al.* | Civil Action No. 09-5668 (DMC) (MF) |

**JOINT DISCOVERY PLAN**

The undersigned parties (the "Parties") jointly seek a coordinated and uniform Joint Discovery Plan in all six above-referenced litigations filed against the company formerly doing business as Merck & Co., Inc., the name of which, as of November 3, 2009, was changed to Merck Sharpe & Dohme Corporation ("Merck"), and/or the company formerly doing business as Schering-Plough Corporation, the name of which, as

of November 3, 2009, was changed to Merck & Co., Inc. ("Schering-Plough" or "Schering").

Plaintiffs state that each of the six above-referenced cases relates generally to the efficacy (or alleged lack thereof) of the cholesterol management medications Zetia and Vytorin and Defendants' alleged failure to disclose the adverse results of the ENHANCE clinical study, which analyzed the efficacy of Vytorin against a less expensive, generic cholesterol drug. Defendants state that each of the six above-referenced cases relates to the alleged delay in the publication of the results of a clinical study, ENHANCE, of the FDA-approved cholesterol management medication, Vytorin, that was jointly developed, marketed, and sold by Merck and Schering-Plough.

Although there will be factual discovery unique to the individual cases, the Parties agree that as a result of the above-described common nucleus of operative facts, all six cases likely will involve substantial overlapping factual discovery and certain overlapping areas of expert discovery. Accordingly, the Parties respectfully request that the Court enter a coordinated discovery plan, which will minimize the costs and burdens on the Parties and this Court in litigating these six cases.

**1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

*See* Appendix A hereto.

**2. The parties/HAVE/HAVE NOT exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefore.**

**<u>Plaintiffs' Position</u>**

Plaintiffs propose that the Parties produce the information required by Fed. R. Civ. P. 26(a)(1) by December 18, 2009.

**Defendants' Position**

Defendants propose that the Parties opt out of the disclosure requirements of Fed. R. Civ. P. 26(a)(1) and exchange information through the regular course of factual discovery.   Alternatively, should the Parties be required to exchange information pursuant to Fed. R. Civ. P. 26(a)(1), Defendants propose that the Parties exchange the requisite information by January 29, 2010.

3.      **Describe any discovery conducted other than the above disclosures.**

**Plaintiffs' Position**

Plaintiffs propose that the Defendants shall produce by December 16, 2009 all of the documents that previously were produced in connection with *In re Vytorin/Zetia Marketing Sales Practices and Products Liability Litigation*, Civil Action No. 08-0285, MDL No. 1938 (DMC) (D.N.J.).

Plaintiffs further propose that the Defendants shall produce by January 15, 2010 all of the documents that previously were produced in connection with various government investigations (federal and state) and Congressional proceedings concerning Vytorin, Zetia, the ENHANCE clinical trial and related issues.

Plaintiffs will, immediately upon the Court's decision permitting the initiation of discovery, serve coordinated document requests upon Defendants.

Plaintiffs propose that Defendants be required to complete all document discovery by April 30, 2010.

**Defendants' Position**

Defendants propose that, subject to the execution and entry of an appropriate protective order, the Merck and Schering Defendants have agreed to promptly produce all of the approximately 1.1 million pages of documents that were previously produced in

connection with *In re Vytorin/Zetia Marketing Sales Practices and Products Liability Litigation*, Civil Action No. 08-0285, MDL No. 1938 (DMC) (D.N.J.), and to produce approximately 4.4 million additional pages of documents previously produced in connection with various government investigations concerning the ENHANCE trial once those 4.4 million pages have been appropriately redacted to exclude information concerning other Merck or Schering-Plough drugs; confidential health information subject to protection pursuant to the Health Insurance Portability and Accountability Act of 1996; information regarding the chemistry and manufacture of Vytorin and its component parts; personnel and privacy information, including social security numbers, home addresses, personal telephone numbers and personal information contained on calendars and other documents; information concerning foreign business practices; and confidential information not relevant or related to Vytorin or Zetia; and auto dates and auto fields.

Additionally, Defendants in *In Re Merck & Co., Inc. Vytorin ERISA Litigation* (Civil Action No. 08-1974) have produced approximately 1,300 pages of documents related to the Merck ERISA Plans at issue in that case. Defendants in *Cain v. Hassan* (Civil Action No. 08-1022) ("Schering Derivative Litigation") exchanged a number of documents in the mediation context. Also, Defendants in *In Re Schering-Plough Corp. Enhance ERISA Litigation* (Civil Action No. 08-1022) have produced documents in response to a request pursuant to ERISA § 104(b).

Defendants propose that Plaintiffs will, immediately upon the Court's decision permitting the initiation of discovery, serve document requests upon Defendants, and Defendants will object and respond in accordance with applicable rules. Defendants also

propose that Plaintiffs, in all six above-captioned litigations, collectively, shall confer and coordinate to issue non-duplicative document requests. Defendants further propose that they shall serve coordinated document requests upon Plaintiffs, and that any party may request leave to file additional document requests for good cause shown.

4. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

The Parties cannot at this early stage of the litigation list with certainty all motions that they may seek to make prior to the completion of discovery. As the record in these matters becomes more fully developed, the Parties may determine that they need to make additional motions before the completion of discovery.

At this time, the Parties expect that Plaintiffs in the Securities Matters and, only to the extent required by the Court, in the ERISA Matters, but not the Derivative Matters, which are not styled as class actions, will move for class certification. Additionally, Plaintiffs in the Merck and Schering Securities cases have indicated that they may seek to make motions to amend their respective complaints prior to the completion of factual discovery. Defendants in those cases reserve their rights to oppose any such motion and/or submit motions in connection with any such amendment. At this time, the Defendants in *In re Local No. 38 International Brotherhood of Electrical Workers Pension Fund* v. *Clark, et. al.* (Civil Action No. 09-5668) ("Merck Derivative Litigation") intend to file a motion to dismiss. At this time, the Parties also envision filing a motion for entry of a mutually-agreeable protective order.

The Schering ERISA Defendants moved to dismiss the amended complaint on November 6, 2009. That motion is scheduled to be fully briefed by January 15, 2010.

Plaintiffs in the Merck ERISA Litigation have moved to strike certain affirmative defenses asserted by the Merck ERISA Defendants.  The motion was fully briefed on December 4, 2009.

The Defendants in *Cain v. Hassan* moved to dismiss the amended complaint on July 14, 2008.  The motion to dismiss was fully briefed on October 15, 2008, and on February 4, 2009 Defendants filed a letter enclosing supplemental authority in support of their motion to dismiss.  A decision remains pending.

