NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION : : : : This Document Relates to: : : ALL ACTIONS. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 08-CV-397 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for reconsideration by the Schering Defendants and the Underwriter Defendants (collectively, "Defendants") of this Court's Opinion and Order, dated August 31, 2009, denying Defendants' motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); in the alternative, pursuant to 28 U.S.C. § 1292(b), Defendants request certification of this Court's August 31, 2009 Opinion and Order for immediate interlocutory appeal to the Third Circuit Court of Appeals. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, and based upon the following, it is the decision of this Court that Defendants' motion for reconsideration is **denied** and Defendants' request to certify this Court's August 31, 2009 Opinion and Order for immediate interlocutory appeal is **denied.**

**I.     BACKGROUND**

This matter arises out of a securities class action in which Plaintiffs, purchasers of Schering-Plough Corp. ("Plaintiffs") securities during the period July 24, 2006 to March 28, 2008, contend

that Schering, five members of its senior management, eleven of its current directors and one former director, and eighteen underwriters participated in Schering's August 2007 public stock offering and made unlawful misstatements and omissions in connection with the offering relating to the cholesterol drug Vytorin and the ENHANCE clinical study[1]. Plaintiffs filed a Consolidated Class Action Complaint ("Complaint") in this Court on September 15, 2008. The Complaint raised claims sounding in fraud and negligence under Sections 10(b), 20(a) and 20A of the Exchange Act of 1934 and Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. Separate motions to dismiss for failure to state a claim were filed by the Defendants on December 10, 2008. In this Court's Opinion and Order, dated August 31, 2009, the Court concluded that Plaintiffs had properly pled their claims under both the Exchange Act of 1934 and the Securities Act of 1933[2]. Consistent with that Opinion and Order, Defendants' motions to dismiss for failure to state a claim were denied. Defendants now move to reconsider that decision.

## II.   STANDARD OF REVIEW

A motion for reconsideration is governed by Local Civil Rule 7.1(i). Reconsideration is an "extraordinary remedy" and is granted "very sparingly." N.L. Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). A motion for reconsideration will be granted only if: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact, or prevent manifest injustice." Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J.

---

[1] The facts in the Background section are taken from the Court's initial Opinion issued on August 31, 2009.

[2] See Docket Entry No. 120 for further development of the Opinion.

1993). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). If a party simply disagrees with a court's decision, the appropriate avenue to address that disagreement is "through the appellate process not a motion for reconsideration." Database Am., Inc., 825 F. Supp. at 1220.

### III. DISCUSSION

Defendants argue that reconsideration is warranted because "the Court has overlooked controlling authority...which makes clear that the Complaint fails sufficiently to allege any actionable misstatements or omissions." Def. Br. at 1. In particular, Defendants claim this Court overlooked the recent Supreme Court decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), requiring Plaintiffs to plead facts that render their claim of falsity plausible. Alternatively, in the event that this Court declines to reconsider and reverse its decision, pursuant to 28 U.S.C. § 1291(b), Defendants seek certification of this Court's Order for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit. In support of this request Defendants contend that there is a "controlling–and important–question of law with substantial ground for difference of opinion; and the resolution of this question in Defendants' favor [will] materially advance the ultimate termination of the litigation." Def. Br. at 1-2.

By contrast, Plaintiffs assert that "[t]he Opinion not only discussed Iqbal, but correctly applied it, following [Defendants'] detailed letter briefing on the standard of law set forth therein." Pl. Br. at 1. Furthermore, Plaintiffs suggest Iqbal does not create an intervening change in the law,

but rather, restates the pleading standard set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which Plaintiffs claim they satisfied.  Additionally, Plaintiffs contend that Defendants "do not raise a 'controlling issue of law' that offers a 'substantial ground for differences of opinion,' but instead quibble with the Court's application of the case-specific facts to well-established law," and therefore fail to meet their heavy burden of establishing that certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is warranted. Pl. Br. at 2.

    A.     Reconsideration

As recognized by the Third Circuit, "Iqbal extends the reach of Twombly." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  "[A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Id..  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief," Iqbal, 129 S.Ct. at 1950, as required by Rule 8(a)(2).

