# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

*Counselors at Law*

FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4056
Newark (973) 622-3000
New York (212) 714-1720
Fax (973) 623-7780
www.tompkinsmcguire.com

William B. McGuire
*Managing Partner*

Tel: (973) 623-7750
E-Fax: (973) 623-7744
wmcguire@tompkinsmcguire.com

September 20, 2011

**VIA ECF**

The Honorable Joseph A. Dickson, U.S.M.J.
United States District Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*
> Civil Action No. 08-2177 (DMC) (JAD)
>
> *In re Schering-Plough Corporation/ENHANCE Securities Litigation*
> Civil Action No. 08-397 (DMC) (JAD)

Dear Judge Dickson:

We represent Merck & Co., Inc. ("Merck"), Schering-Plough Corporation, and certain related defendants in the above-captioned cases. We write pursuant to the Court's request at the September 6 hearing for a proposed Order in connection with plaintiffs' motion to amend the Merck securities complaint, and defendants' request for production of investigative memoranda concerning plaintiffs' confidential witnesses. Regretfully, despite our efforts to negotiate a joint submission, the parties have not been able to agree to a form of Order.

Attached as Exhibit A is a proposed Order submitted on behalf of the defendants. There are, we believe, two issues that divide the parties.

First, plaintiffs insisted that the proposed Order affirmatively state that the Court had "granted" their motion to amend the complaint. We believe it is quite clear that the Court did not grant the motion. After discussion on the motion to amend and the Court's request for further briefing, the Court did not grant the motion but stated instead: "I'm probably going to grant their motion to amend, subject to hearing further on paragraphs 356 and 357." *See* Trans. of Status Hearing Before Hon. Joseph A. Dickson dated September 6, 2011 ("Ex. B"), at 19.

## TOMPKINS, McGUIRE, WACHENFELD & BARRY

2

Similarly, at other points in the hearing, the Court made clear that it was reserving final decision on the motion to amend pending further briefing. *See, e.g.*, Ex. B at 13 ("No, I think the plaintiffs should go first and tell me why the complaint . . . should be amended to add paragraphs 356 and 357."); Ex. B at 29 ("I guess we need to hear about the other paragraphs, which you're going to brief. And I'd like to get somebody to submit a form of order to me."); Ex. B at 30 ("And then, finally, assuming that I allow the complaint to be amended the way plaintiffs – it may be premature to ask this question too, but – because without paragraphs 357 and 358, do we need more discovery?"); Ex. B at 32 ("Far be it from me to prejudge.").

Thus, the Court has not granted the motion to amend. In fact, the proposed amended complaint that plaintiffs submitted on June 3, 2011 has now been superseded and mooted by the "revised" amended complaint plaintiffs submitted on August 23, 2011. It would make no sense for the Court to rule on the viability of a pleading that plaintiffs now seek to amend further. Thus, we believe the Court appropriately reserved decision on these issues until all proposed changes have been briefed and ruled upon, given the confusion that could otherwise arise as to *which* – if any – of the three consolidated complaints plaintiffs have filed in the Merck securities case is the operative Complaint.

The second issue that divides the parties is the Court's ruling on defendants' motion seeking production of investigative memoranda. Plaintiffs were unwilling to agree that the order denying defendants' motion should prohibit plaintiffs from using their investigative materials in the case. Defendants disagree because the Court's ruling on this issue was conditioned upon plaintiffs' not using the withheld investigative documents as a "sword and a shield." (Ex. B at 29.)

Indeed, plaintiffs' counsel expressly represented to the Court: "The investigative memos are our work product. We are not going to introduce them at trial, we are not going to use them as evidence; they are not evidence. So, there is no reason for Mr. Kramer to get that in this case. There is no issue that will be tried in this case to which those memos are germane. They may relate, I suppose to a Rule 11 argument that Mr. Kramer may want to make, but let him make his Rule 11 motion, we'll defend it." (Ex. B at 21-22.)

Based upon these representations, the Court concluded: "I agree with the plaintiff that there's no exception to get to this work product today. And I am also willing to go farther and rule that the work product can't be used in support of any of the evidence of the complaint – in the complaint; the allegations that the plaintiffs seek to prove in the complaint." (Ex. B at 29.) *See also* Ex. B at 23 ("I am prepared, actually, to rule that the memos can't be used for any purpose whatsoever, except to defend themselves on a Rule 11 motion."); Ex. B at 23 ("I'll sign an order now, barring the introduction of those witnesses for impeachment purposes of the confidential witnesses or evidence supporting the confidential witnesses"). In short, barring plaintiffs from making offensive use of their investigative memoranda was an essential element of the Court's decision on this motion.

## TOMPKINS, McGUIRE, WACHENFELD & BARRY

3

We believe the proposed Order fairly and accurately incorporates the Court's rulings on the two discovery motions, while suggesting a path forward.  If Your Honor would like to discuss these issues further, we are available at the Court's convenience.

Respectfully submitted,

William B. McGuire

For   TOMPKINS, McGUIRE, WACHENFELD & BARRY

cc:   All Counsel (Via ECF)