| | |
|---|---|
| Salvatore J. Graziano | Jonathan M. Plasse |
| Adam H. Wierzbowski | Christopher J. McDonald |
| Laura H. Gundersheim | Stephen W. Tountas |
| Sean O'Dowd | Joshua L. Crowell |
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | LABATON SUCHAROW LLP |
| 1285 Avenue of the Americas | 140 Broadway |
| New York, NY  10019 | New York, NY  10005 |
| (212) 554-1400 | (212) 907-0700 |
| *Co-Lead Counsel for Lead Plaintiffs and the Class* | *Co-Lead Counsel for Lead Plaintiffs and the Class* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION/ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (MF)<br><br>ORDER GRANTING LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

THIS MATTER having been opened to the Court by Lead Plaintiffs Public Employees' Retirement System of Mississippi ("MPERS"), Arkansas Teacher Retirement System ("ATRS"), Louisiana Municipal Police Employees' Retirement System ("LMPERS"), and Massachusetts Pension Reserves Investment Management Board ("MASS PRIM") (collectively, "Plaintiffs"), by way of motion for class certification pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; in the presence of Counsel for Defendants, and the Court having considered the papers and argument submitted in support of and in opposition to the motion; and good cause having been shown;

IT IS THIS             day of            , 2011

ORDERED as follows:

1. Plaintiffs' motion for class certification is GRANTED in its entirety.

2. MPERS, ATRS, Louisiana and MASS PRIM shall act as representatives of the certified Class defined below (the "Class") pursuant to Rule 23(a).

3. The Court finds, pursuant to Rule 23(a), that: (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) Plaintiffs' claims are typical of the claims of other members of the Class; and (iv) Plaintiffs will fairly and adequately represent other members of the Class.

4. The Court further finds, pursuant to Rule 23(b)(3), that common questions of law and fact predominate over the questions affecting only individual members of the Class, and a class action is superior to other methods for the fair and efficient adjudication of this controversy.

5. The Class is defined as follows:[1]

All persons and entities that purchased or acquired Schering common stock, or call options, and/or sold Schering put options, during the period between January 3, 2007 through and including March 28, 2008, and who were damaged thereby.

Excluded from the Class are: (a) Defendants; (b) members of the immediate families of the Individual Defendants; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who was a partner, executive officer, director, or controlling person of Schering, M/S-P or Merck (including any of their subsidiaries or affiliates), or any other Defendants; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.

6. The Court appoints the law firms of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

---

[1] The terms used herein have the same meanings as set forth in the Amended Consolidated Class Action Complaint For Violation of the Federal Securities Laws, dated September 15, 2008 (Dkt. No. 52).