# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP
*Counselors at Law*

FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NEW JERSEY 07102-4056
Newark (973) 622-3000
New York (212) 714-1720
Fax (973) 623-7780
www.tompkinsmcguire.com

William B. McGuire
*Partner*

Tel: (973) 623-7750
E-Fax: (973) 623-7744
wmcguire@tompkinsmcguire.com

September 14, 2012

**VIA ECF**

The Honorable Dennis M. Cavanaugh
United States District Court
M.L. King, Jr. Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101

> *In re Schering-Plough Corporation/ENHANCE Securities Litigation*
> Civil Action No. 08-cv-397 (DMC) (JAD)

Dear Judge Cavanaugh:

On behalf of Schering-Plough Corporation ("Schering"), we write in response to Lead Plaintiffs' letter of September 10, 2012 enclosing a "revised" proposed Order concerning their motion for class certification. (Docket Entry 306.) On December 6, 2011, Defendants filed a comprehensive opposition to the certification of any class. (Docket Entry 255.) This response is addressed only to the single issue raised by Plaintiffs' revised proposed Order.

As noted in their September 10 letter, the difference between Plaintiffs' initially proposed Order and revised proposed Order is that the revised proposal seeks to add "preferred stock" to the class definition. Plaintiffs' request should be denied.

By including "preferred stock" generically in the revised proposed Order, Plaintiffs fail to distinguish between CUSIP 806605606 (the "2004 preferred stock") and CUSIP 806605705 (the "2007 preferred stock"). However, in their reply memorandum dated January 31, 2012 (Docket Entry 262), Plaintiffs represented that only the 2007 preferred stock was at issue in this case. Indeed, Plaintiffs stated that the "2004 preferred stock is not included in the defined Class because those shares were fully converted into

TOMPKINS, McGUIRE, WACHENFELD & BARRY

Schering common stock in September 2007." (*Id.* at 36 n.42.)  Later in their brief, Plaintiffs reiterated that 2004 preferred stock was "not at issue in this case." (*Id.* at 38.)[1]

For these reasons, Plaintiffs' proposal to include "preferred stock" in the class definition is overbroad, even accepting the arguments put forth in their motion papers. Moreover, for the reasons explained in their opposition papers, Defendants respectfully submit that no class should be certified as to the 2007 preferred stock or otherwise.

We appreciate the Court's consideration of this issue and are available to discuss the motion for class certification at Your Honor's convenience.

Respectfully submitted,

William B. McGuire
For    TOMPKINS, McGUIRE, WACHENFELD & BARRY

cc: All Counsel (Via ECF)

---

[1] It is undisputed that no Lead Plaintiff suffered loss on the 2004 preferred stock. Only one Lead Plaintiff claims to have purchased any Schering preferred securities, and even that Lead Plaintiff liquidated all of its 2004 preferred stock for an admitted *gain* on class period sales of $119,711.86. (Docket Entry 255, at 30.)