# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

**5 BECKER FARM ROAD**
**ROSELAND, N.J.  07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER

_____

OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT*
STEPHEN R. DANEK
ERIC MAGNELLI
DONALD A. ECKLUND
AUDRA E. PETROLLE
MEGAN A. NATALE
AMANDA J. BARISICH
ZACHARY S. BOWER+
MICHAEL CROSS

*MEMBER NY BAR ONLY
+MEMBER FL BAR ONLY

December 19, 2012

### *VIA ECF*

Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court
United States Post Office and Courthouse Building
Newark, New Jersey 07101

>      Re:     *In re Schering-Plough Corp. ENHANCE Securities Litigation*,
>              Civil Action No. 08-397 (DMC) (JAD)
>
>              *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*,
>              Civil Action No. 08-2177 (DMC) (JAD)

Dear Judge Cavanaugh:

        This firm, along with Co-Lead Counsel, represents Lead Plaintiffs in the above referenced actions.  We write on behalf of Lead Plaintiffs to request that this Court enter, by no later than December 28, 2012, the proposed orders attached hereto as Exhibits A and B, which approve dissemination of class certification notices in each of the above-captioned actions.  As demonstrated by the bracketed dates in the proposed orders attached hereto, entry of the orders by no later than December 28, 2012, will allow class notice to issue in time to maintain the currently scheduled March 4, 2013 date for trial.   While Defendants have delayed this submission as set forth below, any further delay now threatens to disrupt the re-scheduled trial date for these actions.

        On October 31, 2012 – nearly two months ago – we sent copies of the proposed notices and orders to Defendants requesting that they provide us with any comments to the language in the proposed notices and orders.  Exhibit C.  On November 2, 2012, Defendants stated that, although they viewed the notices as premature, they would get back to us with any such comments.  Exhibit D.  Having not received a response from Defendants regarding their position on the language in the notices and orders, on November 14, 2012 and December 13, 2012, we again requested that Defendants provide us with any comments to the language in the notices and orders.  Plaintiffs first received comments from Defendants yesterday and have incorporated most of Defendants' changes to avoid any further delay.  However, Plaintiffs cannot agree to Defendants' request that Merck (as opposed to the notice administrator) issue the notices to the classes in these actions.  Plaintiffs seek that the notice administrator issue notice in these cases,

Honorable Dennis M. Cavanaugh, U.S.D.J.
December 19, 2012
Page 2

consistent with how notice is issued in other securities class actions.  Otherwise, Plaintiffs' have largely accepted Defendants' belated comments and revisions to the proposed orders and notices.

Notably, however, Defendants have informed us that it is their position that the notices should not be sent while their Fed. R. Civ. P. 23(f) petitions are pending because such notices could "invite the potential for substantial public confusion and expense in the event of a reversal or modification of the class decision[s]."  *Id.* Defendants' position is without merit.

First, with trial in these actions scheduled to begin on March 4, 2013,[1] class notice must be disseminated promptly so as to ensure that absent Class members have sufficient time to decide whether to have their claims adjudicated in this action, or whether to opt out and litigate their claims separately.  *See, e.g., Larson v. AT & T Mobility LLC*, 687 F.3d 109, 126 (3d Cir. 2012) ("[A] procedure such as the class action, which has a formidable, if not irretrievable, effect on substantive rights, can comport with constitutional standards of due process only if there is a maximum opportunity for notice to the absentee class member . . . ."); *Woodward v. Andrus*, 272 F.R.D. 185, 204 (W.D. La. 2010) (discussing the importance of providing notice and an opportunity to opt out before trial); *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (same).

