UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (JAD)<br>**DECLARATION OF STEPHANIE A. THURIN RE NOTICE DISSEMINATION, PUBLICATION AND REQUESTS FOR EXCLUSION** |
|---|---|

I, Stephanie A. Thurin, declare and state as follows:

1. I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2. Epiq was retained by Co-Lead Counsel in the above-captioned litigation (the "Action"). I submit this declaration to provide the Court and the parties with information regarding the mailing of the Court-approved Notice of Pendency of Class Action (the "Notice"), publication of the Summary Notice of Pendency of Class Action (the "Summary Notice"), establishment of the website and toll-free number dedicated to this Action, and requests for exclusion received.

**DISSEMINATION OF THE NOTICE**

3. Epiq is responsible for disseminating the Notice to potential Class Members in this Action. By definition, the Class consists of all persons and entities that purchased or acquired Schering-Plough Corporation ("Schering") common stock, 6% mandatory convertible preferred stock maturing August 13, 2010 ("Preferred Stock"), or call options, and/or sold Schering put options, during the period between January 3, 2007 through and including March

28, 2008 (the "Class Period"), and who did not sell their stock and/or options on or before December 11, 2007, and who were damaged thereby (the "Class"), subject to certain exclusions set forth in the Notice.

4. On January 3, 2013 Epiq received a CD with an excel spreadsheet from Paul, Weiss, Rifkind, Wharton & Garrison LLP with a total of 38,470 names and addresses of potential Class Members for initial noticing. Epiq extracted these names and addresses and after clean-up and de-duplication, there remained 38,007 unique names and addresses of potential Class Members.

5. Epiq loaded this data into a database created for the Action.

6. As a large majority of potential Class Members are beneficial purchasers whose securities are held in "street name"— *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee on behalf of the beneficial purchasers, the Notice instructed those who purchased or otherwise acquired Schering common stock, Preferred Stock, or call options, and/or sold Schering put options, during the Class Period for the beneficial interest of a person or organization other than themselves to either (i) request within 7 days of receipt of the Notice additional copies of the Notice for such beneficial owners from the Notice Administrator, and forward copies of the Notice to those beneficial owners no later than 7 days after such nominees' receipt of the additional copies of the Notice, or (ii) provide to Epiq the names and addresses of such persons no later than 7 days after such nominees' receipt of the Notice.

7. Epiq maintains and updates an internal list of the largest and most common banks, brokers and other nominees. The list of known holders of Schering securities from Paul, Weiss, Rifkind, Wharton & Garrison LLP was supplemented by Epiq's internal broker list containing 2,439 additional names and addresses.

8. Epiq thereafter formatted the Notice, and caused it to be printed, personalized with the name and address of each potential Class Member or nominee, posted for first-class mail, postage prepaid, and mailed the Notice to the potential Class Members and nominees on January 17, 2013 (the "Notice Date").

9. On the Notice Date, 40,446 copies of the Notice were mailed. A copy of the Notice is attached hereto as Exhibit A.

10. Epiq has received requests from nominees for additional unaddressed copies of the Notice and for additional Notices to be mailed directly to potential Class Members identified by the nominee. From the Notice Date through March 14, 2013, Epiq mailed an additional 284,583 copies of the Notice to potential members of the Class whose names and addresses were received from individuals or nominees requesting that Notice be mailed to such persons, and mailed another 10,003 Notices to nominees who requested Notices to forward to their customers. Each of the requests was responded to in a timely manner and Epiq will continue to timely respond to any additional requests received.

11. As of March 14, 2013, an aggregate of 335,032 Notices have been disseminated to potential Class Members and nominees by first-class mail.

**PUBLICATION OF THE SUMMARY NOTICE**

12. The Summary Notice was published in *The Wall Street Journal* and transmitted over the *PR Newswire* on January 25, 2013. Attached as Exhibit B is a tear sheet proof of print in *The Wall Street Journal* attesting to that publication and a screen shot attesting to the *PR Newswire* transmittal.

**CALL CENTER SERVICES**

13. Epiq reserved a toll-free phone number for the Action, (877) 854-4458, and published that toll-free number in the Notice and on the website for the Action.

14. The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a brief summary about the Action and the option to request a copy of the Notice. The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week.

15. Epiq made the IVR available on January 17, 2013, the same date Epiq mailed the Notices.

16. In addition, Monday through Friday from 6:00 a.m. to 6:00 p.m. Pacific Time (excluding official holidays), callers are able to speak to a live operator regarding the status of the Action and/or obtain answers to questions they may have about communications they receive from Epiq. During other hours, callers may leave a message for an agent to call them back.

**WEBSITE**

17. Epiq established and is maintaining a website dedicated to this Action (www.ScheringVytorinSecuritiesLitigation.com) to provide additional information to Class

Members. Users of the website can download a copy of the Notice. The web address was set forth in the published Summary Notice and the mailed Notice. Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

**EXCLUSION REQUESTS**

18. As set forth in the Notice, Class Members who wish to be excluded from the Class were required to request exclusion in writing by mailing their request to the P.O. Box set up and maintained by Epiq, postmarked on or before March 1, 2013. Epiq has forwarded and continues to forward true and correct copies of all exclusion requests to Co-Lead Counsel. As of March 14, 2013, Epiq has received 49 requests for exclusion, which were submitted by or on behalf of the persons and entities set forth on Exhibit C hereto. Some of the requests for exclusion received indicate that they are submitted on behalf of persons and entities who are not Class Members, some of the requests for exclusion did not provide all the information required by the Notice, and some were postmarked after the March 1, 2013 deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on March 15th, 2013, at Beaverton, Oregon.

[signature]

Stephanie A. Thurin

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (JAD) |
|---|---|

# NOTICE OF PENDENCY OF CLASS ACTION

**To:** All persons and entities that purchased or acquired Schering-Plough Corporation ("Schering") common stock, 6% mandatory convertible preferred stock maturing August 13, 2010 ("Preferred Stock"), or call options, and/or sold Schering put options, during the period between January 3, 2007 through and including March 28, 2008 (the "Class Period"), and who did not sell their stock and/or options on or before December 11, 2007, and who were damaged thereby (the "Class").

***A federal court has authorized this notice. This is not a solicitation from a lawyer.***

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court") to inform you of a class action lawsuit that is now pending in the Court under the above caption (the "Action") against Schering, Merck/Schering-Plough Pharmaceuticals ("M/S-P"), Fred Hassan, Carrie S. Cox, Robert J. Bertolini, Steven H. Koehler, Susan Ellen Wolf, the Director Defendants[1], and the Underwriter Defendants[2] (collectively, the "Defendants"), and that the Action has been certified by the Court to proceed as a class action on behalf of the Class of certain purchasers and acquirors of Schering common stock, Preferred Stock or call options and certain sellers of Schering put options.

1. The "Class," as certified by the Court, consists of:

   All persons and entities that purchased or acquired Schering common stock, 6% mandatory convertible preferred stock maturing August 13, 2010, or call options, and/or sold Schering put options, during the period between January 3, 2007 through and including March 28, 2008, and who did not sell their stock and/or options on or before December 11, 2007, and who were damaged thereby.

   Excluded from the Class by definition are:

   (a) Defendants; (b) members of the immediate families of the Individual Defendants; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who was a partner, executive officer, director, or controlling person of Schering, M/S-P or Merck & Co., Inc. ("Merck") (including any of their subsidiaries or affiliates), or any other Defendants; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.

2. This Notice is directed to you because you may be a member of the Class. If you are a member of the Class, your rights will be affected by this Action. If you do not meet the Class definition, this Notice does not apply to you. If you are uncertain whether you are a member of the Class, contact Class Counsel listed in paragraph 23 below, or your own attorney.

[1] The "Director Defendants" are Hans W. Becherer, Thomas J. Colligan, C. Robert Kidder, Philip Leder, M.D., Eugene R. McGrath, Carl E. Mundy, Jr., Antonio M. Perez, Patricia F. Russo, Jack L. Stahl, Kathryn C. Turner, Robert F.W. van Oordt, and Arthur F. Weinbach.

