## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (JAD) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF <u>LITIGATION EXPENSES</u>

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Salvatore J. Graziano
Adam H. Wierzbowski
Laura H. Gundersheim
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400

*Counsel for Lead Plaintiffs Arkansas Teacher Retirement System, Public Employees' Retirement System of Mississippi, Louisiana Municipal Police Employees' Retirement System and Co-Lead Counsel for the Class*

**LABATON SUCHAROW LLP**
Jonathan M. Plasse
Christopher J. McDonald
Stephen W. Tountas
140 Broadway
New York, NY 10005
Tel: (212) 907-0700

*Counsel for Lead Plaintiff Massachusetts Pension Reserves Investment Management Board and Co-Lead Counsel for the Class*

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700

*Liaison Counsel for the Class*

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................1

ARGUMENT ........................................................................................................2

I.      THE REACTION OF THE CLASS STRONGLY SUPPORTS
        APPROVAL OF THE SETTLEMENT, THE PLAN OF
        ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES
        AND EXPENSE AWARDS.............................................................................2

II.     THE OBJECTIONS SHOULD BE OVERRULED......................................5

    A.    The Ieni Objection to the Settlement ............................................................5

    B.    The Zeitz Objection to the Plan of Allocation ............................................9

    C.    The "Turkish" Objection to the Attorneys' Fee Request.......................... 11

CONCLUSION .................................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Aetna Inc. Sec. Litig.*,
No. Civ. A. MDL 1219, 2001 WL 20928 (E.D. Pa. Jan. 4, 2001) ......................5

*In re Am. Bus. Fin. Servs. Inc. Noteholders Litig.*,
No. 05-232, 2008 WL 4974782 (E.D. Pa. Nov. 21, 2008)..................................7

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
916 F. Supp. 2d 454 (S.D.N.Y. 2013) ..............................................................14

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................3

*Feder v. Elec. Data Sys. Corp.*,
248 Fed. App'x 579 (5th Cir. 2007) ..................................................................14

*In re Genta Sec. Litig.*,
No. 04-2123, 2008 WL 2229843 (D.N.J. May 28, 2008) ...................................4

*In re Gilat Satellite Networks, Ltd.*,
No. 02-1510, 2007 WL 1191048 (E.D.N.Y. Apr. 19, 2007).......................10, 11

*Girsh v. Jepson*,
521 F.2d 153 (3d Cir. 1975) ................................................................................3

*In re Global Crossing Sec. and ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004).................................................................10, 11

*Gunter v. Ridgewood Energy Corp.*,
223 F.3d 190 (3d Cir. 2000) ................................................................................3

*In re Initial Pub. Offering Sec. Litig.*,
No. 21 MC 92 (SAS), 2011 WL 3792825 (S.D.N.Y. Aug. 25, 2011) ..............14

*In re Lucent Techs. Inc. Sec. Litig.*,
No. 00-CV-621 (JAP), 2003 WL 25488396 (D.N.J. Dec. 15, 2003)..................7

*Maley v. Del Global Techs. Corp.*,
186 F. Supp. 2d 358 (S.D.N.Y. 2002) .................................................................4

*McCoy v. Health Net, Inc.*,
   569 F. Supp. 2d 448 (D.N.J. 2008) ...............................................................10, 11

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
   No. 02 MDL 1484(JFK), 2007 WL 4526593 (S.D.N.Y. 2007) .........................10

*Plymouth County Contributory Ret. Sys. v. Hassan,*
   No. 08-cv-1022, 2012 WL 664827 (D.N.J. Feb. 28, 2012) ..................................4

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
   962 F. Supp. 450 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998) ..................3

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
   177 F.R.D. 216 (D.N.J. 1999)..............................................................................6

*In re Schering-Plough Corp. ENHANCE ERISA Litig.*,
   No. 08-cv-1432, 2012 WL 1964451 (D.N.J. May 31, 2013) ...............................4

