UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CLOSED**

| | |
|---|---|
| IN RE SCHERING-PLOUGH CORPORATION / ENHANCE SECURITIES LITIGATION | Civil Action No. 08-397 (DMC) (JAD) |

### JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re Schering-Plough Corporation / ENHANCE Securities Litigation*, Civil Action No. 08-397 (DMC) (JAD) (D.N.J.) (the "Action");

WHEREAS, by Orders dated September 25, 2012 and October 11, 2012, the Court certified the Action to proceed as a class action on behalf of all persons and entities that purchased or acquired Schering common stock, 6% mandatory convertible preferred stock maturing August 13, 2010 ("Preferred Stock"), or call options, and/or sold Schering put options, during the period between January 3, 2007 through and including March 28, 2008 (the "Class Period"), and who did not sell their stock and/or options on or before December 11, 2007, and who were damaged thereby (the "Class");[1]

---

[1] Excluded from the Class by definition are (a) Defendants; (b) members of the Immediate Families of the Individual Defendants; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who was a partner, executive officer, director, or controlling person of Schering, M/S-P or Merck & Co., Inc. (including any of their subsidiaries or affiliates), or any other Defendants; (e) any entity in which any Defendant has a controlling interest; (f) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class are any persons listed in Exhibit 1 hereto. For purposes of clarification, any Investment Vehicle (as defined in the Stipulation) shall not be deemed an excluded Person by definition.

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation and Agreement of Settlement dated June 3, 2013 (the "Stipulation");

WHEREAS, pursuant to this Court's Order entered December 28, 2012, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (a) the Action pending against the Defendants; (b) the Court's certification of the Action as a class action on behalf of the Court-certified Class; (c) the effect of remaining in the Class (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, (a) Lead Plaintiffs Arkansas Teacher Retirement System, the Public Employees' Retirement System of Mississippi, the Louisiana Municipal Police Employees' Retirement System, and the Massachusetts Pension Reserves Investment Management Board (collectively, "Lead Plaintiffs" or "Class Representatives"), on behalf of themselves and the Class; (b) Merck & Co., Inc. ("Merck" as defined in the Stipulation); and (c) Schering-Plough Corporation ("Schering" as defined in the Stipulation); Merck/Schering-Plough Pharmaceuticals ("M/S-P"); the Individual Defendants[2] (collectively, the "Schering-Related Defendants"); and the Underwriter Defendants[3] (together with the Schering-Related Defendants, the "Defendants")

---

[2] The "Individual Defendants" are Fred Hassan, Carrie S. Cox, Robert J. Bertolini, Steven H. Koehler, Susan Ellen Wolf, Hans W. Becherer, Thomas J. Colligan, C. Robert Kidder, Philip Leder, M.D., Eugene R. McGrath, Carl E. Mundy, Jr., Antonio M. Perez, Patricia F. Russo, Jack L. Stahl, Kathryn C. Turner, Robert F.W. van Oordt, and Arthur F. Weinbach.

[3] The "Underwriter Defendants" are ABN AMRO Rothschild LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated (as successor by merger to Banc of America Securities LLC), Banca IMI SpA, BBVA Securities Inc., Bear, Stearns & Co. Inc. (now J.P. Morgan Securities LLC), BNP Paribas Securities

entered into the Stipulation setting forth the terms and conditions of the Parties' proposed settlement (the "Settlement");

WHEREAS, by Order dated June 6, 2013 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members, including that summary notice be published once in the national edition of *The Wall Street Journal* and be transmitted once over the *PR Newswire*; (c) provided Class Members with the opportunity to (i) opt-back into the Class if they previously submitted a request for exclusion from the Class in connection with the Class Notice, or (ii) object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, Co-Lead Counsel have filed with the Court proof, by affidavit or declaration, of such mailing and publication of the Settlement Notice and Summary Settlement Notice of the proposed Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on October 1, 2013 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against all Defendants; and

---

Corp., BNY Capital Markets, Inc. (now BNY Mellon Capital Markets LLC), Citigroup Global Markets, Inc., Credit Suisse Securities (USA) LLC, Daiwa Securities America Inc. (now Daiwa Capital Markets America Inc.), Goldman, Sachs & Co., ING Financial Markets LLC, J.P. Morgan Securities Inc. (now J.P. Morgan Securities LLC), Mizuho Securities USA Inc., Morgan Stanley & Co. Incorporated (now Morgan Stanley & Co. LLC), Santander Investment Securities Inc., Utendahl Capital Partners, L.P., and The Williams Capital Group L.P.