5.     **The parties propose the following:**

       **(a) Discovery is needed on the following subjects.**

Based on an assessment of the scope of discovery in Vytorin-related consumer marketing litigations and on the scope and complexity of the facts underlying Plaintiffs' claims, the Parties anticipate that the above-captioned litigations will involve a substantial amount of fact and expert discovery.

<u>**Plaintiffs' Position**</u>

Plaintiffs state that, among other things, discovery is needed on the following subjects:

- Statements made by any of the Defendants, and other statements in news reports, scholarly journals and on the internet, concerning ZETIA and VYTORIN, including, but not limited to, those alleged in the operative complaints filed in these actions;

- The significance of sales of VYTORIN and ZETIA to Schering's, Merck/Schering-Plough Pharmaceuticals Company, LLC's ("M/S-P's") or Merck's current and future business, including, but not limited to, sales forecasts or projections concerning VYTORIN or ZETIA;

- Marketing by Schering, M/S-P or Merck concerning VYTORIN and ZETIA;

- Clinical trials concerning ZETIA and VYTORIN, including but not limited to the ENHANCE trial (and Defendants' notice or knowledge thereof);

- The efficacy of ZETIA and VYTORIN, including, but not limited to, these drugs' efficacy relative to other drugs (and Defendants' notice or knowledge thereof);

- Analyst, rating agency and financial market coverage of Schering, Merck, M/S-P, ZETIA and VYTORIN;

- Litigations or investigations concerning ZETIA or VYTORIN, including, without limitation, such investigations or inquiries by the U.S. Congress, the U.S. Department of Justice, and state Attorneys General;

- Defendants' ownership of and transactions in Schering or Merck securities, options, or derivatives referencing Schering or Merck;

- Defendants' compensation arrangements with Schering or Merck;

- Offerings of Schering securities during the Class Period;

- The identity, responsibilities and conduct of those Defendants who acted as fiduciaries under ERISA;

- Due diligence performed by Defendants regarding offerings of Schering securities during the Class Period;

- As to those Defendants named as controlling persons in the operative complaints in these actions, their control of Schering or Merck; and

- The knowledge of the Board of Directors regarding the ENHANCE trial and internal controls at Merck/Schering over dissemination of clinical trial results, marketing and advertising, and insider sales.

Plaintiffs expressly reserve the right to amend and/or supplement the preceding categories.

**<u>Defendants' Position</u>**

Defendants in the above-captioned actions expect to object to certain categories of Plaintiffs' proposed discovery topics but will not be in a position to make specific objections until Defendants have received and had the opportunity to review Plaintiffs' specific document requests. Defendants add that discovery shall also be needed

regarding, among other things, (1) class certification and the putative classes; and (2) causation and damages; and (3) as to those Defendants named as controlling persons in the Consolidated Class Action Complaints in the above-captioned actions, their control of M/S-P.  Defendants expressly reserve the right to amend and/or supplement the preceding categories upon receipt of Plaintiffs' formal requests for production of documents.

**(b) Should discovery be conducted in phases? If so, explain.**

**<u>Plaintiffs' Position</u>**

Plaintiffs propose that discovery not proceed in phases.

**<u>Defendants' Position</u>**

Defendants propose that discovery should proceed in phases:  The first phase should include merits and damages related factual discovery; the second phase should include merits and damages-related expert discovery.

**<u>Joint Position</u>**

The Parties agree that Plaintiffs may move for class certification when they deem appropriate and that upon the filing of such a motion, the Parties will negotiate in good faith to propose a schedule for class discovery and full briefing on the motion.

**(c) Number of Interrogatories by each party to each other party.**

**<u>Plaintiffs' Position</u>**

Plaintiffs propose that the limits on interrogatories set forth in Rule 26 be applicable such that Plaintiffs, collectively, and Defendants, collectively, in each of: (1) the two Securities Actions, (2) the two ERISA Actions and (3) the two Derivative Actions, shall be entitled to 50 interrogatories (25 interrogatories per action per side).

Plaintiffs in each of the six above-captioned litigations will endeavor to issue non-duplicative interrogatories.

**Defendants' Position**

Defendants propose that Plaintiffs, in all six above-captioned litigations, collectively, shall confer and coordinate to issue a single set of non-duplicative interrogatories. Defendants further propose that Plaintiffs, in all six above-captioned litigations, collectively, and Defendants, in all six above-captioned litigations, collectively, shall be entitled to 75 interrogatories, and that any party may request additional interrogatories for good cause shown.

**(d) Number of Depositions to be taken by each party.**

**Plaintiffs' Position**

Plaintiffs propose that in all combined cases each side (all Plaintiffs in all cases on one side and all Defendants in all cases on the other) shall be entitled to 125 deposition days of fact witnesses – whereby a single deposition day shall consist of seven hours – and of which, up to 15 depositions may last for more than one deposition day, but none of which shall exceed three deposition days, without good cause shown. Depositions shall be measured in half day increments, such that a deposition of less than 3.5 hours is counted as one-half of a deposition day, a deposition of 3.6 to 7 hours counts as one deposition day, a deposition of 7.1 to 10.5 hours counts as 1.5 deposition days, etc.

**Defendants' Position**

Defendants propose that in all combined cases each side (all Plaintiffs in all cases on one side and all Defendants in all cases on the other) shall be entitled to 50 deposition days of fact witnesses – whereby a single deposition day shall consist of seven hours, as

permitted under the Federal Rules of Civil Procedure – five of which may last for more than one deposition day, but none of which shall exceed two deposition days, without good cause shown.  Depositions shall be measured in half day and whole day increments, such that a deposition of less than 3.5 hours is counted as one-half of a deposition day, a deposition of 3.6 to 7 hours counts as one deposition day, a deposition of 7.1 to 10.5 hours shall count as 1.5 deposition days, etc.  Defendants additionally propose that any party  may seek leave to take  additional depositions for good cause shown.

The Parties have not yet agreed as to the number of depositions that may be taken of or by any individual Party or as to allocation of time to question deponents among the Parties and reserve all rights in that regard.