4

In determining that Plaintiffs had stated a claim upon which relief could be granted, this Court reasoned that Plaintiffs: repeatedly alleged misstatements and omissions in connection with the public stock offering relating to the cholesterol drug Vytorin and the ENHANCE clinical study; demonstrated that Defendants had the requisite *scienter* as required by Section 10(b) of the Exchange Act of 1934; alleged Defendants exercised control over Schering; properly pled claims for insider trading; and did not lack standing under Sections 11 and 12 of the Securities Act of 1933. Defendants' contention that this Court overlooked applicable pleading requirements, namely those expressed in Iqbal, is without merit, especially given the fact Defendants' letter submission briefing that Supreme Court case preceded this Court's determination, and given the fact that the Opinion advanced by this Court directly references the Supreme Court decision allegedly at issue. See Docket Entry No. 120 at 2-3. Bearing in mind that this Court considered Iqbal, Defendants' motion to reconsider fails to demonstrate any intervening change in controlling law, presents no new evidence, and does not show a need to correct a clear error of law or prevent manifest injustice. In addition, Defendants' brief raises challenges to the factual allegations made by Plaintiffs in their Complaint, but attempts to couch these challenges in terms of art used in the Iqbal decision. In failing to persuade the Court to dismiss Plaintiffs' Complaint in their original motion to dismiss, Defendants' instant motion appears to be a "classic attempt at a second bite at the apple," Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995), and simply a vehicle to "rehash arguments which have already been briefed by [Defendants] and considered and decided by the Court." Id. Consequently, Defendants' request that the Court reconsider its Opinion and Order, dated August 31, 2009, is **denied**.

  B.  Interlocutory Appeal

Defendants' request that the Court certify the Opinion and Order for immediate interlocutory appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1292(b) is also **denied.** Pursuant to 28 U.S.C. § 1292(b), a district court may certify for immediate appeal an otherwise non-appealable order if such order: (1) involves a controlling question of law; (2) offers substantial ground for difference of opinion; and (3) has the potential to materially advance the ultimate termination of the litigation, if appealed immediately. See Katz v. Carte Blanche Corp., 496 F.2d 747, 753 (3d Cir. 1974); P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J. 2001). Interlocutory appeal is "used sparingly" and only "in exceptional cases." Hulmes v. Honda Motor Co. Ltd., 936 F.Supp.195, 208 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998). "The party seeking interlocutory review has the burden of persuading the court that exceptional circumstances exist that justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." Morgan v. Ford Motor Co., 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996)). Certification is entirely within the district court's discretion even if the three criteria are met. Schnelling v. KPMG LLP, 2006 WL 1540815, at *2 (D.N.J. May 31, 2006).

"In the Third Circuit, a controlling issue of law is one that if erroneously decided, would result in reversible error on final appeal." Schnelling, 2006 WL 1540815, at *2 (citing Katz, 496 F.2d at 755). Defendants argue that "[t]he determination that the statements identified in the Complaint, taking the other well pleaded allegations of the Complaint to be true, are sufficient to give rise to liability under the Exchange Act and the Securities Act is a pure question of law" and thus presents a controlling issue of law. Def. Br. at 9. This Court has previously determined that "[c]ertification to appeal the interlocutory Order is inappropriate when the underlying order

6

involve[s] mixed questions of fact and law because Section 1292(b) was not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court." <u>Steel Partners II, L.P. v. Aronson</u>, 2006 WL 3782656, at *2 (D.N.J. Dec. 22, 2006) (quoting <u>Hulmes</u>, 936 F.Supp. at 210). Here, the determination as to whether Plaintiffs' Complaint properly stated a claim involves an interplay between law and facts, and thus is within the discretion of this Court. Therefore, Defendants have failed to demonstrate that this Court's Opinion exclusively concerns a controlling questions of law.

Given that Defendants fail to establish the first requirement for certification pursuant to § 1292(b), this Court declines to address the remaining requirements, as all three requirements must be satisfied for a court to certify an issue for appeal.[3]

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to reconsider this Court's previous Opinion and Order, dated August 31, 2009, is **denied**, and Defendants' request for certification is **denied.** An appropriate Order accompanies this Opinion.

        S/ Denis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Dated: June  21 , 2010
cc: All Counsel of Record
     Hon. Mark Falk, U.S.M.J.
     File

---

[3] Even if the Court were to conclude a controlling question of law exists, Defendants' request for certification would fail for lack of a substantial ground for difference of opinion. Defendants do not cite any cases within this Circuit that suggest a substantial ground for difference of opinion exists. See <u>Schnelling</u>, 2006 WL 1540815, at *2 (Defendant failed to show conflicting decisions or any existing splits between courts in this jurisdiction regarding the issues raised and certification was denied).