Second, courts regularly approve the dissemination of class notice during the pendency of Rule 23(f) petitions and appeals.  *See e.g., In re Bank of America Corp. Sec., Derivative, and ERISA Litig.*, 09 MD 2058 (S.D.N.Y. March 21, 2012) (attached hereto as Exhibit F) (class notice sent during the pendency of Defendants' Rule 23(f) petition); *In re Vivendi Universal, S.A., Sec. Litig.*, 02 Civ. 5571 (S.D.N.Y. 2009) (attached hereto as Exhibit G) (same); *In re WorldCom, Inc. Sec. Litig.*, 02 Civ. 3288 (S.D.N.Y. 2003) (attached hereto as Exhibit H) (same); *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex, March 1, 2007) (attached hereto as Exhibit I) (notice sent after the Fifth Circuit accepted Defendants' petition).  This is because Rule 23(f) expressly provides that an appeal thereunder "***does not*** stay proceedings in the district court unless the district judge or the court of appeals so orders."  Fed. R. Civ. P. 23(f) (2012). *See also In re Sumitomo Copper Litig.*, 262 F.3d 134,140 (2d Cir. 2001); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999).  Indeed, it is well-established that class notice "should be given promptly after the certification order is granted."  *See e.g.*, MANUAL FOR COMPLEX LITIGATION, FOURTH §21.311, at 288.[2]

---

[1]     This Court made clear at the September 25, 2012 hearing that the March 4, 2013 trial date was not a mere placeholder date, but instead that it intended to begin trial on that date.  *See, e.g.,* Ex. E at 21:13-14 ("[I]f I'm going to set a date, that's going to be the date.").  Indeed, this Court set trial for March 4, 2013, only after Defendants requested that this Court postpone an earlier November 2012 trial date to accommodate their counsel's personal and professional commitments.  (Dkt. 311, 313).

[2]     The fact that Defendants' appeal is highly unlikely to be successful distinguishes this case from *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 183 (3d Cir. 2006).  In that case, the District Court refused to stay Class Notice.  It was not until the Third Circuit granted defendants' petition to appeal of the lower court's class certification order that

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

Honorable Dennis M. Cavanaugh, U.S.D.J.
December 19, 2012
Page 3

Third, in the (unlikely) event that the Third Circuit grants Defendants' Rule 23(f) petition and modifies the Class definitions, co-Lead Counsel has agreed to pay the expense of issuing any necessary modified notices.  Thus, Defendants will not have to bear any additional expenses as a result of sending notice prior to resolution of their Rule 23(f) petitions.

Fourth, in an abundance of caution, the language in the proposed class notices adequately apprises absent class members of Defendants' Rule 23(f) petitions and alerts them to the possibility that the Class definition may change as a result.  Such language mirrors the approach adopted by certain courts when ordering dissemination of class notice while a Rule 23(f) petition or appeal is pending.  *See e.g.,* Exhs. H, I.  Notably, however, such language is not required, and is often not included in notices sent during the pendency of Rule 23(f) petitions or appeals.  *See* e.g., Exhs. F, G (including no discussion of pending Rule 23(f) petitions or appeals).  Thus, there is no risk of public confusion.

Finally, sending class notice during the pendency of a 23(f) petition will not cause Defendants irreparable harm.  *See, e.g., Adoma v. Univ. of Phoenix, Inc.*, No. S-10-0059 LKK/GGH, 2010 WL 4054109, at *4 (E.D. Cal. Oct. 15, 2010); *Rosen v. J.M. Auto Inc.*, No. 07-61234-CIV, 2009 WL 7113827, at *2 (S.D. Fla. May 20, 2009) (denying motion to stay issuance of class notice and rejecting defendant's argument that if "class notice were to issue, there would be irreparable harm to them because of damage to their goodwill,"  finding that "the harm that Defendants claim will occur here is not irreparable. If the potential class members are notified and the class certification is reversed, those on the class list may be notified of that outcome"); *In re Mounce*, No. 03-55022, 2008 WL 2714423, at *9 (Bankr. W.D. Tex. July 10, 2008).  In stark contrast, given the imminence of trial, absent Class members face irreparable harm if notice is not disseminated promptly.  *See, e.g.*, *Larson*, 687 F.3d at 126; *Greenfield*, 483 F.2d at 833-34; *Woodward*, 272 F.R.D. at 204; *Schwarzschild*, 69 F.3d at 295.

Accordingly, Lead Plaintiffs request that this Court sign the attached Orders approving dissemination of the proposed class notices.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/James E. Cecchi

JAMES E. CECCHI

Enclosures
cc: All counsel of record (via ECF)

---

the Third Circuit ordered that class notice be stayed.  *Id*.  Thus, in that case, unlike here, it was clear that the petition was meritorious.