[2] The "Underwriter Defendants" are ABN AMRO Rothschild LLC, Banc of America Securities LLC, Banca IMI SpA, BBVA Securities Inc., Bear, Stearns & Co. Inc. (now J.P. Morgan Securities LLC), BNP Paribas Securities Corp., BNY Capital Markets, Inc., Citigroup Global Markets, Inc., Credit Suisse Securities (USA) LLC, Daiwa Capital Markets America Inc., Goldman, Sachs & Co., ING Financial Markets LLC, J.P. Morgan Securities LLC, Mizuho Securities USA Inc., Morgan Stanley & Co. LLC, Santander Investment Securities Inc., Utendahl Capital Partners, L.P., and The Williams Capital Group L.P.

3. This Notice is not an admission by Defendants or an expression of any opinion of the Court concerning the merits of the Action, or a finding by the Court that the claims asserted by Lead Plaintiffs (defined below in paragraph 8) in this case are valid. This Notice is intended solely to advise you of the pendency of the Action and of your rights in connection with it. There is no settlement or monetary recovery at this time. Defendants have denied Lead Plaintiffs' claims and contend that they are not liable for the harm alleged by Lead Plaintiffs.

4. The Class definition may be subject to change by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## OVERVIEW AND STATUS OF THIS ACTION

5. Vytorin is a cholesterol-lowering medication that is a combination of two drugs – Zocor (simvastatin), developed by Merck, and Zetia (ezetimibe), developed by Schering. During the Class Period, Vytorin was marketed by M/S-P, a joint venture of Merck and Schering. Beginning in 2004, Merck and Schering undertook a clinical trial, known as the ENHANCE study, to test whether the combination of Zocor and Zetia in Vytorin was more effective than Zocor alone in preventing the progression of atherosclerosis (plaque buildup in the arteries). In January 2008, M/S-P issued a news release announcing certain top-line results of the ENHANCE study. In March 2008, the complete ENHANCE results were published in the *New England Journal of Medicine* and presented at the American College of Cardiology conference.

6. The initial complaint in this Action was filed in January 2008.

7. By Order dated March 3, 2008, the Court ordered that any related securities actions filed in, removed to or transferred to the District of New Jersey be consolidated with this Action. On March 27, 2008, a related securities action, *Kamel v. Schering-Plough Corp., et al*., Civil Action No. 08-1000 (DMC), was consolidated with the Action for all purposes.[3]

8. On April 18, 2008, the Court entered an Order appointing the Arkansas Teacher Retirement System, the Public Employees' Retirement System of Mississippi, the Louisiana Municipal Police Employees' Retirement System, and the Massachusetts Pension Reserves Investment Management Board (collectively, "Lead Plaintiffs") as Lead Plaintiffs for the Action pursuant to the Private Securities Litigation Reform Act of 1995. In the same Order, the Court approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as Co-Lead Counsel for the Class and approved Lead Plaintiffs' selection of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC as Liaison Counsel for the Class.

9. On September 15, 2008, Lead Plaintiffs filed their Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), asserting claims under Sections 10(b), 20(a) and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and Sections 11, 12(a), 15 of the Securities Act of 1933 (the "Securities Act"). The Complaint alleges that Schering, M/S-P, and certain of Schering's officers made false or misleading statements or omissions about the efficacy and commercial prospects of Vytorin and Zetia, including by intentionally withholding the results of the ENHANCE study. The Complaint alleges that these false statements and omissions caused the price of Schering common stock, Preferred Stock and call options to be artificially inflated and the price of Schering put options to be artificially depressed during the Class Period and that the price of Schering common stock, Preferred Stock and call options declined and the price of Schering put options increased when the truth about the ENHANCE study was disclosed. The Complaint also alleges that Cox violated federal securities laws against insider trading because Cox sold Schering common stock while in possession of material, non-public information. The Complaint further alleges that Schering, Hassan, Bertolini, Koehler, Wolf, the Director Defendants, and Underwriter Defendants are statutorily responsible for false or misleading statements made in offering documents in connection with an August 9, 2007 offering of Schering common stock and/or an August 15, 2007 offering of Schering Preferred Stock.

10. Defendants moved to dismiss the Complaint on December 10, 2008. On September 2, 2009, the Court issued an Opinion and entered an Order denying Defendants' motions to dismiss.

11. On September 17, 2009, Defendants moved for reconsideration of the Court's Opinion and Order denying Defendants' motions to dismiss. The motion for reconsideration was denied by the Court on June 21, 2010.

[3] Separate securities fraud actions based on the same underlying factual allegations were also brought on behalf of purchasers of Merck securities against Merck, M/S-P, and certain of Merck's officers. These actions have been consolidated in *In re Merck & Co., Inc. Vytorin / Zetia Securities Litigation,* Civil Action No. 08-2177 (DMC)(JAD) (the "*Merck* Action"). The *Merck* Action has been certified as a class action on behalf of certain purchasers or acquirors of Merck common stock and call options and certain sellers of Merck put options and is the subject of a separate Notice of Pendency of Class Action being mailed to potential members of the class in that action.

12. Defendants answered the Complaint on November 18, 2009. Defendants have denied any violations of the securities laws and asserted affirmative defenses to Lead Plaintiffs' allegations.

13. On February 7, 2011, Lead Plaintiffs filed their motion for class certification and, on September 22, 2011, filed an amended motion for class certification. Following class certification discovery, on September 25, 2012, the Court issued an Order and an Opinion granting Lead Plaintiffs' motion certifying the Class, appointing Lead Plaintiffs as Class Representatives and appointing Lead Counsel as Class Counsel. On October 11, 2012, the Court entered an Amended Order relating to the definition of the Class (the "Class Order").

14. On March 1, 2012, Schering, M/S-P and the Individual Defendants moved for partial summary judgment contending, among other things, that the declines in Schering's common and Preferred Stock and option prices on certain dates were not caused by disclosure of the alleged fraud. The Underwriter Defendants also moved for summary judgment contending that they had conducted a reasonable investigation and thus satisfied the "due diligence" defense to liability under the Securities Act. The motions were fully briefed, and on September 25, 2012, the Court issued an Order denying both motions.

15. On October 9, 2012, Defendants filed two petitions in the United States Court of Appeals for the Third Circuit (the "Third Circuit") seeking leave to appeal the Court's rulings on class certification. On January 7, 2013, the Third Circuit denied those petitions.

16. The trial in this action has been scheduled by the Court to begin on March 4, 2013.

## YOUR RIGHTS AS A CLASS MEMBER

17. A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly-situated persons and entities to obtain monetary or other relief for the benefit of the entire group. Class actions avoid the necessity of each member of a class having to file his, her or its own separate lawsuit to obtain relief. Class actions are used to decide legal and factual issues that are common to all members of a class.

18. If you purchased or acquired Schering common stock, Preferred Stock or call options and/or sold Schering put options during the period between January 3, 2007 through and including March 28, 2008, did not sell all of these stocks and/or options on or before December 11, 2007, and were damaged thereby, and you are not excluded from the Class by definition, you are a member of the Class. If you are a member of the Class, you have the right to decide whether to remain a member of the Class. ***If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions in Schering common stock and Preferred Stock and options on Schering common stock as discussed below in paragraph 19.*** If you are a member of the Class and wish to be excluded from the Class, you must request exclusion in accordance with the procedure set forth in paragraph 20, below. Your decision is important for the following reasons:

    a. **<u>If you choose to remain a member of the Class,</u>** you will be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable. If any money is awarded to the Class, either through a settlement with Defendants or a judgment of the Court, you will be eligible to receive a share of that award. However, if you remain a member of the Class, you may not pursue a lawsuit on your own behalf with regard to any of the issues in this Action. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action. Please note that if you remain a member of the Class, you will not be personally responsible for Class Counsel's attorneys' fees or costs. Class Counsel have agreed to represent the Class on a contingent fee basis, which means that they will be awarded fees and costs only if they succeed in obtaining a recovery from one or more Defendants. Any attorneys' fees for Class Counsel will be awarded by the Court from the settlement or judgment, if any, obtained on behalf of the Class. As a member of the Class you will be represented by Class Counsel. You may remain a member of the Class and elect to be represented by counsel of your own choosing. If you do retain separate counsel, you will be responsible for those attorneys' fees and expenses and such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Court and mailing it to Class Counsel at the addresses set forth in paragraph 23 below on or before March 1, 2013.

    b. **<u>If you choose to be excluded from the Class,</u>** you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action. You will retain any right you have to individually pursue any legal rights that you may have against any Defendants with respect to the claims asserted in the Action. Please refer to paragraphs 20-22 below if you would like to be excluded from the Class.