*In re Schering-Plough Corp. Sec. Litig.*,
   No. 01-CV-0829 (KSH/MF), 2009 WL 5218066 (D.N.J. Dec. 31, 2009)..........6

*In re Sprint Corp. ERISA Litig.*,
   443 F. Supp. 2d 1249 (D. Kan. 2006).................................................................10

*Stoetzner v. U. S. Steel Corp.*,
   897 F.2d 115 (3d Cir. 1990) ................................................................................3

*Sullivan v. DB Invs., Inc.*,
   667 F.3d 273 (3d Cir. 2011) ..............................................................................11

**STATUTES**

Fed. R. Civ. P. 23 ...................................................................................................14

15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7) ...................................................................6

Court-appointed Lead Plaintiffs and Court-appointed Co-Lead Counsel respectfully submit this reply memorandum of law in further support of Lead Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation (ECF No. 423) and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses, including the expenses of Lead Plaintiffs (ECF No. 424).

## PRELIMINARY STATEMENT

Lead Plaintiffs and Co-Lead Counsel are very pleased to advise the Court of the overwhelmingly positive reaction of the Class to the proposed Settlement and motion for fees and expenses.  More than 406,000 notice packets have been mailed to potential Class Members and summary notice was published in *The Wall Street Journal* and over the *PR Newswire* in accordance with the notice program directed by the Court in its Order Preliminarily Approving Proposed Settlement and Providing for Notice ("Preliminary Approval Order") (ECF No. 421).  *See* Supplemental Declaration of Stephanie A. Thurin Regarding (A) Mailing of the Settlement Notice and Proof of Claim; (B) Publication Notice; (C) Report on Opt-In Requests Received to Date; and (D) Report on Objections, ¶¶3-6 ("Thurin Supp. Decl.") submitted herewith.  The Aug. 5, 2013 deadline for objections has passed and we have received only three meritless objections: one directed at the Settlement and notice program on behalf of an ERISA Class Member who is not

eligible to participate in the proposed Settlement; one directed at a standard *de minimis* $10 threshold in the proposed Plan of Allocation; and one form objection directed at the attorneys' fee request by a serial objector.  ECF Nos. 429, 430, 431. No Class Member has objected to Co-Lead Counsel's or Lead Plaintiffs' expense request.  As discussed below, none of the objections are well-founded. Additionally, it is noteworthy that no public pension fund or other large institutional investor has objected to any aspect of the Settlement, the Plan of Allocation, or the request for attorneys' fees and expenses.

Lead Plaintiffs and Co-Lead Counsel respectfully submit that the lack of objections is compelling evidence that the Settlement, the Plan of Allocation, and the fee request are fair and reasonable and should be approved by the Court.

## ARGUMENT

### I.  THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND EXPENSE AWARDS

As set forth in Lead Plaintiffs' and Co-Lead Counsel's opening papers, the Third Circuit considers the "reaction of the class" an important factor in connection with the approval of a proposed class action settlement and a request for attorneys' fees and expenses.  *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000).

The fact that the Class's reaction to the proposed Settlement is

overwhelmingly positive is strong evidence that the Settlement is fair, adequate, and in the best interests of the Class.  "The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement . . ."  *In re Cendant Corp. Litig.,* 264 F.3d 201, 235 (3d Cir. 2001); *see also Stoetzner v. U. S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 537 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998) (small amount of negative responses to settlement favors approval). Significantly, not a single pension fund or other similar institution has objected to any aspect of the Settlement, the Plan of Allocation, or Co-Lead Counsel's fee and expenses request.[1]

Similarly, the fact that there is only one meritless objection to a standard term in the proposed Plan of Allocation provides additional strong support for the plan.  *See Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

---

[1]  As noted in the Expert Report of Chad Coffman, CFA (Feb. 7, 2011), at ¶97, "[f]rom the quarter end of June 30, 2006 to March 31, 2008, institutional holdings of Schering Common Stock ranged from 79% to 93% of the shares outstanding according to Capital IQ."  ECF No. 191-2.