WHEREAS, the Court has reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on June 4, 2013; and (b) the Settlement Notice and the Summary Settlement Notice, which were filed with the Court on July 3, 2013 and August 13, 2013, respectively.

3. **Settlement Notice** - The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the Settlement (including the Releases provided for therein), (ii) Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, (iv) their right to opt-back into the Class if they previously submitted a request for exclusion in connection with the Class Notice, and (v) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the

requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7), and all other applicable laws and rules.

4. **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against the Defendants and the other Defendants' Releasees; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is in all respects fair, reasonable, and adequate. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims against Defendants by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** - The terms of the Stipulation and of this Judgment shall be forever binding on and inure to the benefit of Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), and the Parties' respective Releasees, as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. Any Person listed on Exhibit 1 hereto shall not be bound by the terms of the Stipulation or this Judgment.

7. **Releases** - The Releases as set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraphs 8 and 9 below, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to paragraphs 8 and 9 below, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed each and every Released Defendants' Claim against all of the Class Representatives, all of the other Class Members, and all of the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Class Representatives, any of the other Class Members, or any of the other Plaintiffs' Releasees. This Release shall not apply to any Person listed on Exhibit 1 hereto.

8.      Notwithstanding ¶¶ 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.      Notwithstanding ¶¶ 7(a) – (b) above, nothing in this Judgment shall release any of the Excluded Claims (as that term is defined within paragraph 1(xx) of the Stipulation).

10.     **Complete Bar Order -**

(a)     Except as provided below, any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any claim for indemnity or contribution against any Defendant or any of the other Defendants' Releasees (or any other claim against Defendants or the other Defendants' Releasees where the alleged injury to such Person is that Person's actual or threatened liability to the Class or a Class Member in the Action), based upon, arising out of, or related to the Released Plaintiffs' Claims, whether arising under federal, state, local, or foreign law, or equity, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

(b)     Except as provided below, Defendants and each and every one of the other Defendants' Releasees are hereby permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting, or asserting any claim for indemnity or contribution against any Person (or any other claim against any such Person where the alleged injury to such Defendant or other Defendants' Releasee is that Defendant's or other Defendants' Releasee's actual or threatened liability to the Class or a Class Member in the Action) based upon, arising out of, or related to the Released Plaintiffs' Claims, whether arising under federal, state, local, or foreign law, or equity, as claims, cross-claims, counterclaims, or

third-party claims, whether asserted in the Action, in this Court, in any other federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

(c) Nothing in this Complete Bar Order shall prevent any Person listed on Exhibit 1 hereto from pursuing any Released Plaintiffs' Claim against any Defendant or any of the other Defendants' Releasees. If any such Person pursues any such Released Plaintiffs' Claim against any Defendants or any of the other Defendants' Releasees, nothing in this Complete Bar Order or in the Stipulation shall operate to preclude such Defendants or other Defendants' Releasees from asserting any claim of any kind against such Person, including any Released Defendants' Claims (or seeking contribution or indemnity from any Person, including any Defendant in the Action, in respect of the claim of such Class Member who is excluded from the Class pursuant to a request for exclusion).

(d) Nothing in this Complete Bar Order shall operate to release or alter the contractual rights, if any, (i) between or among the Underwriter Defendants under their applicable Agreement Among Underwriters relating to any offering of securities by Schering or Merck, or (ii) between the Underwriter Defendants, on the one hand, and Schering or Merck, on the other hand, under any applicable underwriter agreements with respect to any right of indemnification or contribution.