**(e) Plaintiff's expert report due on _____.**

**(f) Defendant's expert report due on _____.**

**<u>Plaintiffs' Position</u>**

Plaintiffs  propose that (1) the Parties shall serve the reports of any expert witnesses upon which such Parties intend to rely at trial no later than 15 days after the close of fact discovery; (2) Parties seeking to present expert testimony solely in rebuttal to experts identified by an opposing party shall serve the rebuttal reports of any expert witnesses upon which such Parties intend to rely at trial no later than 30 days after the filing of initial expert reports; and (3) the Parties shall work cooperatively to schedule depositions of experts, and shall complete depositions of expert witnesses within 45 days after the filing of rebuttal expert reports.

**Defendants' Position**

Defendants anticipate that the above-captioned litigations will be expert-intense, and accordingly propose that, at this time, determining the due date for Plaintiffs' expert reports be deferred.  Defendants further propose that the Parties meet and confer as to a proposed schedule for expert discovery, including due dates for expert reports, within one week of the close of fact discovery.

In the alternative, should the Court determine that a schedule for expert discovery be set now, Defendants propose that (1) the party or parties bearing the burden of persuasion serve the reports of any expert witnesses upon which such party or parties intend to rely at trial no later than 60 days after the close of fact discovery; (2) the responding party or parties serve expert reports in opposition no later than 60 days after the filing of initial expert reports; (3) due to the complexity of the scientific issues in the above-captioned litigations, the Parties may serve rebuttal reports, if any, no later than 30 days after the filing of opposition expert reports; and (4) the Parties shall work cooperatively to schedule and complete expert discovery, including depositions of experts, within 45 days after the filing of the rebuttal reports, if any, or, if no rebuttal reports are filed, within 45 after the filing of the opposition reports.  Defendants further propose that the Parties expressly reserve the right to seek leave to amend this proposed schedule should expert discovery require additional time and for good cause shown.

**(g) Motions to Amend or to Add Parties to be filed by <u>July 30, 2010</u>.**

The Parties agree that any such amendment may require that the schedule reflected herein be amended for good cause shown.

**(h) Dispositive motions to be served within __ days of completion of all fact and expert discovery.**

<u>**Plaintiffs' Position**</u>

Plaintiffs propose that any motions for summary judgment (partial or full) shall be filed within 30 days after the close of fact discovery. Opposition briefs to such motions, if any, shall be filed within 45 days after the submission of dispositive motions. Reply briefs in further support of such motions, if any, be filed within 30 days after the submission of opposition briefs.

<u>**Defendants' Position**</u>

Defendants propose that determining the due date for dispositive motions should be deferred until the close of fact and expert discovery. Defendants propose that the Parties meet and confer as to a proposed schedule for dispositive motions within one week of the close of fact and expert discovery.

In the alternative, should the Court determine that a schedule for dispositive motions be set now, Defendants propose that (1) any motions for summary judgment (partial or full) be filed within 60 days after the close of expert discovery; (2) opposition briefs to such motions, if any, be filed within 60 days after the submission of dispositive motions; and (3) reply briefs in further support of such motions, if any, be filed within 45 days after the submission of opposition briefs. Defendants further propose that the Parties expressly reserve the right to seek leave to amend this proposed schedule should dispositive motions require additional time and for good cause shown.

**(i) Factual discovery to be completed by _____.**

**Plaintiffs' Position**

Plaintiffs propose that fact discovery be completed by December 31, 2010. Plaintiffs further propose that the Parties expressly reserve the right to seek leave to amend this schedule should fact discovery require additional time and for good cause shown.

**Defendants' Position**

Defendants propose that fact discovery be completed by August 31, 2011. Defendants further propose that the Parties expressly reserve the right to seek leave to amend this schedule should fact discovery require additional time and for good cause shown.

**(j) Expert discovery to be completed by _____.**

*See* Response to (e) & (f) above.

**(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders.**

Defendants propose that they not be required to respond to duplicative and multiple document requests from Plaintiffs.   The Parties agree that, in producing documents responsive to Plaintiffs' requests, Defendants shall be required to produce only one set of such documents to all Plaintiffs, collectively, and that such productions may be made on a rolling basis.  For discovery disputes, the Parties shall follow Local Civil Rule 37.1.

**(l) A pretrial conference may take place on _____.**

**Plaintiffs' Position**

Plaintiffs propose that a pretrial conference be scheduled as soon as the Court's schedule permits after May 30, 2011.

**Defendants' Position**

Defendants propose that, at this time, determining the date for the pretrial conference be deferred.

**(m) Trial by jury or non-jury Trial?** The Plaintiffs demand a trial by jury.

**(n) Trial date:** _____.

**Plaintiffs' Position**

Plaintiffs propose that a trial be scheduled as soon as the Court's schedule permits after June 30, 2011.

**Defendants' Position**

Defendant propose that, at this time, determining the date for any trial be deferred.

6.      **Do you anticipate any discovery problem(s)? Yes _____ No _____ If so, explain.**

The Parties do not at this time anticipate any discovery problems.

7.      **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes _____ No _____ If so, explain.**

The Parties are not yet in a position to answer this question, and accordingly defer their response to this question until after the Plaintiffs have had an opportunity to undertake a preliminary review of the contemplated document production. At this time, Plaintiffs do not anticipate any special discovery needs.

8.      **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R.201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If**

**not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.,* after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

The Parties agree that they may pursue settlement discussions, and that to the extent the Parties engage in any such settlement discussions, they pursue them through a privately-retained mediator.  The Parties also agree that they do not consent to voluntary arbitration pursuant to Local Rule 201.1 or otherwise or mediation pursuant to L. Civ. R. 301.1 or otherwise.

**9.     Is this case appropriate for bifurcation?**

**<u>Plaintiffs' Position</u>**

Plaintiffs do not believe that any bifurcation is necessary or appropriate.

**<u>Defendants' Position</u>**

Defendants submit that that it would be premature to make a determination as to whether this case should be bifurcated.

**10.    The Parties <u>do not</u> consent to the trial being conducted by a Magistrate Judge.**

**11.    Have settlement discussions taken place?**

The parties in *Cain v. Hassan* engaged in mediation but were unable to reach agreement on a possible resolution of the litigation.  Plaintiffs and Schering Defendants in the Schering Securities Litigation met once for an informal exchange of views on the prospects for settlement.  No further meetings or discussions have taken place.  No other party has yet engaged in settlement discussions.

The Parties expressly agree that at any time any party may seek leave to amend any provision of this Joint Discovery Plan for good cause shown.