19. Members of the Class will be eligible to participate in any recovery that might be obtained in the Action. While this

Notice is not intended to suggest any likelihood that Lead Plaintiffs or members of the Class will recover any such damages, should there be a recovery, members of the Class will be required to support their requests to participate in the distribution of any such recovery by demonstrating their membership in the Class and documenting their purchases and sales of Schering common stock, Preferred Stock and/or options on Schering common stock, and their resulting damages. ***For this reason, please be sure to keep all records of your transactions in these securities.***

## HOW TO BE EXCLUDED FROM THIS CLASS

20. If you wish to be excluded from the Class, you must specifically request exclusion in accordance with the following procedures. To exclude yourself from the Class, you must send a letter by first-class mail stating that you "request exclusion from the Class in *In re Schering-Plough Corporation / ENHANCE Securities Litigation,* Civil Action No. 08-397 (DMC) (JAD)." Your request must (i) state the name, address and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Schering common stock, Preferred Stock and call and put options on Schering common stock purchased, acquired and/or sold during the Class Period as well as the dates and prices of each such purchase, acquisition and/or sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. You must mail your exclusion request, postmarked by no later than **March 1, 2013**, to:

*In re Schering-Plough Corporation / ENHANCE Securities Litigation*
P.O. Box 3127
Portland, OR 97208-3127

You cannot exclude yourself from the Class by telephone or by e-mail and a request for exclusion shall not be effective unless it contains all the information called for by this paragraph and is postmarked by the date stated above, or is otherwise accepted by the Court.

21. If your request for exclusion complies with the requirements set forth above, you will not be bound by any judgment in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action.

22. Do not request exclusion from the Class if you wish to participate in this Action as a member of the Class.

## CLASS COUNSEL

23. As a member of the Class, you will be represented by Class Counsel, who are:

Salvatore J. Graziano
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, NY 10019
(800) 380- 8496

Christopher J. McDonald
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700

24. As noted above, unless you elect to retain your own personal lawyer, by remaining in the Class, you will not subject yourself to any direct obligations to pay the costs of the litigation. In the event there is a recovery by the Class in this Action, all costs and expenses of the Action, including Class Counsel's attorneys' fees, will be paid from that recovery in an amount approved by the Court.

## PLEASE KEEP YOUR ADDRESS CURRENT

25. To assist the Court and the parties in maintaining accurate lists of Class members, you are requested to mail notice of any changes in your address to:

*In re Schering-Plough Corporation / ENHANCE Securities Litigation*
P.O. Box 3127
Portland, OR 97208-3127

26. If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Administrator, Epiq Systems, Inc., at the address above or by calling 877-854-4458 and provide them with your correct address. If the Administrator does not have your correct address, you may not receive notice of important developments in this Action.

## WHERE YOU CAN FIND ADDITIONAL INFORMATION

27. This Notice gives only a summary of the lawsuit and the claims asserted by Lead Plaintiffs. For more detailed information regarding the Action, you may contact Class Counsel or visit www.scheringvytorinsecuritieslitigation.com.

PLEASE DO NOT CALL OR WRITE THE COURT.

## NOTICE TO SECURITY BROKERS AND OTHER NOMINEES

28. If, for the beneficial interest of any person or entity other than yourself, you purchased or acquired Schering common stock, Preferred Stock or call options and/or sold Schering put options during the period between January 3, 2007 through and including March 28, 2008, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator at *In re Schering-Plough Corporation / ENHANCE Securities Litigation,* P.O. Box 3127, Portland, OR 97208-3127 or via email to info@scheringvytorinsecuritieslitigation.com. If you choose the first option, you must send a statement to the Administrator confirming that the mailing was made and you must retain your mailing records for use in connection with any further notices that may be provided in the Action. If you choose the second option, the Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Dated: January 17, 2013                                BY ORDER OF THE COURT:
                                                       United States District Court
                                                       for the District of New Jersey

# Exhibit B

P2JW025000-0-C00800-1--------XA CL,CN,CX,DL,DM,DX,EE,EU,FL,HO,KC,MW,NC,NE,NY,PH,PN,SA,SC,SL,SW,TU,WB,WE BGN,BMT,BRX,CCA,CHR,CKP,CPD,CXT,DNW,DRG,HAW,HLD,KCS,LAG,LAT,LKD,MIA,MLJ,NMX,PAL,PHI,PVN,SEA,TDM,TUS,UTA,WOK
CMYK Composite

Dow Jones & Company, Inc. Tearsheet. Proof of Print Only.

# NEW HIGHS AND LOWS

WSJ.com/newhighs

The following explanations apply to the New York Stock Exchange, NYSE Arca, NYSE MKT and Nasdaq Stock Market stocks that hit a new 52-week intraday high or low in the latest session. % CHG-Daily percentage change from the previous trading session.