Finally, it is also well recognized that minimal objections to a fee request represents powerful evidence that the request is fair.  *See, e.g., In re Schering-Plough Corp. ENHANCE ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451, at *6 (D.N.J. May 31, 2013) ("The lack of objections to the requested attorneys' fees supports the request, especially because the settlement class includes large, sophisticated institutional investors.") (quoting *Smith v. Dominion Bridge Corp.*, No. 96-7580, 2007 WL 1101272, at *8 (E.D. Pa. Apr. 11, 2007)); *Plymouth County Contributory Ret. Sys. v. Hassan,* No. 08-cv-1022, 2012 WL 664827, at *4 (D.N.J. Feb. 28, 2012) (same); *In re Genta Sec. Litig.*, No. 04-2123, 2008 WL 2229843, at *9 (D.N.J. May 28, 2008) ("The lack of meritorious objections in this action favors awarding the requested attorneys' fees."); *In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("the Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award").

Not only do the facts that there is only one objection to the Settlement (by an ERISA Class Member without an eligible claim here), one to a standard term in the Plan of Allocation, and one form objection to the request for attorneys' fees by a serial objector clearly support the requested relief, but as discussed below, each of those objections is without merit and should be rejected.

## II.     THE OBJECTIONS SHOULD BE OVERRULED

## A.     The Ieni Objection to the Settlement

Mary Ieni objects to the proposed Settlement based on a misunderstanding

of notice requirements and the process for arriving at a fair and reasonable

settlement amount.  ECF No. 430.

With respect to the notice program, Ms. Ieni states her belief that "[t]he class

is underrepresented" because she as well other retirees, past and present employees

of Schering "did not receive a proposed settlement notice." *Id*.  However, the law

specifically recognizes that direct notice may not reach every potential Class

Member, and that does not render the notice program infirm.  As this District Court

stated with respect to another settlement involving mailed and publication notice:

> [T]he fact that notice did not reach some class members, while
> unfortunate, does not alter the fact that such efforts constituted the
> best notice practicable. In spite of the occasional dead letter, the mode
> of dissemination of notice in this case was reasonably calculated to
> provide notice to the identifiable class members. That some class
> members may not have received notice evidences only that the
> extensive notice system was not perfect. Due process when viewed
> through the lens of objectivity does not require perfection.

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 234 (D.N.J.

1999).  Moreover, it appears from Ms. Ieni's objection that her purchases of

Schering stock were through the Company's Employees' Savings Plan

administered by Vanguard and, later, Fidelity, each of which was sent direct notice

by mail.  *See* Thurin Supp. Decl. ¶13 n.1.  The notice program approved here by

the Court was the same as programs approved in myriad cases and satisfied the requirements of all applicable laws and rules.[2]

With respect to Ms. Ieni's assertion that the Settlement Amount should be increased to account for all the potential claimants (*i.e.,* other plan participants) who she asserts will file claims if sent the settlement notice, this is based on a misunderstanding of the process of determining what a fair and reasonable settlement amount is. The reasonableness of a settlement amount is considered in light of likely recoverable damages which, in turn, is determined by the number of shares affected by the alleged misconduct; not by the number of persons who may

---

[2] *See, e.g., In re Schering-Plough Corp. Sec. Litig.*, No. 01-CV-0829, (KSH/MF), 2009 WL 5218066, at *1, *6 (D.N.J. Dec. 31, 2009) (finding that a settlement notice program identical that used here, including mailing to all class members who could be identified with reasonable effort and publication of a summary notice in *The Wall Street Journal* and over the *PR Newswire* satisfied the requirements of Rule 23 and due process); *In re Lucent Techs. Inc. Sec. Litig.*, No. 00-CV-621 (JAP), 2003 WL 25488395, at *1, *3 (D.N.J. Dec. 15, 2003) (approving settlement notice program consisting of mailing of notice to all class members at the addresses set forth in the records of the defendant or its transfer agent, or who otherwise could be identified through reasonable effort, together with publication in *The Wall Street Journal* and over the *PR Newswire* as "the best notice practicable under the circumstances and . . . in full compliance with the notice requirements of due process"); *In re Am. Bus. Fin. Servs. Inc. Noteholders Litig.*, No. 05-232, 2008 WL 4974782, at *10-*11 (E.D. Pa. Nov. 21, 2008) (approving similar notice program as satisfying due process and the Federal Rules of Civil Procedure).