(e) Notwithstanding anything in sub-paragraphs 10(a)-(d) above, nothing in the Stipulation or in this Judgment (including but not limited to sub-paragraphs 10(a)-(d) above) shall operate to: (a) release any claim by Defendants or the other Defendants' Releasees for insurance or reinsurance coverage, or otherwise preclude Defendants or the other Defendants' Releasees from asserting any claims against their own insurers or reinsurers; or (b) preclude the

8

Individual Defendants or Director Defendants from asserting claims for contribution or indemnity against Merck in connection with or arising out of the Excluded Claims (as that term is defined within paragraph 1(xx) of the Stipulation).

11. **Rule 11 Findings** - The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Except as set forth in Paragraph 13 below, neither this Judgment, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation or any proceedings taken pursuant to them, shall be offered or received against the Parties or other Releasees for any purpose, and particularly:

(a) shall not be offered against any of the Defendants or any of the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or any of the other Defendants' Releasees with respect to the truth of any fact alleged by Class Representatives or the Class, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that was or could have been asserted, in this Action or in any litigation, or of any liability, negligence, fault, damages or other wrongdoing of any kind by any Defendant or any of the other Defendants' Releasees;

(b) shall not be offered against any of the Class Representatives, any of the other Class Members, or any of the other Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission with respect to any

liability, negligence, fault, or wrongdoing of any kind of the Class Representatives, any of the other Class Members, or any of the other Plaintiffs' Releasees;

(c) shall not be referred to for any reason against the Parties or other Releasees in any other civil, criminal, or administrative action or proceeding;

(d) shall not be construed against the Parties or other Releasees as an admission, concession, or presumption that the consideration given represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed against the Class Representatives, the other Class Members, or the other Plaintiffs' Releasees as an admission, concession, or presumption that any of their claims are without merit, that any of the Defendants or any of the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

13. Notwithstanding the foregoing, the Parties and other Releasees may file or refer to this Judgment, the Stipulation, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under the PSLRA, 15 U.S.C. §§ 77-1(f)(7), 78u-4(f)(7); (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Judgment. The Parties and other Releasees submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

14. **Retention of Jurisdiction** - Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment, and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** - Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and jointly adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination** - If the Effective Date does not occur, or the Settlement is terminated as provided in the Stipulation, then this Judgment (other than Paragraph 12) and any orders of the Court relating to the Settlement shall be vacated, rendered null and void, and be of no further force or effect, except as otherwise provided by the Stipulation. Within fourteen (14) business days after written notification of termination is sent by Merck's Counsel and Co-Lead

Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to the Merck entity and/or the Insurer(s) that paid any portion of the Settlement Amount in proportion to their contributions, pursuant to instructions to be provided by Merck to Co-Lead Counsel. Co-Lead Counsel shall return any attorneys' fees as set forth in ¶ 19 of the Stipulation. In the event that the funds received by Co-Lead Counsel consistent with ¶ 19 of the Stipulation have not been refunded to the Settlement Fund within the fourteen (14) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the Merck entity and/or the Insurer(s) that paid any portion of the Settlement Amount in proportion to their contributions, pursuant to instructions to be provided by Merck to Co-Lead Counsel, immediately upon their deposit into the Escrow Account consistent with ¶ 19 of the Stipulation. This provision may be enforced by Merck and/or the Insurer(s) that paid any portion of the Settlement Amount.

18. **Entry of Final Judgment** - There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this ___/___ day of _____, 2013.