/s/ Jay W. Eisenhofer_____
Jay W. Eisenhofer
Geoffrey C. Jarvis
John C. Kairis
James R. Banko
Jeff A. Almeida
Traci L. Goins
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, DE  19801
Telephone:  (302) 622-7000
Facsimile:  (302) 622-7100

*CO-LEAD COUNSEL FOR THE IN RE
MERCK & CO., INC. VYTORIN/ZETIA
SECURITIES LITIGATION CLASS*

/s/ Jonathan M. Plasse_____
Jonathan M. Plasse
Christopher J. McDonald
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*CO-LEAD COUNSEL FOR THE IN RE
SCHERING-PLOUGH CORPORATION/
ENHANCE SECURITIES LITIGATION
CLASS*

Stephen A. Weiss
Christopher A. Seeger
SEEGER WEISS LLP
550 Broad Street
Newark, NJ  07102
Telephone:  (973) 639-9100
Facsimile:  (212) 584-0799

*CO-LIAISON COUNSEL FOR THE IN RE
MERCK & CO., INC. VYTORIN/ZETIA
SECURITIES LITIGATION CLASS*


*OF COUNSEL:*

/s/ Salvatore J. Graziano_____
Salvatore J. Graziano
Adam H. Wierzbowski
Laura H. Gundersheim
Sean O'Dowd
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas
New York, NY  10019
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444

*CO-LEAD COUNSEL FOR THE IN RE MERCK &
CO., INC. VYTORIN/ZETIA SECURITIES
LITIGATION CLASS AND THE IN RE SCHERING-
PLOUGH CORPORATION/ENHANCE SECURITIES
LITIGATION CLASS*

James E. Cecchi
CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI,
STEWART & OLSTEIN
5 Becker Farm Road
Roseland, NJ  07068-1739
Telephone:  (973) 994-1700
Facsimile:  (973) 994-1744

*LIAISON COUNSEL FOR THE IN RE SCHERING-
PLOUGH CORPORATION/ENHANCE SECURITIES
LITIGATION AND CO-LIAISON COUNSEL FOR
THE IN RE MERCK & CO., INC. VYTORIN/ZETIA
SECURITIES LITIGAITON*

Alexander Reus
DIAZ REUS, LLP
Bank of America Tower at International Place
100 S.E. Second Street, Suite 2600
Miami, Florida 33131
Telephone (305) 375-9220
Facsimile (305) 375-8050


/s/ Carl Beckwith_____
Carl Beckwith (CB 9044)
BECKWITH & WOLF, LLP
1 Closter Commons #181
Closter, NJ 07624
Telephone:201-338-2833
Facsimile: 201-839-4558
ccbeckwith@gmail.com


*CO-LEAD COUNSEL FOR THE MERCK
AND SCHERING DERIVATIVE
PLAINTIFFS*

/s/ Judy Scolnick_____
Judy Scolnick (JS 0827)
SCOTT+SCOTT LLP
29 West 57th Street
New York, NY 10019
Telephone: 212-223-6444
Facsimile: 212-223-6334
jscolnick@scott-scott.com


SCOTT+SCOTT LLP
David R. Scott
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432
drscott@scott-scott.com


SCOTT+SCOTT LLP
Arthur L. Shingler III
Luis Lorenzana
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
ashingler@scott-scott.com
llorenzana@scott-scott.com


*CO-LEAD COUNSEL FOR THE MERCK AND
SCHERING DERIVATIVE PLAINTIFFS*


/s/ Lisa J. Rodriguez_____
TRUJILLO RODRIGUEZ & RICHARDS,
LLC
Lisa J. Rodriguez
258 Kings Highway West

/s/ Robert A. Izard_____
IZARD NOBEL LLP
Robert A. Izard
William Bernarduci
29 South Main St., Suite 215

Haddonfield, NJ 08033
Tel: (856) 795-9002
Fax: (856) 795-9887

SQUITIERI & FEARON, LLP
Olimpio Lee Squitieri
2600 Kennedy Boulevard, Suite 1k
Jersey City, NJ 07306
Tel: (201) 200-0900

*INTERIM LIAISON COUNSEL FOR THE*
*MERCK VYTORIN ERISA LITIGATION*

West Hartford, CT  06107
Tel: (860) 493- 6292
Fax: (860) 493-6290

BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
Joseph H. Meltzer
Peter H. LeVan, Jr.
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*INTERIM CO-LEAD COUNSEL FOR THE MERCK*
*VYTORIN ERISA LITIGATION*

MAJOR KHAN LLC
20 Bellevue Terrace
Weehawken, NJ 07086
Tel: (646) 546-5664
Fax: (646) 546-5755

*COUNSEL FOR PLAINTIFF MICHAEL S. ANDERS*

/s/ Douglas S. Eakeley _____
Douglas S. Eakeley
Gavin J. Rooney
Jason E. Halper
Maureen A. Ruane
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068
Telephone:  (973) 597-2500

William B. McGuire
William H. Trousdale
TOMPKINS, MCGUIRE, WACHENFELD
& BARRY LLP
Four Gateway Center, 100 Mulberry Street
Newark, New Jersey 07102
Telephone:  (973) 622-3000

*COUNSEL FOR MERCK  SCHERING DEFENDANTS AND INDIVIDUAL*
*DEFENDANTS*

/s/ Daniel J. Kramer _____
Daniel J. Kramer
Lewis Clayton
Andrew G. Gordon
Robyn F. Tarnofsky
James L. Brochin
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000

/s/ Jeffrey J. Greenbaum            /s/ Daniel H.R. Laguardia
Jeffrey J. Greenbaum                Daniel H.R. Laguardia
SILLS CUMMIS & GROSS                SHEARMAN & STERLING LLP
One Riverfront Plaza                599 Lexington Avenue
Newark, New Jersey  07102           New York, NY  10022
Telephone:  (973) 643-7000          Telephone:  (212) 848-4000

*COUNSEL FOR THE UNDERWRITER DEFENDANTS*

APPENDIX A

While the legal bases of the Plaintiffs' claims in each of the actions subject to this Plan are different, the underlying facts are substantially similar.  As set forth in more detail in the Consolidated Class Action Complaints, Plaintiffs allege that the Defendants made material misrepresentations and omissions concerning the commercial viability and efficacy of Zetia and Vytorin – which Plaintiffs allege were critical to Merck's and Schering's ongoing financial success.  Plaintiffs also allege that Defendants failed to inform that market of the results of a clinical trial commonly known as "ENHANCE," until after the Class Period.   Plaintiffs allege that, as the truth became known, the price of Merck and Schering securities declined, causing injury to Plaintiffs and the Class.