Thursday, January 24, 2013

## NYSE highs - 464

| Stock | Sym | 52-Wk Hi/Lo | % Chg |
|---|---|---|---|
| ACE | [illegible] | [illegible] | 0.8 |
| AbbVie | ABBV | [illegible] | -0.9 |
| Accenture | ACN | [illegible] | [illegible] |
| AECOM Tech | ACM | 25.59 | 0.8 |
| AffilMangr | AMG | 145.89 | 0.9 |
| AgreeRlty | ADC | 28.88 | -0.2 |
| Agrium | AGU | [illegible] | 2.6 |
| AlaskaAir | ALK | [illegible] | -0.6 |
| Allergan | AGN | 107.49 | [illegible] |
| Allete | ALE | 44.86 | [illegible] |
| AmBev ADS | ABV | 45.62 | [illegible] |
| AmBev ADS C | ABV/C | 45.08 | [illegible] |
| Amdocs | DOX | 35.63 | 0.6 |
| AmEqtyLf | AEL | 13.65 | 0.1 |
| AmFnl | AFG | 42.68 | 0.2 |
| AmericanTowerREIT | AMT | 79.98 | 0.8 |
| AmerprsFncl | AMP | 67.31 | 0.7 |
| Ametek | AME | 41.22 | 3.5 |
| Aon | AON | 58.43 | 0.7 |
| ApolloComlREPFdA | ARIpA | 26.50 | 0.2 |
| AquaAmer | WTR | 27.20 | 0.6 |
| AsburyAuto | ABG | 35.49 | -1.1 |
| AshfdHsptyTr | AHT | 11.71 | 2.9 |
| Ashland | ASH | 86.96 | -0.4 |
| [illegible] | APB | 11.20 | -0.2 |
| [illegible] | AHL | 33.73 | 0.7 |
| [illegible] | AZN | 49.60 | 1.1 |
| [illegible] | ATW | 53.25 | 1.0 |
| [illegible] | BRFS | 22.71 | ... |
| [illegible] | BMI | 50.79 | 2.1 |
| [illegible] | BLX | 23.23 | 0.4 |
| [illegible] | BACpL | 1213.22 | -0.6 |
| [illegible] | BDX | 84.38 | 0.2 |
| Belden | BDC | 48.76 | 1.0 |
| Berkley | WRB | 42.04 | 0.5 |
| BerkHathwy A | BRK/A | 147250 | 0.5 |
| BerkHathwy B | BRK/B | 97.73 | 0.9 |
| BitautoHldgsADS | BITA | 9.50 | 0.4 |
| BlckRkDefOppTr | BHL | 14.76 | 0.3 |
| BlckRkEnDivTr | BDJ | 7.77 | 0.1 |
| BlkRkFltngRteIncFd | FRA | 15.71 | 0.2 |
| BlackstoneGp | BX | 18.29 | 1.1 |
| BlockHR | HRB | 21.73 | 2.2 |
| BostBeer | SAM | 146.27 | 1.1 |
| BosSci | BSX | 6.93 | -0.3 |
| BoulderGro | BIF | 6.98 | 0.4 |
| BouldrTotR | BTF | 19.59 | 0.1 |
| BrndywnRlty | BDN | 13.17 | ... |
| BriggsStrat | BGG | 23.29 | 10.2 |
| Bristow | BRS | 56.75 | -0.2 |
| BrookdaleLvng | BKD | 27.79 | -0.6 |
| BrookfieldGlb | INF | 21.54 | -1.1 |
| Brunswick | BC | 36.37 | 7.3 |
| Bunge | BG | 78.72 | 0.9 |
| BurgerKing | BKW | 18.46 | -0.4 |
| CAI Intl | CAP | 25.10 | -0.2 |
| C&JEnergyServices | CJES | 23.39 | 1.0 |
| CBREClarionGlb | IGR | 9.43 | -0.2 |
| CBRE Group | CBG | 21.30 | 1.4 |
| CBSCIA | CBS/A | 43.10 | -0.4 |
| CBSCIB | CBS | 43.14 | -0.6 |
| CF IndHldgs | CF | 228.07 | 1.2 |
| CMS Energy | CMS | 25.47 | 0.4 |
| CVR Energy | CVI | 54.75 | 5.3 |
| CVS Caremark | CVS | 52.73 | -1.0 |
| Cabco GS GYB | GYB | 19.80 | 0.7 |
| CABCO SBC Comm | GYC | 25.70 | -0.1 |
| CabotO&G | COG | 53.62 | 1.3 |
| CalWtrSvc | CWT | 19.63 | 0.8 |
| CameronInt | CAM | 60.51 | -0.6 |
| CanPacRlwy | CP | 113.25 | 1.8 |
| CantelMed | CMN | 32.77 | 2.0 |
| Carlisle | CSL | 63.78 | 0.6 |
| CarMax | KMX | 39.50 | 0.5 |
| CastleAM | CAS | 16.37 | 2.2 |
| CeladonGp | CGI | 21.74 | 5.0 |
| Cemex ADS | CX | 10.87 | 2.4 |
| CntlEurRus Fd | CEE | 35.85 | 0.8 |
| ChrlsRvrLab | CRL | 43.19 | 0.8 |
| ChathamLdgTr | CLDT | 15.78 | 0.6 |
| Chemed | CHE | 74.74 | 0.4 |
| Chemtura | CHMT | 24.12 | 0.3 |
| ChicagoB&I | CBI | 50.74 | 0.2 |
| Cigna | CI | 58.24 | 1.3 |
| CitigrpCapXIIIPf | CpN | 28.98 | 0.5 |
| ClWater Pap | CLW | 46.02 | 1.3 |
| Clorox | CLX | 77.78 | 0.1 |
| ClnStrOppFd | FOF | 13.41 | 0.1 |
| Colfax | CFX | 42.73 | 3.7 |
| ColonyFincl | CLNY | 21.90 | -0.4 |
| ComrclMtls | CMC | 16.81 | -0.5 |
| CmntyHlth | CYH | 38.60 | 0.9 |
| ConAgraFoods | CAG | 32.47 | 1.8 |
| Cooper | COO | 101.43 | 1.1 |
| CpOfficProp | OFC | 27.25 | ... |
| CorrCorp | CXW | 38.61 | -0.6 |
| Cosan A | CZZ | 18.69 | 3.3 |
| CousnProp | CUZ | 8.87 | 1.1 |
| Covance | CVD | 66.82 | -0.2 |
| Coventry | CVH | 46.41 | 1.0 |
| Covidien | COV | 61.69 | 1.2 |
| CrownCastl | CCI | 75.50 | -1.1 |
| CytecInd | CYT | 75.25 | 0.1 |
| DDR Corp | DDR | 16.21 | 0.2 |
| DST Sys | DST | 64.80 | -0.2 |
| DTE Engy | DTE | 62.98 | 0.3 |
| DWS GlblFd | LBF | 9.27 | -0.2 |
| DWS Muni | KTF | 15.54 | -0.1 |
| Danaher | DHR | 61.14 | 0.1 |
| Deere | DE | 93.70 | 0.5 |
| DelekLogisticsPtrs | DKL | 25.90 | -0.9 |
| DelekUS Hldgs | DK | 32.48 | 1.2 |
| DeltaAir | DAL | 14.17 | 1.1 |
| DelticTimber | DEL | 72.47 | 1.2 |
| DeluxeCp | DLX | 36.77 | 7.8 |
| DeutscBkTruPS | DTK | 27.99 | -0.1 |
| DmndOffshr | DO | 74.86 | -0.3 |
| DigitGlobe | DGI | 30.50 | 2.4 |
| DineEquity | DIN | 74.23 | 1.9 |
| Disney | DIS | 54.87 | ... |
| DrRdyLab ADS | RDY | 36.00 | 0.8 |
| DrewInd | DW | 37.02 | 3.9 |
| DrilQuip | DRQ | 83.37 | 0.1 |
| EPLOil&Gas | EPL | 25.06 | ... |
| EPRProp5.75%CvPfdC | EPRpC | 22.29 | 0.1 |
| EPRProp9.00%CvPfdE | EPRpE | 30.84 | 0.4 |
| ESCO Tech | ESE | 40.90 | 0.9 |
| EatonCorp.PLC | ETN | 57.48 | 1.3 |
| EatonVance | EV | 35.85 | 0.3 |
| EtnVncTxAdvOpp | ETO | 21.91 | 0.1 |
| EatVnceTxEqty | ETY | 9.97 | -0.1 |
| EmersnElec | EMR | 57.90 | 0.7 |
| EmplCA ADS | ICA | 11.90 | 1.3 |
| EmployersHldg | EIG | 21.72 | 0.4 |
| Enersys | ENS | 41.48 | 1.2 |
| EnPro | NPO | 44.83 | 1.0 |
| Equifax | EFX | 59.30 | 1.5 |
| EquityOne | EQY | 22.49 | ... |
| EraGroupInc.Wi | ERAw | 19.50 | 1.3 |
| EvercorePtnrs A | EVR | 35.04 | 1.0 |
| Exterran | EXH | 23.49 | -0.5 |
| ExtrSpcStor | EXR | 39.57 | 1.4 |
| FedEx | FDX | 102.61 | 2.1 |
| Felcor | FCH | 5.47 | 4.4 |
| FibriaCelulose ADS | FBR | 13.28 | 0.7 |
| Fifth&PacificCos. | FNP | 15.64 | -0.3 |
| FstAmFinc | FAF | 25.82 | -2.9 |
| FstBcp | FBP | 5.09 | 0.4 |
| FstIndRlty | FR | 15.16 | 0.5 |
| FstIndRlty pfK | FRpK | 25.50 | 0.9 |
| FstNiagaraFinPfdB | FNFpB | 30.48 | 0.6 |
| FstTrEnEq fd | FFA | 12.68 | -0.1 |
| FstTrSrFltgRtIFd | FCT | 16.11 | -0.7 |
| FstTrAbrEmOpp | FEO | 23.90 | 0.5 |
| FlrtyClayTotRet | FLC | 21.55 | 1.0 |
| FleetCorTechs | FLT | 59.43 | 2.3 |
| FlwrsFoods | FLO | 27.81 | 0.1 |
| Fluor | FLR | 64.98 | 1.4 |
| ForestCtyB | FCE/B | 17.23 | -0.1 |
| ForestCtyA | FCE/A | 17.29 | 0.1 |
| FortressInvGp A | FIG | 5.30 | 0.2 |
| FortBrandsHomeSec | FBHS | 32.90 | 0.4 |
| FutureFuel | FF | 12.80 | 0.5 |
| GabelliDivInco | GDV | 17.68 | -0.5 |
| GabelliUt | GAB | 6.08 | -0.7 |
| GabelliGlbMultMed | GGT | 8.52 | -0.1 |
| Gannett | GCI | 20.61 | ... |
| Gartner | IT | 51.60 | 3.1 |
| GenAmInv | GAM | 29.78 | -0.2 |
| Genesee&WyomingUn | GWRU | 121.72 | 1.4 |
| GeneseeWY A | GWR | 86.31 | 1.2 |
| GenesisEgy | GEL | 38.99 | 0.3 |
| GlobalPtnrs | GLP | 31.37 | 0.8 |
| GoldmanSachs | GS | 146.75 | -0.4 |
| GldmnSachs pfC | GSpC | 23.90 | -0.2 |
| GraceWR | GRA | 72.55 | -0.6 |
| GramrcyCap | GKK | 3.51 | 1.2 |
| GranitCnstr | GVA | 36.20 | 1.0 |
| GrphPackHldg | GPK | 6.98 | -1.4 |
| GrayTlvsn | GTN | 3.09 | 0.7 |
| Gp1Auto | GPI | 69.12 | -0.2 |
| GpoTelevisa | TV | 28.56 | -0.5 |
| GushgnRail | GSH | 21.99 | -0.3 |
| GuggenheimEnhESF | GGE | 18.21 | -0.1 |
| H&Q Hlth | HQH | 19.62 | 1.0 |
| HCC InsHldg | HCC | 39.50 | 0.2 |
| HFF A | HF | 17.22 | 0.2 |
| HNI | HNI | 32.11 | -0.1 |
| HSBC ADS | HBC | 55.80 | 0.4 |
| Haemonetic | HAE | 44.07 | 0.6 |
| HnckJ IncSec | JHS | 17.84 | 2.2 |
| Harsco | HSC | 25.30 | 0.2 |