have purchased those shares during the relevant period.[3]

As set forth in Lead Plaintiffs' opening papers, the Settlement was agreed to only after nearly five years of contested litigation, essentially on the eve of trial, after an extensive mediation process, and the Settlement Amount is the mediators' recommendation based on their extensive involvement in the process.  *See* Joint Declaration of Salvatore J. Graziano and Christopher J. McDonald in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Co-Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Joint Decl.") ¶¶121-125, ECF No. 423-2 and 424-2.  Moreover, as set forth in Lead Plaintiffs' opening papers, it is an extraordinary recovery for the Class.  *See* Joint Decl. ¶8.

Finally, it must be noted that if Ms. Ieni's only purchases of Schering stock were through the Employees' Savings Plan, as her objection seems to indicate, any claim that she may have had with respect to Vytorin, Zetia, and/or the ENHANCE trial (which are the subject of this Action) were released in the settlement of the ERISA action *In re Schering-Plough Corp. Enhance ERISA Litig.*, 08-1432 (DMC)

---

[3]  A damaged share may have turned over multiple times during a class period, in which case the damages attributable to that share would be allocated among the purchasers.

(D.N.J.) that was pending before this Court (the "ERISA Action").[4]

This Court's Order and Final Judgment in the ERISA Action, dated May 31,

2012 (ECF No. 141) approving the Class Action Settlement Agreement, dated as

of Feb. 9, 2012 (ECF No. 134), provides:

> Plaintiff Releasees are deemed to have, and by operation of the Judgment
> shall have, absolutely and unconditionally released and forever
> discharged the Defendant Releasees from the Released Claims . . ..

Judgment ¶13, *see* Ex. 2 Reply Decl.  Released Claims include:

> any and all actions, causes of action, claims, damages . . . losses . . .
> including both known and Unknown Claims . . . that have been or could
> have been asserted against any of the Defendant Releasees . . . from the
> beginning of time to the entry of the Final Order by or on behalf of
> Plaintiff Releasees or on behalf of the Plans in the Action that arise out
> of, are based upon, or relate in any way to . . . (b) any claims concerning
> Vytorin, Zetia, and/or the ENHANCE trial relating to shares purchased in
> the Plans.

Settlement Agreement ¶1.31, *see* Ex. 1 Reply Decl.  The release also applies to the

other Plan Participants to whom Ms. Ieni refers in her objection.

Based on the documentation submitted with her objection, Ms. Ieni appears

to be a member of the ERISA Class and, therefore, her source of compensation

---

[4]  The ERISA Class consists of: "all Participants and/or beneficiaries of the
Plans whose individual accounts included investments in the Schering-Plough
Common Stock Fund from April 19, 2007 through April 2, 2008."  Settlement
Agreement ¶1.41, *see* Ex. 1, annexed to the Reply Declaration of Christopher J.
McDonald, dated Aug. 13, 2013, ("Reply Decl.") submitted herewith.  The plans
included in the ERISA Action are the Schering-Plough Employees' Savings Plan
and the Schering-Plough Puerto Rico Employees' Retirement Savings Plan.  *Id*.
¶1.27.

with respect to these claims is through the $12.250 million settlement in the ERISA Action, not this Action.  Ms. Ieni's objection should be overruled.[5]

**B.    The Zeitz Objection to the Plan of Allocation**

William Zeitz objects to the fact that the Plan of Allocation includes a provision that the Net Settlement Fund will only be "allocated among all Authorized Claimants whose prorated payment is $10.00 or greater."  *See* Settlement Notice, ECF No. 423-5 at 14, Plan of Allocation ¶29.  Authorized Claimants with payments below $10.00 will not receive a distribution.  However, it is well recognized that such standard provisions are a necessary tool for controlling the costs of settlement administration and for ensuring that the amount of a claim check is not dwarfed by the administrative costs of mailing the check.