_____
The Honorable Dennis M. Cavanaugh
United States District Judge

# 716305

# EXHIBIT 1

## Persons Excluded from the Class Pursuant to Request

1.  Wanda L. Sigler
    Jacksonville, AR

2.  Helen E. Kascin
    Mountainside, NJ

3.  John H. Duesbury
    Platteville, WI

4.  Evelyn M. Duesbury
    Platteville, WI

5.  Maurice Ledrappier
    Chatham, NJ

6.  Melinda G. Axel
    c/o Paul Axel-Lute,
    submitted by Paul Axel-Lute
    South Orange, NJ

7.  Paul Axel Lute ADM EST
    Melinda G. Axel,
    submitted by Paul Axel-Lute
    South Orange, NJ

8.  Louis B. Shader,
    Sigrid Shader and
    Evan Shader Gilliam
    Orlando, FL

9.  Louella Hill
    Falmouth, KY

10. Frank J. Corradi, Jr.
    Point Pleasant Beach, NJ

11. Florence L. Vail
    Effingham, IL

12. David Cesarz
    Scotch Plains, NJ

13. Estate of Marjorie Crosby
    by Dorothy M. Fischesser, Executor
    Gardner, MA

14. Hollis P. Behannon
    Jasper, TX

15. Richard W. Stout
    Bristol, IN

16. Estate of Stanley V. Hucko,
    by Joyce A. Mauer, Executrix
    Allentown, NJ

17. Adele D. Kaminski
    Bloomfield, NJ

18. Wayne A. Viner
    Lakeland, FL

19. Jan Nemec
    Unterschleissheim, Germany

20. Lori K. Walswick
    Vancouver, WA

21. Andrew Sylwestrowicz
    Merrillville, IN

22. Faye Gwendolyn Knutson
    and Estate of Alger Knutson
    Clark, SD

23. Lidyann T. Spinola
    Kettering, OH

24. Gary Chilton
    Rockwall, TX

25. Hsien-Lin Su
    Brookline, MA

26. Betsy G. Mabry
    Anniston, AL

27. Phyllis D. Haynes
    San Marcos, TX

28. Ellen R. Cline
    Silver City, NM

29. Barbara R. Cohen
    Pikesville, MD

30. Marcus D. Royal
    Decatur, GA

31. Victor G. Hart
    Stuart, FL

32. Kathleen Bockhold
    Germantown, TN

33. Estate of Caroline Manfred,
    by Elaine Lederman, Executor
    Paramus, NJ

34. Sandra M. Dewyer
    Bowling Green, OH

35. United Food Commercial Workers Local 1500 Pension Fund
    Westbury, NY

36. Thomas J. Pitner
    Hays, KS

37. Vernon L. Watkins and
    Billie Don Watkins Jt Ten
    Amarillo, TX

38. Estate of Helen J. Marotta
    by Ronald M. Marotta, Executor
    Cranford, NJ

39. Ronald D. Marotta,
    by Ronald M. Marotta, Attorney-in-Fact
    Cranford, NJ

40. Estate of Albert Greenleaf Hutchins III,
    by Linda Hutchins, Executor
    Fairfax, VA

41. Government of Singapore Investment Corporation Pte Ltd.
    Singapore

42. General Board of Pension and Health Benefits of The United Methodist Church
    Glenview, IL

43. North Sound Capital LLC,
    North Sound Legacy International, and
    North Sound Legacy Institutional
    Greenwich, CT

44. Colonial First State Investments Ltd.,
    CFSIL- CFS Wholesale Indexed Global
        Share Fund,
    Commonwealth Bank Officers
        Superannuation Corporation as Trustee
        Fund Officers Superannuation
        Fund - WGSS04,
    CFSIL - Commonwealth Global Shares
        Fund 4,
    Commonwealth Bank Officers
        Superannuation Corporation as Trustee
        Fund Officers Superannuation
        Fund - WGSS02,
    Commonwealth Bank Officers
        Superannuation Corporation as Trustee
        Fund Officers Superannuation
        Fund - WTRA02,
    CFSIL - Commonwealth Specialist Fund 13,
    CFSIL- CFS Wholesale Geared Global
        Share Fund,
    CFSIL ATF CMLA International Share
        Fund,
    CFSIL - Commonwealth Global Shares
        Fund 6,
    CFSIL- Commonwealth Global Shares
        Fund 2,
    CFSIL - CFS Wholesale Acadian Global
        Equity Fund,
    CFSIL- CFS Wholesale Global Health &
        Biotechnology Fund, and
    CFSIL - CFS Wholesale Global Share Fund
    Sydney, NSW
    Australia

45. Monica Ioana Botocan
    Bucarest, Romania

46. Fouad Chatila
    Louisville, KY

47. Ingegerd M. Carlson
    Camano Island, WA

48. Frank Boscarello
    Oceanside, NY

49. Elizabeth W. Gallimore
    Waynesboro, VA

50. Ann Polites
    Charleston, WV

51. Irma Warmhoff
    Hopkins, MI

15