     A.     The Securities Litigations

     1.     Parties, Claims & Putative Class Period

Plaintiffs in the securities actions *In re Merck & Co, Inc. Vytorin/Zetia Securities Litigation* (the "Merck Securities Litigation") and *In re Schering-Plough Corporation/ENHANCE Securities Litigation* (the "Schering Securities Litigation") (collectively, the "Vytorin Securities Litigations") allege violations of the Securities Exchange Act of 1934, and in the Schering Securities Litigation also allege violations of the Securities Act of 1933.

Plaintiffs in the Merck Securities Litigation are suing on behalf of a putative class of persons and entities who purchased or acquired securities issued by Merck between May 1, 2006 and March 28, 2008, inclusive.  Plaintiffs in the Schering Securities Litigation are suing on behalf of a putative class of persons and entities who purchased or acquired securities issued by Schering-Plough between July 24, 2006 and March 28, 2008, inclusive.

Lead Plaintiffs in the Merck Securities Litigation are Stichting Pensioenfonds ABP, International Fund Management, S.A. (Luxemburg), Deka International (Ireland) Limited, the Jacksonville Police and Fire Retirement System, and

the General Retirement System of the City of Detroit. Defendants are Merck, Merck/Schering-Plough Pharmaceuticals Company, LLC ("M/S-P"), Richard T. Clark, Peter S. Kim, Judy C. Lewent, Deepak Khanna, and Wendy L. Yarno (collectively, the "Merck Securities Defendants").

   Lead Plaintiffs in the Schering Securities Litigation are Arkansas Teacher Retirement System, Public Employees' Retirement System of Mississippi, Louisiana Municipal Police Employees' Retirement System, and Massachusetts Pension Reserves Investment Management Board. Defendants are Schering-Plough; M/S-P; Fred Hassan; Carrie S. Cox; Robert J. Bertolini; Steven H. Koehler; Susan Ellen Wolf; Hans W. Becherer; Thomas J. Collingan; C. Robert Kidder; Philip Leder, M.D.; Eugene R. McGrath; Carl E. Mundy, Jr.; Antonio M. Perez; Patricia F. Russo; Jack L. Stahl; Kathryn C. Turner; Robert F. W. van Oordt; Arthur F. Weinbach (collectively, the "Schering Securities Defendants"); and the following Defendants that shall be collectively referred to as the "Underwriter Defendants": Goldman, Sachs & Co.; Banc of America Securities LLC; Bear, Stearns &. Co., Inc.; Citigroup Global Markets, Inc.; Morgan Stanley & Co. Incorporated; BNP Paribas Securities Corp.; J.P. Morgan Securities Inc.; Credit Suisse Securities (USA) LLC; Daiwa Securities America Inc.; Santander Investment Securities Inc.; Utendahl Capital Partners, L.P.; The Williams Capital Group, L.P.; ABN AMRO Rothschild LLC; BNY Capital Markets, Inc.; ING Financial Markets LLC; Mizuho Securities USA Inc.; Banca IMI SpA; and BBVA Securities Inc.

       3.     <u>Affirmative Defenses</u>

          a.     <u>The Merck Securities Defendants</u>

The Merck Securities Defendants have asserted the following affirmative defenses in their Answer:

       1.     The Complaint fails to state a claim upon which relief can be granted.

       2.     The Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

       3.     Plaintiffs' claims are barred, in whole or in part, because of the lack of transaction causation and/or loss causation.

       4.     The Merck Securities Defendants are not liable because they made no misrepresentations and/or omissions of material fact upon which Plaintiffs relied; did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business that operated or would operate as fraud or deceit on any person.

       5.     The Merck Securities Defendants are not liable because they did not deliberately or recklessly make any false statements, or omit any material fact necessary to make a statement made not misleading.

       6.     The Merck Securities Defendants are not liable because any alleged misstatements by them were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

       7.     The Merck Securities Defendants are not liable because they had no duty to disclose any facts allegedly not disclosed.

8.     The Merck Securities Defendants did not, individually or in concert, directly or indirectly, use instrumentalities of interstate commerce and/or the mails to engage and/or participate in a continuous course of conduct to conceal adverse material information about the business, operations, and future prospects of Merck and/or to mislead and defraud others; nor did the Merck Securities Defendants engage and/or participate in a continuous course of conduct to conceal adverse material information regarding Zetia and Vytorin.

9.     The Merck Securities Defendants are not liable to the extent that the alleged misstatements and omissions attributed to them in the Complaint were not made in connection with the purchase or sale or any securities by the Plaintiffs.

10.     Plaintiffs' claims are not properly maintained as a class action.

11.     The Merck Securities Defendants reserve the right to amend their Answer and assert additional defenses and/or affirmative defenses as may be appropriate.

b.     <u>The Schering Securities and Underwriter Defendants</u>

The Schering Securities Defendants have asserted the following affirmative defenses in their Answer:

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     The Complaint fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b), and otherwise fails to comply with the requirements of the Private Securities Reform Act of 1995, 15 U.S.C. § 78u-4.

- 4 -

3.      The Schering Securities Defendants did not make any statements during the Putative Class Period that were false or misleading.

4.      The Schering Securities Defendants did not make any statements during the Putative Class Period that were rendered misleading as a result of an alleged omission of fact.

5.      The Schering Securities Defendants are not liable to Plaintiffs because any alleged misrepresentations or omissions were not material.

6.      The Complaint fails to state a claim against the Schering Securities Defendants based upon "fraud on the market" principals because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of Schering-Plough's stock.

7.      The Schering Securities Defendants are not liable to Plaintiffs because they had no duty to disclose any facts allegedly not disclosed.

8.      The Schering Securities Defendants did not make any misrepresentations and/or omissions of material fact upon which Plaintiffs relied; did not employ any device, scheme, or artifice to defraud; and did not engage in any act, practice, or course of business that operated or would operate as fraud or deceit on any person.

9.      Plaintiffs' purported claims are barred in whole or in part because the Schering Securities Defendants acted in good faith and exercised due diligence with reasonable care.

10.     Plaintiffs' purported claims are barred in whole or in part because Schering Securities Defendants had no knowledge of or reasonable grounds to believe in the existence of facts by which their liability is alleged to exist.

11.     The Schering Securities Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by Plaintiffs.

12.     The Schering Securities Defendants are not liable under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the related SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, because they did not act with the requisite mental state or *scienter*.

13.     Some or all of the Plaintiffs or members of the putative Class alleged in the Complaint did not purchase or sell any securities in reliance on any representation, act, or omission by the Schering Securities Defendants.