ADVERTISEMENT

# Legal Notices

To advertise: 800-366-3975 or WSJ.com/classifieds

## BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**

..................................x
In re Ampal-American Israel Corporation, Debtor. : Chapter 11 : Case No. 12-13689 (SMB)
..................................x

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AMPAL-AMERICAN ISRAEL CORPORATION:

PLEASE TAKE NOTICE THAT on January 22, 2013, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), having jurisdiction over the above-captioned chapter 11 case of Ampal-American Israel Corporation ("Ampal" or the "Debtor") entered an order (the "Bar Date Order") establishing (a) **March 1, 2013 at 5:00 p.m.** (Eastern Standard Time) as the deadline by which each person or entity (including individuals, partnerships, corporations, joint ventures and trusts) including claims arising under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by the Debtor during the 20 days prior to the Petition Date (as defined below), other than governmental units, must file proofs of claim (each, a "Proof of Claim") based on prepetition claims against the Debtor (the "General Bar Date,") and (b) **February 26, 2013 at 5:00 p.m.** (Eastern Standard Time) as the deadline by which any United States governmental unit (as such term is defined in section 101(27) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")) must file Proofs of Claim against the Debtor (the "Government Bar Date", and together with the General Bar Date, the Rejection Bar Date and the Amended Schedule Bar Date, as defined below, the "Bar Dates"). The Bar Date Order, the Bar Dates, as applicable, and the procedures set forth below for the filing of Proofs of Claim, apply to all claims against the Debtor that arose prior to August 29, 2012 (the "Petition Date"), on which the Debtor commenced the above-captioned chapter 11 case under the Bankruptcy Code.

**Claimants asserting unsecured claims may contact counsel to the Official Committee of Unsecured Creditors (the "Committee") at Brown Rudnick LLP, Attn: Edward Weisfelner, Esq., 7 Times Square, New York, New York 10036.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

**2. WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a Proof of Claim to share in the Debtor's estate if you have a claim that arose prior to the Petition Date and it is not one of the other types of claims described in section 3 below. Acts or omissions of the Debtor that arose before the Petition Date may give rise to claims against the Debtor that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to the Petition Date.

Under section 101(5) of the Bankruptcy Code, and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidation, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**3. PARTIES WHO NEED NOT FILE A PROOF OF CLAIM:**

You need not file a Proof of Claim if you are:

a. Any entity that already has filed a signed Proof of Claim against the Debtor with the Clerk of this Court or the Claims Agent in a form substantially similar to Official Form 10;

b. Any entity whose claim is listed on Schedules if (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c. A holder of a claim that previously has been allowed by Order of the Court on or before the applicable Bar Date;

d. A holder of a claim that has been paid in full by the Debtor or any other party in accordance with the Bankruptcy Code or an order of the Court;

e. A holder of a claim for which a specific deadline previously has been fixed by the Court;

f. Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** any claim allowable under section 503(b)(9) of the Bankruptcy Code or any portion of a Rejection Damage Claim asserting administrative priority under section 503(b) of the Bankruptcy Code);

g. Any holder of a claim that is limited exclusively to the repayment of Debentures to the extent the Trustee for such Debentures timely filed Master Proofs of Claim on behalf of all holders of such claims as provided in paragraph 20 of the Application; provided, however, that, to the extent any Debenture holder wishes to assert a claim, other than a claim for the Debenture, arising out of or relating to the Debenture, such claimant must file for such claim a Proof of Claim on or before the General Bar Date; or

h. Any entity or person holding an interest, which interest is based exclusively upon an equity interest in the Debtor; provided, however, that a holder of such an interest who wishes to assert a claim against the Debtor that arises out of or is related to the ownership of any such equity interest, including a claim arising out of or relating to the issuance or distribution of any such equity interests, must file a Proofs of Claim on or before the General Claim Bar Date, unless another exception identified in this Order applies. The Debtor reserves the right to establish at a later time a bar date requiring any entity or persons holding an interest in the Debtor to file proofs of interest.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.**

**4. SCHEDULED CLAIMS, EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If the Debtor amends or supplements its Schedules subsequent to the mailing of this Bar Date Notice and related information, the Debtor shall give notice of any amendment or supplement of its Schedules to the holders of claims affected thereby within ten (10) days of filing any such amendment or supplement. Holders of the claims affected thereby must file Proofs of Claim with respect to such claims by the later of (i) the applicable Bar Date, and (ii) thirty (30) days from the date on which notice is served (the "Amended Schedules Bar Date").

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection on or before the later of (i) the date that is thirty (30) days after the entry of an order approving the rejection of the executory contract or unexpired lease, or (ii) the General Bar Date (the "Rejection Bar Date").

**5. WHEN AND WHERE TO FILE**

All **original** Proofs of Claim must be filed so as to be **received on or before the applicable Bar Date by 5:00 p.m. (Eastern Standard Time)** by first-class mail, overnight delivery service, or hand delivery to one of the following addresses: **If by First-Class Mail:** Ampal American Israel Corporation Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5082, New York, NY 10150-5082. **If by Hand Delivery or Overnight Mail:** Ampal American Israel Corporation Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017.

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq on or before the applicable Bar Date at 5:00 p.m. (Eastern Standard Time).

Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

**6. WHAT TO FILE**

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) denominate the claim in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; (iv) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (v) include supporting documentation (or, if such supporting documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; such documentation must be written in English or if not written in English the claimant must also provide a copy of the documentation translated into English; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtor; provided, further, that any creditor that receives such written consent shall be required to transmit such writings to the Debtor, upon request, no later than ten (10) days from the date of such request.

Vendors of goods may be entitled to assert claims arising prior to the Petition Date under 503(b)(9) of the Bankruptcy Code to the extent that they delivered goods to the Debtor within the 20-day period prior to the Petition Date. The Court has deemed the filing of a proof of claim as satisfying the procedural requirements for asserting such claim arising under section 502(b)(9) of the Bankruptcy Code. In addition to the other requirements of paragraph (i) above, any request for payment under section 503(b)(9) of the Bankruptcy Code must (a) include the value of goods delivered to and received by the Debtor in the 20 days prior to the Petition Date, and (b) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted.