Courts, including within this District, routinely approve the use of *de minimis* provisions.  *See, e.g., McCoy v. Health Net, Inc.*, 569 F. Supp. 2d 448, 473 (D.N.J. 2008); *In re Global Crossing Sec. and ERISA Litig.,* 225 F.R.D. 436, 463 (S.D.N.Y. 2004); *In re Gilat Satellite Networks, Ltd.*, No. 02-1510, 2007 WL

---

[5]  Ms. Ieni's objection also discusses the various communications that she had with Vanguard, the former administrator of her retirement plan, Claims Administrator, Epiq, and Co-Lead Counsel in an effort to obtain transaction documentation.  Epiq provided her with information about what to request and who to contact.  *See* Thurin Supp. Decl. ¶¶11-16.  At the time of these communications, Epiq was not aware of the release in the ERISA Action.  Co-Lead Counsel have made several attempts to reach Ms. Ieni to discuss her objection and explain the situation and will continue to do so.  Ms. Ieni, as well as the other objectors, are being provided copies of this reply submission.

1191048 (E.D.N.Y. Apr. 19, 2007).[6] An essentially identical objection to a $10.00 *de minimis* was recently rejected by the Third Circuit in *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 328-29 (3d Cir. 2011) (finding "no abuse in the District Court's decision to approve the minimum claim payment threshold" and noting that "*de minimis* thresholds for payable claims are beneficial to the class as a whole since they save the settlement fund from being depleted by the administrative costs associated with claims unlikely to exceed those costs and courts have frequently approved such thresholds"). *See also McCoy*, 569 F. Supp. 2d at 473 (overruling objection) and *Global Crossing*, 225 F.R.D. at 463 (same).

As recognized by courts, "Class counsel are entitled to use their discretion to conclude that, at some point, the need to avoid excessive expense to the class as a whole outweighs the minimal loss to the claimants who are not receiving their de minimis amounts of relief." *Global Crossing*, 225 F.R.D. at 463; *see also Gilat*, 2007 WL 1191048, at *9 (discussing benefits of *de minimis* provisions). Co-Lead Counsel and Lead Plaintiffs considered the application of a *de minimis* amount and

---

[6] Courts also approve thresholds far in excess of $10. *See, e.g., In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 4526593, at *12 (S.D.N.Y. 2007) (approving a $50 threshold and noting that "minimum payouts in class action settlements . . . foster the efficient administration of the settlement"); *In re Sprint Corp. ERISA Litig.*, 443 F. Supp. 2d 1249, 1268 (D. Kan. 2006) ($25 de minimis "is fair and reasonable in order to preserve the Cash Settlement Fund from excessive and unnecessary expenses in the overall interests of the class as a whole").

decided that a $10.00 threshold would be acceptable.  Mr. Zeitz's objection should be overruled.

## C.   The "Turkish" Objection to the Attorneys' Fee Request

Attorney Forrest S. Turkish has filed an objection on behalf of "unnamed class members; the Orloff Family Trust DTD 12/13/01 and Dr. Marshall J. Orloff IRA R/O (collectively the "Turkish Objectors").  Mr. Turkish and the Orloffs are serial objectors.  In addition to the objection filed here, and the objection filed in *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, Civil Action No. 08-2177 (DMC)(JAD) (ECF No. 338), Mr. Turkish and/or the Orloff Family Trusts have submitted similar objections in at least ten other recent class action cases in this District and others.[7]  Indeed, this is their *5th objection* this year alone.  Their