14.     The Schering Securities Defendants are not liable to Plaintiffs to the extent that the alleged misstatements and omissions attributed to them in the Complaint were not made in connection with the purchase or sale of any securities by Plaintiffs.

15.     The Individual Defendants (the following Defendants shall be referred to herein as the "Individual Defendants" in the Schering Securities Litigation: Defendants Hassan, Cox, Bertolini, Koehler, Wolf, Becherer, Collingan, Kidder,  Leder, McGrath, Mundy, Perez, Russo, Stahl, Turner, van Oordt, and Weinbach.) -acted in good faith and did not directly or indirectly

control or induce any wrongful acts or omissions and did no unlawful act or thing directly or indirectly through or by means of any other person.

16.     The Plaintiffs' purported claims are barred in whole or in part under Section 11(b) of the Securities Act of 1933, 15 U.S.C. § 77k(b).

17.     Some or all of the Plaintiffs or members of the putative Class alleged in the Complaint were not damaged by the Schering Securities Defendants' alleged representations, acts, or omissions.

18.     Plaintiffs' claims against the Schering Securities Defendants are barred in whole or in part because of the lack of transaction causation and/or loss causation.

19.     Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs' alleged losses were not directly or proximately caused by any wrongdoing of the Schering Securities Defendants, and the Plaintiffs have not suffered any injury or harm as a result of the actions of the Schering Securities Defendants alleged in the Complaint.

20.     Plaintiffs' claims are barred in whole or in part because the depreciation in the market price of Schering-Plough securities resulted from factors other than the misstatements or omissions alleged in the Complaint.

21.     Plaintiffs' claims against the Schering Securities Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

22.     The claims of some or all of the putative class are barred based on the doctrine of assumption of the risk.

23.     Plaintiffs failed to mitigate their damages, if any.

24.     Plaintiffs' claims are barred in whole or in part because their damages, if any, are speculative, and because of the impossibility of the ascertainment of their alleged damages.

25.     The total mix of information available to Plaintiffs adequately warned them of their risks and rewards associated with their investment in the common stock of Schering-Plough.

26.     All information relevant to Plaintiffs' claims was available to investors in the public domain.

27.     Some or all of the Plaintiffs or members of the putative Class lack standing to sue.

28.     Some or all of the Plaintiffs or members of the putative Class have no recoverable damages because the amount they paid for Schering-Plough stock is not greater than the value thereof at the time suit was brought, the price at which such securities were disposed of in the market before suit, or the price at which such securities were disposed of after the suit but before judgment.

29.     Some or all of the misrepresentations alleged in the Complaint are barred by the "Bespeaks Caution Doctrine" and/or the safe-harbor provision for forward-looking statements under the Private Securities Litigation Reform Act.

30.     Plaintiffs and the purported class are barred from seeking recovery, or any recovery should be reduced, to the extent he/she or they have previously recovered any portion of the purported damages sought in the Complaint or any amount otherwise attributable to the matter or events that are the subject matter of the claims asserted in this Complaint.

31.     The Complaint is barred as to Plaintiffs or any purported class members who purchased stock during the Putative Class Period, but did not hold it until the end of the Putative Class Period.

32.     The Complaint fails to state a claim against the Schering Securities Defendants based upon "fraud on the market" principles for any class members who did not trade shares between the time the alleged misrepresentations were made and the time the purported "truth" was revealed.

33.     Plaintiffs are not entitled to attorney's fees, or expert fees, as a matter of law.

34.     Plaintiffs claims are not properly maintained as a class action.

35.     The Schering Securities Defendants reserve the right to assert such other additional defenses as may be appropriate at a later time.

Without assuming the burden of proof as to any element of Plaintiffs' claims, the Underwriter Defendants have asserted the following affirmative defenses in their Answer:

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiffs have failed to plead their claims against the Underwriter Defendants with particularity.

3.     The Underwriter Defendants are not liable to Plaintiffs because they did not make any material misstatements or material omissions, bespoke caution about the risks of investing in Schering-Plough, and the Underwriter

Defendants are not responsible in law or fact for any material misstatements or material omissions by others.

4.      The Underwriter Defendants are not liable to Plaintiffs because any alleged misstatements by the Underwriter Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

5.      The Underwriter Defendants are not liable to Plaintiffs because they had no duty to disclose any facts allegedly not disclosed.

6.      The Underwriter Defendants are not liable to Plaintiffs because any alleged misinterpretations or omissions for which the Underwriter Defendants are allegedly responsible were not material.

7.      Plaintiffs lack standing to maintain some or all of their claims. Specifically, Plaintiffs who did not purchase Schering securities from the Underwriter Defendants lack standing to assert claims against the Underwriter Defendants.

8.      The Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

9.      The Underwriter Defendants are not liable to Plaintiffs because they had, after reasonable and diligent investigation, reasonable grounds to believe, and did believe, at the time the Registration Statement became effective, that the statements in the Registration Statement, the Common Stock Prospectus, and the Preferred Stock Prospectus were true and that there were no

misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

10.     The Underwriter Defendants are not liable to Plaintiffs to the extent that the acts or omissions alleged in the Complaint relate to portions of the Registration Statement reviewed by experts retained to assist in preparing such documents, as to which the Underwriter Defendants had no reasonable grounds to believe, and did not believe, that any statements contained therein were misleading.

11.     The Underwriter Defendants are not liable to Plaintiffs because Plaintiffs' alleged losses were not actually or proximately caused by the Underwriter Defendants.

12.     The conduct of persons and/or entities other than the Underwriter Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiffs.

13.     The Underwriter Defendants are not liable to Plaintiffs to the extent that the alleged misstatements and omissions attributed to the Underwriter Defendants in the Complaint were not made in connection with the purchase or sale of any securities by Plaintiffs.

14.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the lack of loss causation.  Plaintiffs have not suffered any injury or harm as a result of the actions of the Underwriter Defendants alleged in the Complaint.

15.     Plaintiffs' claims against the Underwriter Defendants are barred in whole, or in part, because the depreciation in the market price of Schering securities resulted from factors other than the misstatements or omissions alleged in the Complaint.

16.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the lack of transaction causation.

17.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because Plaintiffs did not reasonably rely on the Offering Documents alleged in the Complaint to be materially false and misleading.

18.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by their own actions, omissions, and/or negligence.

19.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of the contribution of or the comparative fault and contributory negligence of Plaintiffs or other entities or persons.

20.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because the alleged damages or other injuries were caused solely by the acts or omissions of the Plaintiffs or others (including the non-underwriter defendants) over which the Underwriter Defendants had no control.