**Holders of all claims must use the Proof of Claim Form. Proof of Claim Forms may be obtained from the Bankruptcy Court's website: www.nysb.uscourts.gov.**

**YOU MUST ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORMS OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.**

**YOU MUST INCLUDE SUPPORTING DOCUMENTATION (OR, IF SUCH DOCUMENTATION IS VOLUMINOUS, INCLUDE A SUMMARY OF SUCH DOCUMENTATION) OR AN EXPLANATION AS TO WHY SUCH DOCUMENTATION IS NOT AVAILABLE. SUCH DOCUMENTATION MUST BE WRITTEN IN ENGLISH OR IF NOT WRITTEN IN ENGLISH THE CLAIMANT MUST ALSO PROVIDE A COPY OF THE DOCUMENTATION TRANSLATED INTO ENGLISH. A PROOF OF CLAIM MAY BE FILED WITHOUT SUPPORTING DOCUMENTATION UPON THE PRIOR WRITTEN CONSENT OF THE DEBTOR; PROVIDED, THAT, UPON THE DEBTOR'S REQUEST, ANY CREDITOR THAT RECEIVED SUCH WRITTEN CONSENT SHALL BE REQUIRED TO TRANSMIT SUCH DOCUMENTATION TO THE DEBTOR NO LATER THAN TEN (10) DAYS FROM THE DATE OF SUCH REQUEST.**

**7. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

**Except with respect to claims of the type set forth in section 3 above, or unless otherwise ordered by the Court, any holder of a claim against the Debtor who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claims against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liabililty with respect to such claim. Moreover, such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in this Chapter 11 Case, participate in any distribution in this Chapter 11 Case on account of such claim, or receive further notices regarding such claim.**

**8. THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Schedules. Copies of the Schedules may be examined by interested parties on the Bankruptcy Court's electronic docket for the Chapter 11 Case, which is available at http://www.nysb.uscourts.gov (a PACER login and password are required to access the website). Additionally, electronic copies of the Schedules may be viewed at the Debtor's Claims Agent's website at http://dm.epiq11.com/AMP. Copies of the Schedules may also be examined by interested parties at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

Dated: January 22, 2013 New York, New York

/s/ Michelle McMahon, BRYAN CAVE LLP, Michelle McMahon (MM-8130), Stephanie Wickouski (SW-5957), Jamila Justine Willis (JW-2914), 1290 Avenue of the Americas, New York, New York 10104, Telephone: (212) 541-2000, Facsimile: (212) 541-1943. Attorneys for the Debtor and Debtor-in-Possession

THE WALL STREET JOURNAL.

LEGAL NOTICES

ADVERTISE TODAY

(800) 366-3975

sales.legalnotices@wsj.com

Place an ad at: wsj.com/classifieds

© 2013 Dow Jones & Company, Inc. All Rights Reserved. DOWJONES

## CLASS ACTIONS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**IN RE MERCK & CO., INC. VYTORIN / ZETIA SECURITIES LITIGATION** Civil Action No. 08-2177 (DMC) (JAD)

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**To: All persons and entities that purchased or acquired Merck & Co., Inc. ("Merck") common stock, or call options, and/or sold Merck put options, during the period between December 6, 2006 through and including March 28, 2008, and who held their stock and/or options on or before January 14, 2008, and who were damaged thereby (the "Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that the above-captioned action (the "Action") has been certified as a class action.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION. A full printed Notice of Pendency of Class Action is currently being mailed to known Class Members. If you have not yet received a full printed Notice, you may obtain copies of this document by downloading it from www.merckvytorinsecuritieslitigation.com or by contacting the Notice Administrator:

*In re Merck & Co., Inc. Vytorin / Zetia Securities Litigation*
P.O. Box 4178
Portland, OR 97208-4178
(877) 866-5915

If you did not receive the Notice by mail, and you are and decide to remain a member of the Class, please send your name and address to the Notice Administrator so that if any further notices are disseminated in connection with the Action, you will receive them.

Inquiries, other than requests for the Notice, may be made to Class Counsel:

Salvatore J. Graziano
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, NY 10019
(800) 380-8496

Jay W. Eisenhofer
Daniel L. Berger
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
(646) 722-8500

If you are a Class Member, you have the right to decide whether to remain a member of the Class. **If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in Merck common stock and options during the period from December 6, 2006 through and including March 28, 2008.** You will automatically be included in the Class. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the proceedings in the Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable.

If you ask to be excluded from the Class, you will not be bound by any judgment in the Action, and you will not be eligible to receive a share of any money which might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than March 1, 2013 in accordance with the instructions set forth in the full printed Notice. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action. The trial in the Action has been scheduled by the Court to begin on March 4, 2013.

Further information may be obtained by directing your inquiry in writing to the Notice Administrator.

BY ORDER OF THE COURT
United States District Court for the District of New Jersey

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION** Civil Action No. 08-397 (DMC) (JAD)

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**To: All persons and entities that purchased or acquired Schering-Plough Corporation ("Schering") common stock, 6% Mandatory convertible preferred stock maturing August 13, 2010 ("Preferred Stock"), or call options, and/or sold Schering put options, during the period from January 3, 2007 through and including March 28, 2008, and who did not sell their stock and/or options on or before December 11, 2007, and who were damaged thereby (the "Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that the above-captioned action (the "Action") has been certified as a class action.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION. A full printed Notice of Pendency of Class Action is currently being mailed to known Class Members. If you have not yet received a full printed Notice, you may obtain copies of this document by downloading it from www.scheringvytorinsecuritieslitigation.com or by contacting the Notice Administrator:

*In re Schering-Plough Corporation / ENHANCE Securities Litigation*
P.O. Box 3127
Portland, OR 97208-3127
(877) 854-4458

If you did not receive the Notice by mail, and you are and decide to remain a member of the Class, please send your name and address to the Notice Administrator so that if any further notices are disseminated in connection with the Action, you will receive them.

Inquiries, other than requests for the Notice, may be made to Class Counsel:

Salvatore J. Graziano
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, NY 10019
(800) 380-8496

Christopher J. McDonald
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
(212) 907-0700

If you are a Class Member, you have the right to decide whether to remain a member of the Class. **If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in Schering common stock, Preferred Stock, and options during the period from January 3, 2007 through and including March 28, 2008.** You will automatically be included in the Class. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the proceedings in the Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable.

If you ask to be excluded from the Class, you will not be bound by any judgment in the Action, and you will not be eligible to receive a share of any money which might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than March 1, 2013 in accordance with the instructions set forth in the full printed Notice. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action. The trial in the Action has been scheduled by the Court to begin on March 4, 2013.

Further information may be obtained by directing your inquiry in writing to the Notice Administrator.