---

[7]   *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, No. 07-cv-09901 (SHS) (S.D.N.Y. Mar. 15, 2013), ECF No. 226; *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.,* No. 09-MDL-2058 (PKC) (S.D.N.Y. Mar. 5, 2013), ECF No. 842; *In re Am. Int'l Grp. Sec. Litig.*, Master File No. 04-Civ-8141 (DAB)(AJP) (S.D.N.Y. Mar. 6, 2013), ECF No. 671; *In re Tremont Sec. Law, State Law & Ins. Litig.*, Master File No. 08-cv-11117 (TPG) (S.D.N.Y. May 11, 2011), ECF No. 464; *In re L.G. Philips LCD Co., Ltd. Sec. Litig.*, Civil Action No. 1:07-cv-00909-RJS (S.D.N.Y. Mar. 3, 2011), ECF No. 76; *In re Micron Tech, Inc. Sec Litig.*, Master File No. 1:06-cv-00085-S-WFD (D. Id. Jan. 19, 2011), ECF No. 173, *aff'd*, 484 F. App'x 138 (9th Cir. 2012); *In re Mercury Interactive Corp. Sec. Litig.*, No. 5:05-CV-3395-JF(PVT) (N.D. Cal. Jan. 13, 2011), ECF No. 401; *Brody v. Merck & Co.*, No. 12-cv-4774 (D.N.J. Jan. 31, 2013), ECF No. 27; *In re Ins. Brokerage Antitrust Litig.*, No. 04-cv-5184 (D.N.J. Aug. 30, 2011), ECF No. 1894; *In re Resort Condos. Int'l, LLC*, No. 06-cv-1222 (D.N.J. Nov. 20, 2009), ECF No. 453. *See* Reply Decl. Ex. 3 for copies of these objections.

objection is baseless, indeed, as discussed below, it appears to contain form errors left over from the "stock" objections that they regularly file.

As a threshold matter, the Turkish Objectors have completely ignored the requirements established by the Court for the submission of objections.  First, the objection purports to be on behalf of "unnamed class members".  Either this is a reflection of the fact that these objectors regularly "recycle" their objections without consideration of the facts of the case, or it reflects their disregard for the requirements set by the Court.  The Preliminary Approval Order requires, as is set forth in the Settlement Notice, that the objection "must state the name, address and telephone number of the person or entity objecting and must be signed by the objector."  Preliminary Approval Order ¶15; Settlement Notice Response to Question 23 at p. 17.  Additionally, even as to the "named" objectors, they have failed to provide documentation (*i.e.*, account statements, trading slips, etc.) "sufficient to prove the objector's membership in the Class," and they have failed to sign their objections.  *Id*.  To the extent Marshall Orloff is stating that the Claims Administrator "confirmed" his class membership, other than mailing the Settlement Notice, the Claims Administrator has not communicated with the Orloffs.  *See* Thurin Supp. Decl. ¶¶18-21.

Rule 23 of the Federal Rules of Civil Procedure provides that "[a]ny *class member* may object" to a proposed settlement.  *See In re Am. Int'l Grp., Inc. Sec.*

*Litig.*, 916 F. Supp. 2d 454, 459 (S.D.N.Y. 2013) (emphasis in original) (quoting Fed. R. Civ. P. 23(e)(5)).  "Because [the objector] is not a class member, it does not have an affected interest in the class Plaintiffs' claims against [the Defendants] to be able to assert its objections" and it is "therefore uncontested that the [objector] does not have standing under Rule 23 to object to the Settlement."  *Id.* (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 504 F.3d 229, 244 (2d Cir. 2007)).