21.     Plaintiffs' damages, if any, are due to the negligence, or other acts or omissions, of persons or entities other than the Underwriter Defendants; however, in the event that a finding is made that negligence exists on the part of Underwriter Defendants, which proximately contributed to Plaintiffs' damages alleged in the Complaint, the Underwriter Defendants' liability, if any, should be

reduced, at least, by an amount proportionate to the amount by which the comparative negligence, or other acts or omissions, of such other persons or entities contributed to the happening of the incident and alleged damages upon which Plaintiffs seek recovery.

22.     If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement made not misleading was omitted, which the Underwriter Defendants deny, and if any of the Plaintiffs were aware of that statement or omission, then such Plaintiffs cannot prevail.

23.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrine.

24.     Plaintiffs' claims against the Underwriter Defendants are barred in whole or in part because of Plaintiffs' inequitable conduct and unclean hands.

25.     The Underwriter Defendants adopt by reference any applicable defense pled by any other defendant not expressly set forth herein.

26.     The Underwriter Defendants reserve the right to assert such other additional defenses as may be appropriate at a later time.

4.      <u>Pending Motions</u>

The Schering Securities Defendants have moved for reconsideration or, alternatively, certification for interlocutory appeal of the Court's denial of their motion to dismiss.  That motion remains pending.

- 13 -

B.   ERISA Litigations

1.   Parties & Putative Class Period

Plaintiffs in *In re Merck & Co, Inc. Vytorin ERISA Litigation* (the "Merck ERISA Litigation") and *In re Schering-Plough Corp. ENHANCE ERISA Litigation* (the "Schering ERISA Litigation") (collectively, the "Vytorin ERISA Litigations") allege breaches of fiduciary duties under ERISA. As set forth in more detail in the respective Consolidated Class Action Complaints, Plaintiffs in the Vytorin ERISA Litigations allege that Defendants breached their fiduciary duties under ERISA by allowing certain enumerated employee retirement and investment savings plans (collectively, the "Plans") to purchase and hold the common stock of Merck and Schering-Plough at a time when such investments were imprudent. Plaintiffs further allege that the Defendants violated their fiduciary duties under ERISA by failing to provide the Plan participants with all information necessary for the plan participants to make informed investment decisions.

Plaintiffs further allege that the Defendants violated their fiduciary duties under ERISA by failing to provide the Plan participants with all information necessary for the plan participants to make informed investment decisions.

Plaintiffs in the Merck ERISA Litigation are suing on behalf of the Merck Employee Savings & Security Plan, the Merck Employee Stock Purchase & Savings Plan, and the Merck Puerto Rico Employee Savings & Security Plan and their participants during the time period July 26, 2004 and March 31, 2008, inclusive. To the extent deemed necessary by the Court, Plaintiffs will file a motion for class certification. Plaintiffs in the Schering ERISA Litigation are suing on behalf of a putative class of participants in the Schering-Plough Employees' Savings Plan and the Schering-Plough

Puerto Rico Employees' Retirement Savings Plan during the time period April 19, 2007 and April 2, 2008, inclusive.

Named Plaintiffs in the Merck ERISA Litigation are Cobb, Anders, Cimato and Normand, all of whom are participants in one or more of the Plans. Defendants are Merck, Merck's Compensation and Benefits Committee, Merck's Management Pension Investment Committee ("MPIC"), and certain of Merck's officers, directors and MPIC members – Raymond V. Gilmartin, Richard T. Clark, Johnetta B. Cole, Thomas H. Glocer, Steven F. Goldstone, William B. Harrison, Harry R. Jacobson, William N. Kelley, Rochelle B. Lazarus, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Wendell P. Weeks, Peter C. Wendell, Judy C. Lewent, Marcia J. Avedon, Caroline Dorsa, Bradley T. Sheares, Peter N. Kellogg, Mark E. McDonough, and J. Christopher Scalet (collectively, the "Merck ERISA Defendants").

Named Plaintiffs in the Schering ERISA Litigation are Gradone, Oettinger and Sabatella, all of whom are participants in one or more of the enumerated employee retirement and investment savings plans. Defendants are Schering-Plough; Schering Plough Products LLC; Schering-Plough Del Caribe Inc.; Vincent Sweeney; Fred Hassan; Robert J. Bertolini; Hans W. Becherer; C. Robert Kidder; Philip Leder; Eugene McGrath; Carl E. Mundy, Jr.; Antonio M. Perez; Patricia F. Russo; Jack L. Stahl; Dr. Craig B. Thompson; Robert F. W. van Oordt; Arthur F. Weinbach; and Kathryn C. Turner.

2.    <u>Claims Asserted</u>

Specifically, Plaintiffs in the Vytorin ERISA Litigations allege that:

1.      Defendants failed to prudently and loyally manage the Plans and Plans' assets and share material information with fellow fiduciaries, pursuant to ERISA § 404.

2.      Certain Defendants failed to monitor fiduciaries, pursuant to ERISA § 404.

3.      Defendants are liable for their alleged actions as co-fiduciaries, pursuant to ERISA § 405.

3.      <u>Affirmative Defenses</u>

The Merck ERISA Defendants have asserted the following affirmative defenses in their Answer:

1.      The Complaint, with respect to each and every claim stated therein, fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole or in part by the Plan documents.

3.      The Plans fall within ERISA's safe harbor provisions including, but not limited to, § 404(c) of ERISA, 29 U.S.C. § 1104(c).

4.      Plaintiffs' claims are barred by estoppel, waiver, and/or ratification.

5.      Plaintiffs may not assert their claims on behalf of the Plans under §§ 502(a)(2) and 409(a) of ERISA, 29 U.S.C. §§ 1132(a)(2) and 1109(a), and the remedy Plaintiffs seek is not cognizable under ERISA.

6.      At all times, and with respect to all matters contained herein, Defendants acted in good faith and exercised reasonable care.

7.       None of the alleged statements or omissions upon which Plaintiffs' claims are based was false or misleading at the time it was purportedly made.

8.       Any alleged loss or damage suffered by Plaintiffs was in no way caused by, or as a result of, any alleged misstatement or omission by Defendants, but was caused by circumstances and events not related to any alleged misstatement or omission by Defendants, or by circumstances and events, persons and/or entities for which Defendants are not responsible.