BY ORDER OF THE COURT
United States District Court for the District of New Jersey

## PUBLIC NOTICES

# LEGAL NOTICE
## ATTENTION

The U.S. Department of Justice, Federal Bureau of Investigation (FBI), Washington, D.C. gives notice that the following properties were seized for various federal forfeiture violations which are mentioned below. Laws and procedures applicable to the forfeiture process can be found at 19. U.S.C. Sections 1602-1619, 18 U.S.C. Section 983, and 28 C.F.R. Parts 8 and 9. You may contest the seizure in U.S. District court by filing a claim of ownership not later than 30 days after the date of final publication of the notice of seizure, unless written notice is provided by personal letter in which case the deadline set forth in the letter shall apply. Upon the filing of a claim, a claimant, pursuant to 18 U.S.C. Section 983(f), may request release of the seized property during pendency of forfeiture proceedings due to hardship. In addition to or in lieu of filing a claim, if you want to request a pardon of the forfeited property, you may submit a petition for remission or mitigation. The petition must contain proof of your ownership interest in the property or proof that you were a victim of the offense underlying the pending forfeiture, or a related offense, and the facts and circumstances which you believe justify a return of the property, a return of your interest in the property, or a return of part of the property. For regulations pertaining to remission or mitigation of the forfeiture, see 28 C.F.R. Sections 9.1-9.9. The criteria for remission of the forfeiture are found at 28 C.F.R. Section 9.5(a). The criteria for mitigation of the forfeiture are found at 9.5(b). You should file the petition within thirty (30) days following receipt of the notice of seizure and intent to forfeit. Submit all documents to the nearest FBI Field Office, Attention: Forfeiture Paralegal Specialist. FBI locations and telephone numbers can be found in local telephone directories, through directory assistance with local telephone companies, or by calling (202) 324-3000. When submitting documentation, please reference the FBI Seizure Number. Under certain circumstances involving seizures based upon the possession of personal use quantities of a controlled substance, expedited release procedures are available under the Anti-Drug Abuse Act of 1988. See 28 C.F.R. Sections 8.17-8.22. **Legal notices regarding abandoned or unclaimed property in the custody of the FBI can be found at www.fbi.gov/legalnotices.htm.**

Legend of Federal Forfeiture Statutes: CSA = The Controlled Substances Act, Title 21, U.S.C., Section 881. BCS = Bulk Cash Smuggling into or out of the United States, Title 31, U.S.C., Section 5332. IGB = Prohibition of Illegal Gambling Businesses, Title 18, U.S.C., Section 1955.

**FIRST NOTICE**
**DEADLINE TO FILE CLAIM 03/11/2013**
**ASSET ID, APPRAISED VALUE, STATUTE CODE, DATE SEIZED SEIZED FROM, PLACE SEIZED**

**NORTHERN DISTRICT OF CALIFORNIA**
**3790-12-0093;** $5,265; CSA; 04/12/2012; Rodolfo Ambriz, 4250 Dublin Blvd; Seized by Alameda County Narcotics Task Force. FBI adopted seizure 06/11/12 San Francisco, CA. $5,264.83 in funds from Acct #05392-41325 held in the name of Rodolfo Ambriz at Bank of America, Dublin, CA

**DISTRICT OF CONNECTICUT**
**3520-11-0071;** $34,537; IGB; 04/28/2011; Richard Uva, 12 Arlington Rd, Unit #4, Stamford, CT; $34,537.00 U.S. Currency

**SOUTHERN DISTRICT OF INDIANA**
**3310-12-0041;** $3,500; CSA; 01/30/2012; Leon Marcel Curry, 919 Mechanic St, Apt. 207, Jeffersonville, IN; $3,500.00 U.S. Currency

**EASTERN DISTRICT OF LOUISIANA**
**3530-12-0046;** $5,000; CSA; 05/15/2012; Kenneth Martinez, 3100 block of Tulane Ave, New Orleans, LA; $5,000 U.S. Currency from his person

**DISTRICT OF MINNESOTA**
**3480-12-0087;** $1,204; CSA; 07/21/2012; Target store's parking lot, 1744 Suburban Ave, St. Paul, MN; $1,204.00 U.S. Currency seized from the person of Hector Rodriguez-Avalos a/k/a Jose Carlos Carreon

**DISTRICT OF NEW MEXICO**
**3210-12-0024;** $186,204; BCS; 03/21/2012; Las Cruces, NM; $186,204.00 U.S. Currency found in a gas tank seized from a 2000 Ford F250, VIN: 3FTNX21L0YMA62514, registered to and in the possession of Ricardo Torres

**WESTERN DISTRICT OF TEXAS**
**3770-12-0026;** $2,495; CSA;02/11/2012; Jonas Mendez Jr, 3614 Bill Price Rd, Del Valle, TX; $2,495.00 U.S. Currency

The Property listed above is NOT for sale. The FBI DOES NOT sell forfeited property and the FBI DOES NOT have information on property for sale.

# ATTENTION:
# FEDERAL FORFEITURE NOTICES

Federal forfeiture notices previously published in this space may now be found at www.forfeiture.gov

Department Of Justice
Federal Bureau Of Investigation

## PUBLIC NOTICES

The legal entity organised under English law Brambles Investment Limited, established in Addlestone, United Kingdom ("Brambles") announces that at its request the ruling of the Amsterdam Court of Appeal (Enterprise Chamber) dated 15 January 2013 was served by virtue of a notification dated 23 January 2013 of bailiff E. de Meij of office GGN upon the other holders (the "**Minority Shareholders**") of ordinary shares in the share capital of the public limited company IFCO Systems N.V., with its registered office in Amsterdam, the Netherlands ("IFCO"), including the following Minority Shareholders having no known residence or abode: James A. Beebe; Edward Bertaud; Brian John Bilyeu; Michelle Marie Fristach or Michelle Marie Fristachi; Michael D. Gilles and Cathy S. Gilles; the unknown joint heirs of Betty R. Hardin; Kimberly Ann Klien; J. Slay Murray Jr.; the unknown joint heirs of Orville Roberts; Suzanne F. Shuyler and Willem Thomas Vandeluyster. In this ruling, the Minority Shareholders are ordered to transfer their ordinary shares in the share capital of IFCO ("**Ordinary Shares**") by virtue of Section 2:92a Burgerlijk Wetboek (Dutch Civil Code) to Brambles. The notification states that the Enterprise Chamber set the price of one Ordinary Share to be transferred at EURO 14.19 per share and determined that (i) the price will be increased by the statutory interest (of currently 3% per annum) from the day of the judgment until the day of the transfer or the day of consignment and (ii) any distributions on each Ordinary Share that are made payable in the period referred to above will serve as partial payment of the price plus interest.

In addition, each Minority Shareholder that holds Ordinary Shares through the register held by New York Registrar and Transfer Agent c/o American Stock Transfer & Trust Company, LLC is called to transfer the unencumbered right to his Ordinary Shares before 19 April 2013 at 17:00 hours New York City time (the "**Mandatory Acquisition Date**") by contacting New York Registrar and Transfer Agent c/o American Stock Transfer & Trust Company, LLC Operations Center, Reorganization Department, P.O. Box 2042, New York, New York 10272-2042, phone (toll-free): (877) [illegible]-0417 or (718) 921-8317. Each Minority Shareholder that holds Ordinary Shares through a bank or broker is called to contact his bank or broker and arrange the transfer of his Ordinary Shares before the Mandatory Acquisition Date. Brambles will pay the Minority Shareholders in question the price plus interest in US dollars by sending a cheque no later than four business days after the Mandatory Acquisition Date. No costs charged by the bank, stockbroker or others will be reimbursed.

If these Ordinary Shares are not transferred as indicated above Brambles will pay the price plus interest for each of these Ordinary Shares into consignment with the Dutch consignment office in conformance with Section 2:92a (8) of the Dutch Civil Code. After consignment, the Minority Shareholders in question can only collect payment by sending a written request, including proof of their entitlement to the Ordinary Shares, to the Dutch consignment office. Copies of the notification and of the ruling can be obtained from Mr M. Nelemans, De Brauw Blackstone Westbroek N.V., Claude Debussylaan 80, 1082 MD Amsterdam.

BLACK CYAN MAGENTA YELLOW Composite P2JW025000-0-C00800-1--------XA



Send a release
Become a member Member sign in
For journalists For bloggers
Global sites

Search Advanced Search
Products & Services News Releases

Products & Services | Knowledge Center | Browse News Releases | Contact PR Newswire

See more news releases in Banking & Financial Services | Health Care & Hospitals | Medical Pharmaceuticals | Pharmaceuticals | Legal Issues | Legal Issues

# The law firms of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP announce pendency of class action in In re Schering-Plough Corporation / ENHANCE Securities Litigation

NEW YORK, Jan. 25, 2013 /PRNewswire/ --

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| **IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION** | Civil Action No. 08-397 (DMC) (JAD) |
|---|---|

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**

**To: All persons and entities that purchased or acquired Schering-Plough Corporation ("Schering") common stock, 6% mandatory convertible preferred stock maturing August 13, 2010 ("Preferred Stock"), or call options, and/or sold Schering put options, during the period between January 3, 2007 through and including March 28, 2008, and who did not sell their stock and/or options on or before December 11, 2007, and who were damaged thereby (the "Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that the above-captioned action (the "Action") has been certified as a class action.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THIS ACTION. A full printed Notice of Pendency of Class Action is currently being mailed to known Class Members. If you have not yet received a full printed Notice, you may obtain copies of this document by downloading it from www.scheringvytorinsecuritieslitigation.com or by contacting the Notice Administrator:

*In re Schering-Plough Corporation / ENHANCE Securities Litigation*
P.O. Box 3127
Portland, OR 97208-3127
(877) 854-4458

If you did not receive the Notice by mail, and you are and decide to remain a member of the Class, please send your name and address to the Notice Administrator so that if any further notices are disseminated in connection with the Action, you will receive them.