There is ample precedent that bare assertions of class membership do not establish standing.  *See Feder v. Elec. Data Sys. Corp.*, 248 Fed. App'x 579, 581 (5th Cir. 2007) (holding that objector who produced no evidence to prove his class membership lacked standing to object to settlement, and stating that "[a]llowing someone to object to settlement in a class action based on this sort of weak, unsubstantiated evidence would inject a great deal of unjustified uncertainty into the settlement process"); *In re Initial Pub. Offering Sec. Litig.*, Master File No. 21 MC 92 (SAS), 2011 WL 3792825, at *2 (S.D.N.Y. Aug. 25, 2011) (finding unsigned, unsworn, unauthenticated tax form to be insufficient to establish class membership).  The Orloffs have waived their right to object.[8]

---

[8]  The Notice clearly states that "any member of the Class who does not object in the manner provided above [i.e., by submitting all the required information and documentation] ***will be deemed to have waived all objections*** to the Settlement, the Plan of Allocation and Co-Lead Counsel's application for

*(Cont'd)*

Even if the Court were to consider the objection, it is completely without merit and should be overruled.  Although styled as an objection to both the Settlement and the request for attorneys' fees, in fact the objection raises no issue with the Settlement and, to the extent it can be characterized as raising any issue, its contentions about the attorneys' fee request are without foundation.

The Turkish Objection is no more than a bald assertion that "the request is neither modest or reasonable," that "the billed charges are unreasonably high," and that there is no justification for a 1.3 multiplier.  ECF No. 431 at 3, 4.  In marked contrast to the substantial support presented in Co-Lead Counsel's opening papers demonstrating the reasonableness of the request both in terms of case law and the history of the litigation (*see* ECF Nos. 424-1, 424-2), the Turkish Objectors do not cite a single case or any facts in support of their contention.

The Turkish Objection is but another in these objectors' long line of meritless objections.  It has been recycled without regard to the facts and circumstances of this case.[9]  The objection should be rejected.

---

attorneys' fees and reimbursement of Litigation Expenses."  *See* ECF 423-5 at 18 (emphasis added).  *See also* Preliminary Approval Order ¶16.

[9]  For instance, the Turkish Objectors assert that Co-Lead Counsel's fee motion was not posted on the Settlement website.  This paragraph must be a holdover from another objection and/or is a further reflection of the lack of these objectors' interest in addressing the facts and circumstances of the cases as to which they object.  The fee motion -- including the supporting declarations -- was posted on July 3, 2013.  *See* Thurin Supp. Decl. ¶7; and Settlement website,

*(Cont'd)*

14

## **CONCLUSION**

For the reasons set forth herein and in Lead Plaintiffs' and Co-Lead

Counsel's initial memoranda of law and declarations in support of the motions,

Lead Plaintiffs and Co-Lead Counsel respectfully request that the Court approve

the proposed Settlement as fair, reasonable, and adequate, approve the proposed

Plan of Allocation, and approve Co-Lead Counsel's request for attorneys' fees and

reimbursement of litigation expenses (including those incurred by Lead Plaintiffs).

Dated: August 13, 2013                    Respectfully submitted,

                                          CARELLA, BYRNE, CECCHI,
                                          OLSTEIN, BRODY & AGNELLO, P.C.

                                          *Liaison Counsel for the Class*

                                          BY: /s/ James E. Cecchi
                                               JAMES E. CECCHI`

                                          Salvatore J. Graziano
                                          Adam H. Wierzbowski
                                          Laura H. Gundersheim
                                          BERNSTEIN LITOWITZ BERGER &
                                          GROSSMANN LLP
                                          1285 Avenue of the Americas
                                          New York, New York 10019
                                          Tel: (212) 554-1400
                                          Fax: (212) 554-1444

---

www.scheringvytorinsecuritieslitigation.com.  Indeed, these objectors did not even
get the name of the Court in which they were now filing their objection correct.
*See* caption to objection: "In the United States District Court **for the Southern**
District of New Jersey" (emphasis added).

*Counsel for Lead Plaintiffs Arkansas
Teacher Retirement System, Public
Employees' Retirement System of
Mississippi, Louisiana Municipal Police
Employees' Retirement System and Co-Lead
Counsel for the Class*

Jonathan M. Plasse
Christopher J. McDonald
Stephen W. Tountas
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

*Counsel for Lead Plaintiff Massachusetts
Pension Reserves Investment Management
Board and Co-Lead Counsel for the Class*

16