9.       To the extent Plaintiffs' investments in the Merck Common Stock Fund and contributions to the Plans were by individual choice, Plaintiffs assumed the risks of those investments, and have either proximately caused, or alternatively, contributed to, or alternatively, failed to mitigate, any and all alleged losses or damages claimed by them.

10.      To the extent Plaintiffs have executed releases, Plaintiffs' claims are barred by those releases.

11.      Defendants did not breach any fiduciary duty owed to Plaintiffs.

12.      Defendants were not performing a fiduciary function under § 3(21) of ERISA, 29 U.S.C. § 1002(21), regarding the alleged conduct at issue in the Complaint, and Plaintiffs' claims fail to the extent they are based on actions allegedly taken by Defendants in a non-fiduciary capacity under ERISA.

13.      At all times, Defendants administered the Plans in accordance with the terms of the Plan documents, pursuant to § 404 of ERISA, 29 U.S.C. § 1104.

14.      To the extent the Plaintiffs seek monetary damages, that is not "appropriate equitable relief" and is barred by § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

15.      Plaintiffs' claims fail in whole or in part because certain Defendants properly delegated certain responsibilities under ERISA to others pursuant to § 405(c) of ERISA, 29 U.S.C. § 1105(c).

16.      This action may not properly be maintained as a class action.

17.      Plaintiffs lack standing to bring this action on behalf of the Plans under §§ 502(a)(2) and 409(a) of ERISA, 29 U.S.C. §§1132(a)(2) and 1109(a), or any other statute.

18.      Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the alleged misstatements or omissions stated in the Complaint.

19.      To the extent the alleged fiduciary breaches occurred before or after individual Defendants were fiduciaries, those individual Defendants are protected from liability by § 409(b) of ERISA, 29 U.S.C. § 1109(b).

20.      Defendants are not liable because the alleged misstatements and omissions stated in the Complaint concern non-actionable matters of opinion, rather than matters of material fact.

21.      Plaintiffs' attempt to use ERISA fiduciary duties to impose liability arising out of disclosures under the federal securities laws fails and is barred by § 514(d) of ERISA, 29 U.S.C. § 1144(d).

22.     Plaintiffs' claims are barred because had Defendants taken the action Plaintiffs assert was appropriate with respect to Merck Common Stock, the value of Plaintiffs' 401(k) accounts, upon information and belief, would have sustained a larger loss than they allegedly did and, upon information and belief, would have been less than they are today.

23.     Defendants reserve the right to raise any additional defenses not asserted herein of which they become aware through discovery or other investigation.

C.     Shareholder Derivative Actions

1.     Parties & Putative Class Period

Plaintiffs in the shareholder derivative actions *In re Local No. 38 International Brotherhood of Electrical Workers Pension Fund* v. *Clark, et. al.* ("Merck Derivative Litigation") and *Cain* v. *Hassan, et al.* ("Schering Derivative Litigation") (collectively, the "Vytorin Derivative Litigations") have brought claims against certain Merck and Schering-Plough officers, directors and alleged insiders, as well as nominal defendants Merck and Schering-Plough, respectively, for alleged breaches of fiduciary duties of loyalty and good faith, waste, unjust enrichment and gross mismanagement.  As set forth in more detail in the respective Complaints, similar to the Plaintiffs in the securities litigations, Plaintiffs in the Vytorin Derivative Litigations assert that Defendants allegedly withheld the ENHANCE study results and made false and misleading statements, thereby deceiving and causing harm to Merck and/or Schering-Plough and the investing public, unjustly enriching insiders, and wasting corporate assets.

Plaintiff in the Merck Derivative Litigation is Local No. 38 International Brotherhood of Electrical Workers Pension Fund, a stockholder of Merck, a Nominal Defendant.  Plaintiff is suing on behalf of Merck against members of Merck's current Board of Directors and certain of Merck's current and former officers for acts occurring from April 1, 2006 through the present.  Defendants are Merck (a Nominal Defendant); Richard T. Clark, Thomas H. Glocer, Steven F. Goldstone, William B. Harrison, Jr., Harry R. Jacobson, William N. Kelley, Rochelle B. Lazarus, Patricia F. Russo, Thomas E. Shenk, Anne M. Tatlock, Samuel O. Thier, Wendell P. Weeks, Peter C. Wendell, Judy C. Lewent, Johnetta B. Cole, Willie A. Deese, Stefan Oschmann, and Wendy L. Yarno.

Plaintiff in the Schering Derivative Litigation is Mary Cain,  a stockholder of Schering-Plough, a Nominal Defendant.  Plaintiffs purport to sue on behalf of Schering-Plough against members of Schering-Plough's current Board of Directors and certain of Schering-Plough's current and former officers for acts occurring from April 1, 2006 through the present.  Defendants are Schering-Plough (a Nominal Defendant), Fred Hassan, Hans W. Becherer, Thomas J. Colligan, C. Robert Kidder, Philip Leder, Eugene R. McGrath, Carl E. Mundy, Jr., Antonio M. Perez, Patricia F. Russo, Jack L. Stahl, Dr. Craig B. Thompson, Kathryn C. Turner, Robert F. W. Van Oordt, Arthur F. Weinbach, Robert J. Bertolini, C. Ron Cheeley, Carrie S. Cox, Thomas P. Koestler, Raul E. Kohan, Thomas J. Sabatino, Jr., Brent L. Saunders, and Cecil B. Pickett.

2.    <u>Claims Asserted</u>

Plaintiffs in the Vytorin Derivative Litigations allege that the individual Defendants breached their fiduciary duties of loyalty and good faith by allegedly orchestrating, devising, carrying out, participating in and/or failing to prevent the

suppression of the ENHANCE study results, engaging in false and misleading advertising, trying to manipulate the ENHANCE results, and allowing certain Merck and/or Schering-Plough officers to engage in insider trading.  In particular:

     1.    Plaintiff claims that the individual Defendants grossly mismanaged Merck and/or Schering-Plough by allowing them to violate securities, ERISA and state consumer protection laws, concealing plans to suppress the ENHANCE results, subjecting them to adverse publicity and exposing them to contingent liabilities.

     2.    Plaintiff claims that the individual Defendants wasted corporate assets through the above-enumerated alleged actions.

     3.    Plaintiff claims that the alleged insider Defendants were unjustly enriched through insider trading.

     3.    <u>Affirmative Defenses</u>

Defendants in the Merck Vytorin Derivative Litigation have not yet filed a response to Plaintiff's complaint.  Defendants in *Cain v. Hassan* have not yet filed their Answer and pled their affirmative defenses, due to the pendency of defendants' motion to dismiss.