Inquiries, other than requests for the Notice, may be made to Class Counsel:

| Salvatore J. Graziano<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(800) 380-8496 | Christopher J. McDonald<br>**LABATON SUCHAROW LLP**<br>140 Broadway<br>New York, NY 10005<br>(212) 907-0700 |
|---|---|

If you are a Class Member, you have the right to decide whether to remain a member of the Class. ***If you choose to remain a member of the Class, you do not need to do anything at this time other than to retain your documentation reflecting your transactions and holdings in Schering common stock, Preferred Stock, and options during the period from January 3, 2007 through and including March 28, 2008.*** You will automatically be included in the Class. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the proceedings in the Action, including all past, present and future orders and judgments of the Court, whether favorable or unfavorable.

If you ask to be excluded from the Class, you will not be bound by any judgment in the Action, and you will not be eligible to receive a share of any money which might be recovered for the benefit of the Class. To exclude yourself from the Class, you must submit a written request for exclusion postmarked no later than March 1, 2013 in accordance with the instructions set forth in the full printed Notice. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action. The trial in the Action has been scheduled by the Court to begin on March 4, 2013.

Further information may be obtained by directing your inquiry in writing to the Notice Administrator.

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SOURCE United States District Court for the District of New Jersey

## More by this Source

The law firms of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. announce pendency of class action in In re Merck & Co., Inc. Vytorin / Zetia Securities Litigation
07:59 ET

View All News by this Source

## Featured Video

2013 North American International Auto Show Unveils 2014 Concepts

## Journalists and Bloggers

Visit **PR Newswire for Journalists** for releases, photos, ProfNet experts, and customized feeds just for Media.

View and download archived video content distributed by MultiVu on **The Digital Center**.



Next in Banking & Financial Services News

**Custom Packages**

Browse our custom packages or build your own to meet your unique communications needs.

Start today.

**PR Newswire Membership**

Fill out a PR Newswire membership form or contact us at (888) 776-0942.

**Learn about PR Newswire services**

Request more information about PR Newswire products and services or call us at (888) 776-0942.

About PR Newswire |Contact PR Newswire |PR Newswire's Terms of Use Apply |Careers |Privacy |Site Map |RSS Feeds |Blog
Copyright © 2013 PR Newswire Association LLC. All Rights Reserved.
A UBM plc company.
Dynamic Site Platform powered by Limelight Networks.

# Exhibit C

**Exhibit C**

***In re Schering-Plough Corporation / ENHANCE Securities Litigation,***
**Civil Action No. 08-397 (DMC)(JAD)**

**Requests for exclusion received as of March 14, 2013**

**1.** Wanda L. Sigler
Jacksonville, AR

**2.** Helen E. Kascin
Mountainside, NJ

**3.** John H. Duesbury
Platteville, WI

**4.** Evelyn M. Duesbury
Platteville, WI

**5.** Maurice Ledrappier
Chatham, NJ

**6.** Melinda G. Axel
c/o Paul Axel-Lute,
submitted by Paul Axel-Lute
South Orange, NJ

**7.** Paul Axel Lute ADM EST
Melinda G. Axel,
submitted by Paul Axel-Lute
South Orange, NJ

**8.** Louis B. Shader,
Sigrid Shader and
Evan Shader Gilliam
Orlando, FL

**9.** Louella Hill
Falmouth, KY

**10.** Frank J. Corradi, Jr.
Point Pleasant Beach, NJ

**11.** Florence L. Vail
Effingham, IL

**12.** David Cesarz
Scotch Plains, NJ

**13.** Estate of Marjorie Crosby
by Dorothy M. Fischesser, Executor
Gardner, MA

**14.** Hollis P. Behannon
Jasper, TX

**15.** Richard W. Stout
Bristol, IN

**16.** Estate of Stanley V. Hucko,
by Joyce A. Mauer, Executrix
Allentown, NJ

**17.** Adele D. Kaminski
Bloomfield, NJ

**18.** Wayne A. Viner
Lakeland, FL

**19.** Jan Nemec
Unterschleissheim, Germany

**20.** Lori K. Walswick
Vancouver, WA

**21.** Andrew Sylwestrowicz
Merrillville, IN

**22.** Faye Gwendolyn Knutson
and Estate of Alger Knutson
Clark, SD

**23.** Lidyann T. Spinola
Kettering, OH

**24.** Gary Chilton
Rockwall, TX

**25.** Hsien-Lin Su
Brookline, MA

**26.** Betsy G. Mabry
Anniston, AL

**27.** Phyllis D. Haynes
San Marcos, TX

**28.** Ellen R. Cline
Silver City, NM

**29.** Barbara R. Cohen
Pikesville, MD

**30.** Marcus D. Royal
Decatur, GA

**31.** Victor G. Hart
Stuart, FL

**32.** Kathleen Bockhold
Germantown, TN

**33.** Estate of Caroline Manfred,
by Elaine Lederman, Executor
Paramus, NJ

**34.** Sandra M. Dewyer
Bowling Green, OH

**35.** United Food Commercial Workers Local 1500 Pension Fund
Westbury, NY

**36.** Thomas J. Pitner
Hays, KS

**37.** Vernon L. Watkins and
Billie Don Watkins Jt Ten
Amarillo, TX

**38.** Estate of Helen J. Marotta,
by Ronald M. Marotta, Executor
Cranford, NJ

**39.** Ronald D. Marotta,
by Ronald M. Marotta, Attorney-in-Fact
Cranford, NJ

**40.** Estate of Albert Greenleaf Hutchins III,
by Linda Hutchins, Executor
Fairfax, VA

**41.** Government of Singapore Investment Corporation Pte Ltd.
Singapore

**42.** General Board of Pension and Health Benefits of The United Methodist Church
Glenview, IL

**43.** North Sound Capital LLC,
North Sound Legacy International, and
North Sound Legacy Institutional
Greenwich, CT

**44.** Colonial First State Investments Ltd.,
CFSIL- CFS Wholesale Indexed Global Share Fund,
Commonwealth Bank Officers Superannuation Corporation as Trustee Fund Officers Superannuation Fund - WGSS04,
CFSIL - Commonwealth Global Shares Fund 4,
Commonwealth Bank Officers Superannuation Corporation as Trustee Fund Officers Superannuation Fund - WGSS02,
Commonwealth Bank Officers Superannuation Corporation as Trustee Fund Officers Superannuation Fund - WTRA02,
CFSIL - Commonwealth Specialist Fund 13,
CFSIL- CFS Wholesale Geared Global Share Fund,
CFSIL ATF CMLA International Share Fund,
CFSIL - Commonwealth Global Shares Fund 6,
CFSIL- Commonwealth Global Shares Fund 2,
CFSIL - CFS Wholesale Acadian Global Equity Fund,
CFSIL- CFS Wholesale Global Health & Biotechnology Fund, and
CFSIL - CFS Wholesale Global Share Fund
Sydney, NSW
Australia

**45.** Monica Ioana Botocan
Bucarest, Romania

**46.** Fouad Chatila
Louisville, KY

**47.** Ingegerd M. Carlson
Camano Island, WA

**48.** Frank Boscarello
Oceanside, NY

**49.** Elizabeth W. Gallimore
Waynesboro, VA

#712063